Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>        Plaintiff,<br><br>    vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>        Defendant. | Case No. 5:24-cv-01321-VKD<br><br>**NON-PARTY FDIC-C'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIALS FILED IN CONNECTION WITH PLAINTIFF'S COMPLAINT** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3), non-party Federal Deposit Insurance Corporation, in its corporate capacity (**FDIC-C**), respectfully submits this statement in response to Plaintiff SVB Financial Group's (**SVBFG's**) Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. No. 4). SVBFG's Complaint (Dkt. No. 1) contains 231 paragraphs, one of which (paragraph 52) includes information designated "Highly Confidential" by FDIC-C under the protective order (**Protective Order**) entered in SVBFG's Chapter 11 proceeding. *In re SVB Fin. Grp.*, No. 23-10367-MG (Bankr. S.D.N.Y.), ECF No. 428.

Non-party FDIC-C hereby requests that the Court continue to seal the "Highly Confidential" information in paragraph 52 of SVBFG's Complaint. The information at issue is the alleged amount of advance dividend authorized by the Board of Directors of FDIC-C on March 10, 2023, for depositors of Silicon Valley Bank after the Bank was initially put into receivership. *See* Compl. ¶ 52. That alleged amount is confidential financial information derived from agency examinations of Silicon Valley Bank. This information is shielded from public disclosure under the bank examination privilege and federal regulation. Denial of sealing would materially injure both FDIC-C and the public interest by creating expectations about advance dividends in future bank failures that may not be warranted. The information sought to be sealed is limited—two figures in one paragraph of a 231-paragraph complaint—and there is no less restrictive alternative to sealing.

In sum, the limited material that should be sealed is as follows:

| Portion of Document Sought to be Sealed | Reasons for Sealing |
| --- | --- |
| Figures in paragraph 52 of SVBFG's Complaint | The bank examination privilege and federal regulation protect the information at issue from public disclosure |

## II. HIGHLY CONFIDENTIAL INFORMATION IN PARAGRAPH 52 OF SVBFG'S COMPLAINT SHOULD REMAIN UNDER SEAL

While court filings are presumptively public, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade

secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Courts have long recognized the important public policy protecting bank examination materials from public disclosure. *See, e.g.*, *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995) (courts have long afforded "agency opinions and recommendations and banks' responses thereto" a qualified protection from disclosure); *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992) ("Courts have long recognized that the report of a bank examiner is protected by a qualified privilege.").

Here, non-party FDIC-C seeks to maintain under seal the alleged amount of the advance dividend authorized on March 10, 2023, for depositors of Silicon Valley Bank. *See* Compl. ¶ 52. The alleged information is an internal agency recommendation that derives from agency examinations of confidential information about Silicon Valley Bank. Such information is protected from public disclosure by the bank examination privilege. *See, e.g.*, *SEC v. Lent*, 2006 WL 8434734, at *9 (N.D. Cal. 2006) (granting motion to seal documents protected by bank examination privilege); *Erhart v. BofI Federal Bank*, 2019 WL 4534701, at *3 (S.D. Cal. 2019) (same). This information is also confidential under federal regulations. Specifically, 12 C.F.R. § 309.5(g)(4) exempts from disclosure "[t]rade secrets and commercial or financial information obtained from a person that is privileged or confidential." And 12 C.F.R. § 309.5(g)(8) exempts from disclosure "[r]ecords that are contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of the FDIC or any agency responsible for the regulation or supervision of financial institutions." Absent FDIC-C's prior written approval, these exempt materials must be maintained in strict confidence. *See* 12 C.F.R. § 309.6. There are thus compelling reasons to keep this information under seal. *See FDIC v. Jones*, 2015 WL 4275961, at *2 (D. Nev. July 14, 2015) (holding that FDIC-C materials dealing with bank examination should remain under seal).

Denial of sealing would result in significant injury to FDIC-C and to the public interest. Publication of this information could create expectations in the market about advance dividends in future bank failures that may not be warranted. That could result in moral hazard and undermine the stability and soundness of the nation's banking system.

Finally, there is no less restrictive alternative to sealing this information in paragraph 52. The information sought to be sealed is minimal: two figures in one paragraph of a 231-paragraph complaint. There is no way to seal less while still protecting the confidential information at issue. Nor is there any way to protect the confidential information at issue and avoid the harms discussed above through an alternative to sealing.

### III.   CONCLUSION

For the foregoing reasons, FDIC-C respectfully requests that the Court maintain under seal the redacted information in paragraph 52 of SVBFG's complaint.

Dated: March 15, 2024

Respectfully submitted,

*/s/ Emily Kapur*

Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

*Counsel to Non-Party Federal Deposit Insurance Corporation (in its corporate capacity)*