Raymond A. Cardozo, Esq. (Bar No. 173263)
Emily F. Lynch, Esq. (Bar No. 324055)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: +1 415 391 8269
E-mail: rcardozo@reedsmith.com
E-mail: elynch@reedsmith.com

Casey D. Laffey, Esq. (admitted *pro hac vice*)
Kurt F. Gwynne, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: claffey@reedsmith.com
E-mail: kgwynne@reedsmith.com

Derek J. Baker, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
Three Logan Square,
Suite 3100, 1717 Arch Street,
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
Email: dbaker@reedsmith.com

*Counsel to the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>Defendant. | Case No. 5:24-cv-01321-BLF<br><br>**STATEMENT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK REGARDING ITS DEFENSIVE SETOFF RIGHTS AGAINST SVB FINANCIAL GROUP**<br><br>The Hon. Beth L. Freeman |

On March 5, 2024, SVB Financial Group ("SVBFG") filed a complaint ("Complaint") against the Federal Deposit Insurance Corporation ("FDIC") as receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. ("FDIC-R2," together with FDIC-R1, the "FDIC-Rs"), thereby commencing civil action Case No. 5:24-cv-01321 ("Action").

In the Complaint, SVBFG erroneously claims "FDIC-R1 has been unable to substantively identify any basis for its alleged right to 'setoff' for nearly a year." Complaint ¶ 94. This is wrong. FDIC-R1 has been steadfast in its position that the mandatory, exclusive claims process under Title 12 of the U.S. Code and *this Court*—not the United States Bankruptcy Court for the Southern District of New York—were the appropriate fora for FDIC-R1 to raise its defensive setoff rights and have the amounts thereof determined. 12 U.S.C. § 1821(d)(6)(A); Complaint ¶¶ 34 & 37.[1]

Now, to further correct the record and address SVBFG's misstatements to the Court, FDIC-R1 respectfully files this Statement to identify briefly certain defensive setoffs rights that FDIC-R1 intends to raise, at the appropriate time, in this Action. This Court has exclusive jurisdiction to

---

[1] SVBFG made specious arguments that the FDIC-R1 submitted to the Bankruptcy Court's jurisdiction. *See, e.g., Caires v. FDIC*, 2017 U.S. Dist. LEXIS 58714, *13 (S.D.N.Y. April 17, 2017) (plaintiff incorrectly alleged that the FDIC manifested consent to the court's jurisdiction, but "[i]n any event, the plaintiff is incorrect that the FDIC could consent to this Court's jurisdiction"). Mindful of SVBFG's arguments, FDIC-R1 made the prudent decision not to engage with SVBFG in the Bankruptcy Court regarding FDIC-R1's defensive setoff rights. As a courtesy so the Bankruptcy Court remains aware of the status of this Action, FDIC-R1 will file a copy of this document in the Bankruptcy Court and the United States District Court for the Southern District of New York, where a similar action is pending notwithstanding this Court's exclusive jurisdiction.

- 1 -

STATEMENT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, REGARDING ITS DEFENSIVE SETOFF RIGHTS AGAINST SVB FINANCIAL GROUP
Case No. 5:24-cv-01321-BLF

adjudicate SVBFG's claims and the FDIC-Rs' defenses thereto. *See, e.g.,* 12 U.S.C. § 1821(d)(6)(A). This summary is not intended as an exhaustive list and/or description of FDIC-R1's defensive setoff rights and FDIC-R1 reserves all rights, including the right to supplement and/or amend the list of defensive setoffs and the descriptions thereof. Moreover, the FDIC-Rs file this Statement without waiver of the arguments in its forthcoming motion to dismiss the Complaint, which should be resolved before an answer by the FDIC-R is even necessary.

## PRELIMINARY STATEMENT

The FDIC's statutory mission is to maintain stability and public confidence in the nation's financial system. When an insured depository institution ("IDI") like Silicon Valley Bank ("SVB") fails, the FDIC is appointed receiver. As receiver, FDIC-R1 assumed responsibility for maximizing the recovery from the disposition of SVB's assets and minimizing the loss realized in the resolution of claims in the receivership. FDIC-R1 will distribute proceeds from the failed IDI's assets to the receivership's creditors, including depositors, according to priorities set by law. To accomplish these goals, FDIC-R1 assumed SVB's assets, including its claims and defenses, and conducted an exclusive, mandatory claims process established by law. *See* 12 U.S.C. § 1821(d)(3)-(13).[2]

SVBFG, the parent holding company of SVB, filed three claims in FDIC-R1's mandatory claims allowance process, including a deposit claim in the approximate amount of $1.93 billion.[3] Upon

---

[2] When exercising its responsibilities as receiver, the FDIC is not subject to the direction or supervision of any other agency or department of the United States or any State. 12 U.S.C. § 1821(c)(2)(C); *see also* 12 U.S.C. § 1821(j) (prohibiting orders restraining or affecting the exercise of powers or functions of the FDIC, as receiver).

[3] SVBFG filed similar claims with FDIC-R2. FDIC-R2 intends to seek dismissal of all claims.

the denial of those claims, SVBFG commenced this Action in this Court, which has exclusive jurisdiction over SVBFG's claims. *See* 12 U.SC. § 1821(d)(6)(A).

## STATUTORY REDUCTION OF SVBFG'S DEPOSIT CLAIM

Any SVBFG deposit claim remaining after application of FDIC-R1's defensive setoff rights must be reduced pursuant to 12 U.S.C. § 1821(i)(2). Section 1821(i)(2) provides that the maximum liability of the FDIC as receiver to any person having a claim against the receiver or a failed bank "shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution without" invocation of the systemic risk exception under Section 1823 of Title 12 of the U.S. Code. *See* 12 U.S.C. § 1821(i)(2). Without regard to FDIC-R1's defensive setoff rights, FDIC-R1 believes that SVBFG's claim amount determined under section 1821(i)(2) would be significantly less than the amount sought by SVBFG.

## NON-EXHAUSTIVE BASES FOR THE FDIC-R1'S DEFENSIVE SETOFF RIGHTS

The following is a non-exhaustive list of FDIC-R1's defensive setoff rights against SVBFG as well as a brief summary of the bases for such setoff rights.

**A.   SVBFG Aided and Abetted and Conspired in Breaches of Fiduciary Duties by SVB's Directors and Officers, Which Resulted in Damages in an Amount that Exceeds SVBFG's $1.93 Billion Deposit Claim.**

SVBFG aided and abetted and conspired in breaches of fiduciary duties by SVB's directors and officers with respect to at least the following matters and in at least the following ways:

- Held-to-Maturity securities portfolio mismanagement, including, but not limited to, purchasing long-dated government securities in a rising interest rate environment and allowing risky over-concentrations in such investments to increase SVBFG's stock

price and management compensation to the detriment of SVB. Estimated damages are at least $5 billion.

- Available-for-Sale ("AFS") securities portfolio mismanagement, including, but not limited to, failing to properly hedge and improperly removing interest rate hedges to increase SVBFG's stock price and management compensation to the detriment of SVB. Had the AFS securities portfolio been hedged properly, SVB would have been protected against losses from rising interest rates. Estimated damages are at least $725 million.

- Payment of improper dividends by SVB to SVBFG at a time when SVB was experiencing financial distress and was in need of liquidity. Estimated damages are at least $294 million.

- Sale of equity warrants by SVB to SVBFG at below fair market value prices. Estimated damages are at least $130 million.

FDIC-R1 does not seek an affirmative recovery. FDIC-R1 seeks only to assert defensive setoff rights against SVBFG's $1.93 billion deposit claim.

**B.   Unjust Enrichment, Breach of California Corporate Code and Fraudulent Transfer.**

With respect to the improper payment of dividends noted above, FDIC-R1 also has setoff rights against SVBFG based on other theories, including, but not limited to, unjust enrichment, breach of California Corporate Code §§ 500-501, fraudulent transfer, and aiding and abetting (and conspiring to make) a fraudulent transfer. Estimated damages are at least $294 million.

With respect to the sale of equity warrants at below fair market value noted above, FDIC-R1 also has setoff rights against SVBFG based on other theories, including, but not limited to, unjust

enrichment, money had and received, fraudulent transfer, and aiding and abetting (and conspiring to make) a fraudulent transfer. Estimated damages are at least $130 million.

### C.     Tax Refunds Held in Trust for FDIC-R1

SVBFG has received (and may receive in the future) tax refunds required to be held *in trust* for, and promptly delivered to, FDIC-R1 under a tax allocation agreement (and applicable law). FDIC-R1 *owns* such tax refunds. FDIC-R1 reserves all of its rights and remedies against SVBFG (including, without limitation, setoff) and its officers, directors, or other representatives and agents, with respect to any such refunds that SVBFG has converted, dissipated, or otherwise failed to deliver to FDIC-R1.

### **RESERVATION OF RIGHTS**

By providing this summary, FDIC-R1 does not (i) limit the nature, basis or amount of any defensive setoff rights, (ii) waive or release any other defensive setoff rights, (iii) commit to assert, or not to assert, any defensive setoff rights, whether or not listed or described herein, (iv) suggest that any of FDIC-R1's setoff rights can be adjudicated in any forum other than this Action. For the avoidance of doubt, nothing herein is, or should be interpreted as, a waiver of, or limitation on, any setoff rights available to the FDIC-Rs as its investigation of this matter is ongoing.

///
///
///

STATEMENT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK REGARDING ITS DEFENSIVE SETOFF RIGHTS AGAINST SVB FINANCIAL GROUP
Case No. 5:24-cv-01321-BLF

Dated:  May 2, 2024

REED SMITH LLP

*/s/ Raymond A. Cardozo*
Raymond A. Cardozo, Esq. (Bar No. 173263)
Emily F. Lynch, Esq. (Bar No. 324055)
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: +1 415 391 8269
E-mail: rcardozo@reedsmith.com
E-mail: elynch@reedsmith.com

-and-

Casey D. Laffey, Esq. (*admitted pro hac vice*)
Kurt F. Gwynne, Esq. (*admitted pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: claffey@reedsmith.com
E-mail: kgwynne@reedsmith.com

-and-

Derek J. Baker, Esq. (*admitted pro hac vice*)
1717 Arch Street
Three Logan Square, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: dbaker@reedsmith.com

*Counsel to the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank*

- 6 -
STATEMENT OF THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK REGARDING ITS DEFENSIVE SETOFF RIGHTS AGAINST SVB FINANCIAL GROUP
Case No. 5:24-cv-01321-BLF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this May 2, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

/s/ Raymond A. Cardozo