Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

*Attorneys for Plaintiff SVB Financial Group*

Raymond A. Cardozo, Esq. (SBN 173263)
Emily F. Lynch, Esq. (SBN 324055)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
E-mail: rcardozo@reedsmith.com
E-mail: elynch@reedsmith.com

Derek J. Baker, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
Three Logan Square,
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: dbaker@reedsmith.com

Casey D. Laffey, Esq. (admitted *pro hac vice*)
Kurt F. Gwynne, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: claffey@reedsmith.com
E-mail: kgwynne@reedsmith.com

*Counsel to the Federal Deposit Insurance
Corporation, as Receiver for Silicon Valley
Bank and Silicon Valley Bridge Bank, N.A.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                          Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A,<br><br>                          Defendant. | Case No. 5:24-cv-01321-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>The Hon. Beth L. Freeman |

SULLIVAN &
CROMWELL LLP

Pursuant to Fed. R. Civ. P. 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Standing Order, Plaintiff SVB Financial Group ("SVBFG") and Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. ("FDIC-R2," and collectively with FDIC-R1, the "FDIC-Rs" and the FDIC-Rs together with SVBFG, the "Parties") jointly submit this Joint Case Management Statement and Rule 26(f) Report.

**1.    Jurisdiction and Service.**  The FDIC-Rs were served on March 10, 2024.  The FDIC-Rs do not dispute personal jurisdiction or venue in this matter.  As set forth in the FDIC-R1 and FDIC-R2's Notice of Motion and Motion to Dismiss that was filed on May 10, 2024 (ECF No. 33), the FDIC-Rs dispute subject matter jurisdiction as follows: The Court lacks subject matter jurisdiction of Counts II (estoppel), III (turnover), V (California Financial Code), VI (National Bank Act), VII (declaratory judgment), and VIII (Takings claim under the U.S. Constitution) because SVBFG failed to assert such claims in the FDIC-Rs' claim processes.  The Court lacks subject matter jurisdiction of Count VIII (Takings claim under the U.S. Constitution) because the Federal Court of Claims has exclusive jurisdiction of such claim.  (ECF No. 33.)

**2.    Facts**

    **a.    SVBFG's Statement of the Facts.**  On March 12, 2023, the Secretary of the Treasury, Janet Yellen, upon the unanimous recommendation of the boards of the Federal Reserve and the FDIC and after consultation with the President of the United States, invoked the systemic risk exception under 12 U.S.C. § 1823(c)(4)(G) to "fully protect[] all depositors" of Silicon Valley Bank ("SVB"), including SVBFG.  The Secretary of the Treasury's invocation of the systemic risk exception imposed upon the FDIC an obligation to give all depositors full access to their deposit funds, including SVBFG's approximately $2.1 billion in deposits.  Following the invocation of the systemic risk exception, the FDIC transferred all deposits—both insured and uninsured, and including all of SVBFG's deposits—to a newly created bank, Silicon Valley Bridge Bank, N.A. ("Bridge Bank").  On March 13, 2023, SVBFG was given full access to its deposits at Bridge Bank, and over the next three days, withdrew almost $200 million in funds.  On or around March 16, 2023, however, without any warning or notice to SVBFG, FDIC-Rs, in conjunction and/or with the approval of FDIC-C, withheld and blocked SVBFG's access to, and continues

1   to withhold and block SVBFG's access to, the remaining $1,933,805,708.13 in SVBFG's accounts (the

2   "<u>Account Funds</u>"), plus earnings on the Account Funds, in derogation of the March 12, 2023 invocation

3   of the systemic risk exception.

4       **b.    FDIC-Rs' Statement of the Facts.**   On March 10, 2023, the California Department of

5   Financial Protection and Innovation closed SVB and appointed FDIC-R1 as receiver for SVB.  On March

6   17, 2023 (the "<u>Petition Date</u>"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11

7   of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern

8   District of New York (the "<u>Bankruptcy Court</u>").   On January 5, 2024, FDIC-R1 disallowed SVBFG's

9   claim on account of its deposits (the "Deposit Claim") and its other claims asserted in the SVB

10  receivership claims process because they were "not proven to the satisfaction of the receiver due to the

11  receiver's defenses.  All other claims are denied as speculative, unsupportable, or otherwise not proven to

12  the satisfaction of the receiver."  On that same day, FDIC-R2 disallowed SVBFG's Deposit Claim asserted

13  in the Bridge Bank receivership because it was "not proven to the satisfaction of the receiver because it is

14  not a liability of the FDIC as receiver for Silicon Valley Bridge Bank" and disallowed all other claims "as

15  speculative, unsupportable, or otherwise not proven to the satisfaction of the receiver."  On March 5, 2024,

16  the Debtor filed a Complaint against the FDIC-Rs in the United States District Court for the Northern

17  District of California, thereby commencing Case No. 5:24-cv-01321, styled *SVB Financial Group v.*

18  *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge*

19  *Bank, N.A.*  As indicated below, FDIC-Rs moved to dismiss the Complaint, except for a portion of Count I

20  (Breach of Contract against FDIC-R1).  To the extent SVBFG's claims (including a portion of Count I)

21  survive the motion to dismiss, SVBFG is not entitled to receipt of the demanded $1.93 billion because

22  SVBFG caused SVB to incur losses significantly in excess of that amount to SVB resulting from: (i) Held-

23  to-Maturity ("<u>HTM</u>") securities portfolio mismanagement, including, but not limited to, purchasing long-

24  dated government securities in a rising interest rate environment and allowing risky over-concentrations

25  in such investments to increase SVBFG's stock price and management compensation to the detriment of

26  SVB; (ii) Available-for-Sale ("<u>AFS</u>") securities portfolio mismanagement, including, but not limited to,

27  failing to properly hedge and improperly removing interest rate hedges to increase SVBFG's stock price

28  and management compensation to the detriment of SVB; (iii) payment of improper dividends by SVB to

SVBFG at a time when SVB was experiencing financial distress and was in need of liquidity; and (iv) sale of equity warrants by SVB to SVBFG at below fair market value prices  Accordingly, any claim that SVBFG asserts is subject to offset on account of losses it caused SVB to incur.

3.     **Legal Issues**

      a.     **SVBFG's Statement of the Legal Issues.**  This case presents the following issues:

            **i.**     Whether the FDIC-Rs may act in a manner inconsistent with the Secretary of the Treasury's invocation of the systemic risk exception to "fully protect[] all depositors" of SVB, by refusing to restore to SVBFG its Account Funds;

            **ii.**     Whether the invocation of the systemic risk exception created an obligation on the FDIC-Rs to restore to SVBFG its Account Funds;

            **iii.**     Whether the FDIC-Rs are estopped from disregarding the Secretary of the Treasury's invocation of the systemic risk exception to "fully protect[] all depositors" of SVB by denying SVBFG access to its Account Funds;

            **iv.**     Whether the FDIC-Rs breached SVBFG's deposit account agreements by failing to return SVBFG's Account Funds on demand by SVBFG;

            **v.**     Whether FDIC-R1's threatened setoff claim is barred because it must be asserted in SVBFG's bankruptcy proceeding, because FDIC-R1 failed to assert it in SVBFG's bankruptcy proceeding before the bar date of September 14, 2023, and/or because it is extinguished by a plan of reorganization confirmed by the Bankruptcy Court;

            **vi.**     To the extent not barred, whether FDIC-R1 may assert a setoff based on a hypothetical, unliquidated and unasserted claim and whether those claims must be adjudicated by the Bankruptcy Court in SVBFG's pending Chapter 11 bankruptcy proceeding;

            **vii.**     Whether the Account Funds are properly subject to turnover pursuant to § 542 of the Bankruptcy Code;

viii.   Whether the FDIC-Rs' actions to cut off SVBFG's access to its Account Funds and to continue to withhold those funds violated and continues to violate the automatic stay of § 362(a) of the Bankruptcy Code;

ix.   Whether, in the alternative, SVBFG is entitled to a judgment against FDIC-R1 for the amount of the minimum distribution under Cal. Fin. Code §§ 1406 and 681, which SVBFG believes exceeds $1.7 billion;

x.   Whether, in the alternative, SVBFG is entitled to a judgment against FDIC-R2 for the amount of the minimum distribution under 12 U.S.C. §§ 91 and 194, which SVBFG believes exceeds $1.7 billion;

xi.   Whether the FDIC-Rs' deprivation of SVBFG of the Account Funds following the Treasury Secretary's invocation of the Systemic Risk Exception to guarantee all insured and uninsured deposits would be paid violated the Due Process Clause of Fifth Amendment of the United States Constitution;

xii.   Whether the FDIC-Rs' deprivation of SVBFG of the Account Funds following the Treasury Secretary's invocation of the Systemic Risk Exception to guarantee all insured and uninsured deposits would be paid was arbitrary and capricious.

xiii.   Whether SVBFG was relieved of any requirement to submit or prove a claim under 12 U.S.C. § 1821(d) because the Account Funds are not insured funds under the terms of section 1821;

xiv.   Whether the FDIC-Rs are liable for conversion for depriving SVBFG of the Account Funds following the Treasury Secretary's invocation of the Systemic Risk Exception to guarantee all insured and uninsured deposits;

xv.   Whether FDIC-R1 has failed to perform under the written, oral, or implied agreement between SVB and SVBFG regarding lease agreements, vendor contracts, employment agreements, and indemnity claims asserted by SVBFG's directors; and

xvi.   Whether the FDIC-Rs have breached intercompany agreements between SVB and SFBFG by reversing or unwinding approximately $6,222,681.93 of intercompany

-4-

receivables owed and previously transferred to SVBFG by SVB and withholding other intercompany receivables.

**b.**    **FDIC-Rs' Statement of the Legal Issues.**

**i.**    Whether SVBFG caused losses and damages to SVB in excess of SVBFG's alleged $1.93 billion claim that can be offset against its Deposit Claim (and other claims).

**ii.**    Whether the Court lacks subject matter jurisdiction of Counts II (estoppel), III (turnover), V (California Financial Code), VI (National Bank Act), VII (declaratory judgment), and VIII (Takings claim under the U.S. Constitution) because SVBFG failed to assert such claims in the FDIC-Rs' claim processes.

**iii.**    Whether the Court lacks subject matter jurisdiction of Count VIII (Takings claim under the U.S. Constitution) because the Federal Court of Claims has exclusive jurisdiction of such claim.

**iv.**    Whether Count I (breach of contract) fails to state a claim against the (a) FDIC-R1 to the extent it seeks prejudgment interest and lost earnings, and (b) FDIC-R2 in its entirety because FDIC-R2 has no liability for the Deposit Claim.

**v.**    Whether Count II (estoppel) fails to state a claim against the FDIC-Rs because (a) estoppel is not an independent cause of action; (b) the FDIC has not waived its sovereign immunity; (c) SVBFG cannot prevent the FDIC-Rs from exercising their duties under Title 12 of the United States Code; (d) 12 U.S.C. § 1821(j) bars such relief; (e) the FDIC-Rs made no promise to pay the Deposit Claim without allowance, defensive setoffs, or application of the liability limitation in section 1821(i)(2); (f) the statements or alleged promises of the Secretary of the Treasury and the FDIC in its corporate capacity are not binding on, or imputed to, the FDIC-Rs; and (g) estoppel is inapplicable in light of the Deposit Agreements.

**vi.**    Whether Count III (turnover) fails to state a claim because (a) the FDIC-Rs hold no "Account Funds" or other property belonging to SVBFG (*i.e.,* SVBFG has only a debtor-creditor relationship with FDIC-R1); (b) the Deposit Claim is disputed; and

-5-

SULLIVAN &
CROMWELL LLP

1      (c) the Deposit Claim is subject to allowance, defensive setoff, and the liability

2      limitation in 12 U.S.C. § 1821(i)(2).

3    **vii.**   Whether Count IV (stay violation) fails to state a claim because (a) nonpayment of

4      the disputed Deposit Claim does not violate the automatic stay; and (b) the Deposit

5      Claim is subject to the FIRREA claim processes, including with respect to

6      allowance, defensive setoff, the liability limitation in 12 U.S.C. § 1821(i)(2), and

7      the timing of payment.

8    **viii.**  Whether Count V (California Financial Code) fails to state a claim because

9      (a) sections 1406 and 681 do not create a private right of action; (b) sections 1406

10      and 681 are irrelevant; and (c) sections 1406 and 681 are preempted to the extent

11      inconsistent with Title 12 of the United States Code.

12    **ix.**   Whether Count VI (National Bank Act) fails to state a claim because (a) sections

13      91 and 194 do not create a private right of action; (b) sections 91 and 194 are

14      irrelevant; (c) section 194's pro rata distribution requirement was superseded by 12

15      U.S.C. § 1821(i); and (d) the FDIC-R2 has no liability for the Deposit Claim.

16    **x.**    Whether Count VII (declaratory judgment) fails to state a claim because (a) the

17      Declaratory Judgment Act does not provide an independent cause of action; (b) the

18      relief sought by SVBFG is moot; (c) as a matter of law, the Claims are subject to

19      the mandatory, exclusive FIRREA claims processes; an (d) the request for

20      declaratory relief violates 12 U.S.C. § 1821(j).

21    **xi.**   Whether Count VIII (Takings claim under the U.S. Constitution) fails to state a

22      claim because (a) a takings claim must be asserted against the "United States," not

23      the FDIC-Rs and (b) the FDIC-Rs did not, by declining SVBFG's payment

24      demands, "take" any SVBFG property.

25    **xii.**  Whether Count IX (conversion) fails to state a claim because (a) it is duplicative of

26      Count I; (b) SVBFG, as depositor, did not own the funds it deposited with SVB

27      and, therefore, none of its property was converted; (c) the Federal Tort Claims Act

28      requires the conversion claim to be asserted against the United States, not the FDIC-

-6-

1    Rs; and (d) with respect to FDIC-R2, it never received deposits from SVBFG and

2    has no liability on the Deposit Claim.

3    **xiii.**   Whether Counts X (breach of contract), XI (implied-in-fact contract), and XII

4    (breach of contract) fail to state a claim because (a) they are barred by 12 U.S.C.

5    §§ 1821(d)(9)(A) and 1823(e), which require (among other things) the existence of

6    a written agreement; and (b) even if such written agreement existed Counts X, XI,

7    and XII fail to state plausible claims under California law.

8    **xiv.**   Whether the amount of FDIC-R1's affirmative setoff defenses exceeds the amount

9    of the Debtor's claims against FDIC-R1.

10   **xv.**   If the motion to dismiss is denied, additional legal issues may arise.

11   **4.    Motions**

12   **a.    Prior Motions.**  SVBFG filed an Administrative Motion to Consider Whether Another

13   Party's Material Should Be Sealed on March 5, 2024 (ECF No. 4).   The FDIC-Rs filed a

14   Stipulation/Unopposed Motion for Administrative Relief and [Proposed] Order re: Allowing Excess Pages

15   for Briefing FDIC-R1's and FDIC-R2's Notice of Motion and Motion to Dismiss on May 3, 2024 (ECF

16   No. 31), which the Court granted with modifications on May 3, 2024 (ECF No. 32).  The FDIC-Rs filed

17   a Notice of Motion and Motion to Dismiss on May 10, 2024 (ECF No. 33), which seeks to dismiss all

18   counts of SVBFG's complaint except part of Count I as to FDIC-R1.  SVBFG filed an Administrative

19   Motion to Extend Briefing Schedule and to Continue Hearing on Defendant FDIC-R's Motion to Dismiss

20   on May 23, 2024 (ECF No. 34), which the Court granted, as modified, on May 23, 2024 (ECF No. 37).

21   **b.    Anticipated Motions.**

22   **i.    SVBFG's Position.**  FDIC-R contends below that that discovery should be delayed

23   pending resolution of some unfiled future motions by FDIC-R to resolve purported privilege disputes or

24   putative representation conflicts as to SVBFG's counsel.   FDIC-R's contentions are based on a

25   mischaracterization of the underlying facts.  *First*, with respect to the privilege issues that FDIC-R raises,

26   none of the factual or legal issues raised by SVBFG's complaint concern or implicate any of the documents

27   as to which FDIC-R takes issue.  Those documents relate solely, if at all, to FDIC-R's hypothetical

28   affirmative defenses that FDIC-R has not yet asserted in this action.  Accordingly, they cannot be grounds

-7-

1   for delaying SVBFG's right to take discovery of FDIC-R concerning the claims it has pleaded in its

2   Complaint.  FDIC-R's factual characterization of these documents—which were created for SVBFG

3   pursuant to a master intercompany services agreement—as "historically maintained by SVB" also is

4   incorrect and misleading, and thus cannot serve as a basis for FDIC-R to vitiate SVBFG's privilege.

5   Regardless, discovery should not be held up pending resolution of hypothetical discovery disputes

6   concerning documents that are not yet at issue in this litigation and as to which any privilege issues that

7   do eventually come can be resolved in due course by the Parties or, if necessary, by the Court.  *Second*,

8   FDIC-R's suggestion that Sullivan & Cromwell LLP ("S&C") has a potentially disabling conflict is

9   equally flawed.  FDIC-R's attempt to raise this supposed conflict now in light of S&C's voluminous

10  disclosures concerning its prior representation of SVBFG filed with the United States Bankruptcy Court

11  for the Southern District of New York over a year ago in connection with SVBFG's Chapter 11 bankruptcy

12  proceedings, and after S&C has represented SVBFG adversely with respect to FDIC-R's seizure of its

13  deposit accounts for eleven months, including in proceedings in the Bankruptcy Court and the United

14  States District Court for the Southern District of New York, makes clear that FDIC-R is tactically raising

15  this issue in an effort to delay discovery in this proceeding.  And as with FDIC-R's contentions with

16  respect to privilege, FDIC-R's assertion of a conflict is likewise based on a misrepresentation concerning

17  S&C's prior representation of SVBFG.

18         In short, it appears that FDIC-R is raising these issues now only as a means to improperly

19  delay SVBFG's right to take discovery of its claims, notwithstanding the Court's April 29, 2024 Order

20  denying FDIC-C's Motion to Stay Discovery in the related FDIC-C action, *SVB Financial Group* v. *FDIC-

21  C*, Case No. 23-cv-06543-BLF, and the Court should reject these efforts.

22         **ii.    FDIC-R's Position.**  The FDIC-Rs believe that, as an initial matter, the Court

23  should rule on the Parties' privileges with respect to documents historically maintained and possessed by

24  SVB and created by persons with roles at both SVB and SVBFG.  The FDIC-Rs also believe that, as an

25  initial matter, the Court also may have to resolve whether S&C has a disabling conflict as former counsel

26  for SVB with knowledge of SVB's confidential information.  SVBFG inconsistently asserts that FDIC-

27  R1's defensive setoffs are "hypothetical" and "unasserted" while simultaneously arguing that the FDIC-

28  Rs are belatedly raising S&C's conflict relating to those same "hypothetical" and "unasserted" setoff

-8-

1   defenses.  It also is appropriate to raise the conflict issue in this Court, which alone has jurisdiction over

2   SVBFG's claims and FDIC-Rs' affirmative defenses.  The FDIC-Rs will request a stay of discovery

3   pending resolution of the privilege and conflict issues, except discovery regarding the conflict of interest.

4   FDIC-R anticipates that it will file a motion for summary judgment.

5   **5.      Amendment of Pleadings.**  The FDIC-Rs have moved to dismiss all counts except for part of

6   Count I in SVBFG's complaint.  FDIC-R1 has stated that it intends to assert affirmative setoff defenses

7   against SVBFG; it is unknown whether any of FDIC-R1's potential claims or defenses, if asserted, would

8   be subject to a motion to dismiss.  The Parties, therefore, propose that any deadline to seek leave for

9   amendment of pleadings be discussed by the Parties and ordered by the Court promptly following the

10  FDIC-Rs' service of their Answers.

11  **6.      Evidence Preservation.**  The Parties have reviewed the Court's Guidelines Relating to the

12  Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ.

13  P.  26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

14  reasonably evident in this action.

15  **7.      Disclosures**

16          **a.**      The Parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on June

17  6, 2024.

18  **8.      Discovery**

19          **a.      Discovery to Date**

20                  **i.      SVBFG's Statement of Discovery to Date.**  The Parties have not yet commenced

21  discovery in this action.  Prior to filing this action, on June 7, 2023, SVBFG served the FDIC-Rs with a

22  subpoena under Rule 2004 of the Federal Rules of Bankruptcy Procedure in SVBFG's Chapter 11

23  bankruptcy proceeding in the Bankruptcy Court, captioned *In re SVB Financial Group*, Case No. 23-

24  10367 (MG) (the "Bankruptcy Case").  On July 10, 2023, SVBFG filed an adversary complaint against

25  the FDIC-Rs in the Bankruptcy Court.  On August 16, 2023, SVBFG served requests for production on

26  the FDIC-Rs in the Chapter 11 adversary proceeding.  The subpoena and the requests for production

27  sought basic information concerning, and evidence of, among other things, the invocation and terms of

28  the systemic risk exception invoked by the Treasury Secretary on March 12, 2023, including the acts

-9-

underlying the public announcements by the FDIC, Treasury and Federal Reserve; the FDIC-Rs' assertion that SVBFG is required to adjudicate its claims through an administrative claims process; and the treatment of SVBFG's deposits, including the authorization and process through which some combination of FDIC-C, FDIC-R1 and FDIC-R2 removed the $1.93 billion in SVBFG's accounts at Bridge Bank and refused to allow SVBFG to access to its own deposit funds.  The FDIC-Rs have made only partial productions of responsive documents to some, but not all, of the requests.

    **ii.**  **FDIC-Rs' Statement of Discovery to Date.**  The Parties have not yet commenced discovery in this action.  The FDIC-Rs did not take any discovery in the Bankruptcy Court to avoid litigating its affirmative setoff defenses in the Bankruptcy Court (an inappropriate forum to resolve such defenses under 12 U.S.C. § 1821(d)(6)(A)).  The FDIC-Rs, however, produced substantial documents in response to many Rule 2004 document requests from SVBFG in the Bankruptcy Case.  (FDIC-R's document production only stopped when Rule 2004 became inapplicable as a matter of law due to SVBFG's filing of the SDNY Adversary Proceeding).  Now, this Court alone has jurisdiction over SVBFG's claims asserted in this civil action against the FDIC-Rs and the related defenses (including the affirmative defense of setoff) pursuant to 12 U.S.C. § 1821(d)(6)(A).  In addition, SVBFG has attempted to impede and prejudice FDIC-R1's investigation by preventing FDIC-R1's review of documents *in FDIC-R1's possession* as receiver for SVB on the grounds that SVBFG alone holds a privilege relating to those documents.  FDIC-R1 asserts that it also holds any privilege and is entitled to review such documents because, among other things, there was no separation between the holding company (SVBFG) and the bank (SVB) that preserved any separate privileges, and S&C represented both SVB *and* SVBFG.

  **b.**  **Scope of Anticipated Discovery**

    **i.**  **SVBFG's Position.**  SVBFG provides the following subject categories of discovery.[1]

      • The facts and circumstances concerning the invocation of the systemic risk exception on or about March 12, 2023, and implementation thereof;

---

[1]  The Parties do not waive, and instead expressly reserve, the right to assert or challenge any applicable privilege regarding these subjects and the evidence associated therewith.

-10-

SULLIVAN &
CROMWELL LLP

- FDIC's and other agency and officials' statements regarding the same;
- FDIC's communication with the Treasury Secretary, Treasury Department, Federal Reserve, or President of the United States concerning the same;
- FDIC-R1's communications concerning holds to be placed on accounts transferred to Bridge Bank;
- FDIC's policies and procedures with the claims function at failed financial institutions;
- Communications between or among FDIC-R1 and FDIC-C and/or FDIC-R2 concerning SVBFG or its deposits at SVB or Bridge Bank;
- The treatment of SVBFG's deposits following the closure of SVB, including the steps taken to revoke SVBFG's access to its funds on or about March 16, 2023;
- The treatment of other non-parties' deposits following the closure of SVB;
- FDIC's response to SVBFG's June 26, 2023 payment demand;
- The FDIC-Rs' administrative claims process, if any, for claims related to the closure of SVB;
- The FDIC-Rs' review and denial of SVBFG's "deposit claim";
- The FDIC-Rs' ongoing refusal to provide SVBFG with access to its Account Funds on or after March 16, 2023;
- The treatment of wire transactions initiated by SVBFG between March 10 and 26, 2023;
- Facts relevant to the amounts recovered respecting SVB by or on behalf of any branch of the FDIC or the Federal Government;
- Facts relevant to the Liquidation value of SVB;
- FDIC-R2's entry into the Purchase and Assumption Agreement between FDIC-R2, FDIC-C and First-Citizens dated March 27, 2023;
- To the extent that the United States Bankruptcy Court for the Southern District of New York determines that the FDIC-Rs' setoff claims are not

-11-

barred and are not required to be litigated in that forum, FDIC-R1's "Statement of the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank Regarding Its Defensive Setoff Rights Against SVB Financial Group" that was filed in this action and stricken by order of the Court on May 3, 2024;

- FDIC-R1's "Response of the Federal Deposit Insurance Corporation As Receiver for Silicon Valley Bank to Debtor's Disclosure Statement for Debtor's First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code" that was filed in the Bankruptcy Action and dated May 9, 2024;

- The FDIC-Rs' estimation of their liability to SVBFG pursuant to 12 U.S.C. § 1821(i) or otherwise;

- Facts relevant to the content and scope of agreements between SVBFG and SVB, and/or SVBFG and SVB's course of conduct, pursuant to which SVBFG and SVB allocated expenses between them;

- SVBFG's damages and other requested relief.

   **ii.   FDIC-Rs' Position.**  As a preliminary matter, the Parties do not waive, and instead expressly reserve, the right to assert or oppose any applicable privilege regarding these subjects and the evidence associated therewith.  The Parties anticipate that, as an initial matter, the Court should stay discovery and make rulings on (a) the Parties' privileges with respect to documents historically maintained by SVB and created by persons with roles at both SVB and SVBFG, and (b) discovery regarding S&C's representation of SVB.  To the extent SVBFG's claims survive the FDIC-Rs' motion to dismiss, the FDIC-Rs provide the following subject categories of discovery:

- S&C's representation of SVB (and related invoices), including without limitation, its attendance at and participation in board meetings;

- SVBFG's involvement, encouragement, and other participation in breaches of fiduciary duty by SVB's directors and officers with respect to at least the following matters and in at least the following ways: (i) HTM securities

-12-

SULLIVAN &
CROMWELL LLP

portfolio mismanagement, including, but not limited to, purchasing long-dated government securities in a rising interest rate environment and allowing risky over-concentrations in such investments to increase SVBFG's stock price and management compensation to the detriment of SVB; (ii) AFS securities portfolio mismanagement, including, but not limited to, failing to properly hedge and improperly removing interest rate hedges to increase SVBFG's stock price and management compensation to the detriment of SVB.  Had the AFS securities portfolio been hedged properly, SVB would have been protected against losses from rising interest rates; (iii) Payment of improper dividends by SVB to SVBFG at a time when SVB was experiencing financial distress and was in need of liquidity; and (iv) Sale of equity warrants by SVB to SVBFG at below fair market value prices;

- With respect to the improper payment of dividends noted above, FDIC-R1 also has setoff rights against SVBFG based on other theories, including, but not limited to, unjust enrichment, breach of California Corporate Code §§ 500-501, fraudulent transfer, and aiding and abetting (and conspiring to make) a fraudulent transfer;

- With respect to the sale of equity warrants at below fair market value noted above, FDIC-R1 also has setoff rights against SVBFG based on other theories, including, but not limited to, unjust enrichment, money had and received, fraudulent transfer, and aiding and abetting (and conspiring to make) a fraudulent transfer;

- Whether SVBFG has received (and may receive in the future) and, if so, used or dissipated any tax refunds required to be held *in trust* for, and promptly delivered to, FDIC-R1 under a tax allocation agreement (and applicable law); and

-13-

SULLIVAN &
CROMWELL LLP

- SVBFG's reliance on statements of government officials alleged in the Complaint.

### c. Proposed limitations or modifications of the discovery rules

**i.  SVBFG's Position**.  SVBFG proposes no limitations or modifications of the discovery rules.  SVBFG believes that the FDIC-Rs' proposal to double the number of party depositions that each party can take, from 10 to 20, is unwarranted given that SVBFG has only a limited number of employees, most of which were hired after the closure of SVB, and a board of directors.  If the FDIC-Rs can show good cause for additional party depositions at a later date it may seek relief from the Court at that time.

**ii.  FDIC-Rs' Position**.  FDIC-Rs' initial disclosures pursuant to Rule 26(a) include many individuals, including SVB (and SVBFG interlocked) board members and its officers and employees that attended board meetings during the relevant time period.  SVBFG's assertion that it has "only a limited number of employees" should not determine the number of depositions as many of its *former* board members, officers and employees will be deposed.  There are over 200 individuals that attended board meetings of SVB and SVBFG that likely have discoverable information regarding FDIC-Rs' affirmative setoff defenses.  In addition to fact witnesses, expert witnesses will have to be deposed. The FDIC-Rs anticipate expert witnesses on the following:  (i) SVBFG's financial condition, (ii) bank management, (iii) warrant valuation, (iv) bank director and officer compensation, (v) mismanagement of the HTM securities portfolio, (vi) mismanagement and improper removal of hedges on the AFS securities portfolio, (vii) improper payment of dividends, and (viii) damages flowing from each offset.  The FDIC-Rs' affirmative setoff defenses include both overarching and discrete transactions, including without limitation, (a) a $294 million dividend, (b) the mismanagement of "Hold to Maturity" and "Available for Sale" securities, (c) the removal of securities hedges (the "guardrails" against losses), (d) damages flowing from each offset, and (e) tax refunds The FDIC-Rs propose to increase the number of depositions that each party can take without leave of court under Rule 30(a)(2)(A)(i) to 30.

### d. Protective Order.  The Parties will negotiate the terms of a protective order for this case and anticipate that they will be able to reach agreement on the terms of an appropriate protective order.  If the Parties are unable to reach agreement, they will submit a joint letter to the Court.

-14-

SULLIVAN &
CROMWELL LLP

**e.**     **Stipulated Electronic Discovery Protocol.**  The Parties intend to negotiate the terms of an electronic discovery protocol that will govern the production of documents and electronically stored information and anticipate that they will be able to ultimately reach agreement on the terms of a stipulated protocol.  If the Parties are not able to reach agreement, they will submit a joint letter to the Court.

**9.**     **Class Actions.**  This matter does not involve or concern a class action.

**10.**     **Related Cases.**  The Parties are aware of one related case pending in this district, *SVB Financial Group* v. *Federal Deposit Insurance Corporation, in its corporate capacity*, No. 5:23-cv-06543-BLF (the "FDIC-C Action"), which the Court designated as related to this action (ECF No. 17).  The Parties are also aware of one related case currently pending in the U.S. District Court for the Southern District of New York — *SVB Financial Group* v. *Federal Deposit Insurance Corporation*, Case No. 1:23-cv-07218 (the "SDNY Adversary Proceeding"), which was initially filed in the Bankruptcy Case.  On July 9, 2023, SVBFG commenced the SDNY Adversary Proceeding against FDIC-C and the FDIC-Rs in the U.S. Bankruptcy Court for the Southern District of New York, captioned *SVB Financial Group* v. *Federal Deposit Insurance Corporation, as Receiver*, Case No. 1:23-ap-01137.  On December 13, 2023, Judge Cronan granted a motion to withdraw the reference under 28 U.S.C. § 157(d) filed by FDIC-R1 and joined by FDIC-C and FDIC-R2, thereby withdrawing the Bankruptcy Court's jurisdiction over the SDNY Adversary Proceeding.  The FDIC-Rs assert that this Court alone has jurisdiction over SVBFG's claims filed in the SDNY Adversary Proceeding and in the instant civil action in this Court pursuant to 12 U.S.C. § 1821(d)(6)(A).  SVBFG disputes FDIC-R's assertion that this Court has sole jurisdiction over its claims and, depending on the Court's decisions in this action, many of the issues and claims raised in the Complaint may be resolved by the Bankruptcy Court as part of SVBFG's Chapter 11 proceeding.

**11.**     **Relief Sought.**  As set forth in its Complaint, SVBFG seeks the following relief:

**a.**     Judgment in SVBFG's favor and against both FDIC-Rs on all causes of action alleged herein;

**b.**     An order restoring SVBFG's Account Funds, together with all earnings on those funds since SVBFG was deprived of access on March 16, 2023;

**c.**     An order enjoining the FDIC-Rs and all affiliated entities acting in concert with the FDIC-Rs from refusing to provide SVBFG with access to the Account Funds;

**d.**     An order pursuant to 28 U.S.C. § 2201 declaring that SVBFG was not required to file an administrative claim under 12 U.S.C. § 1821(d) and that SVBFG may therefore pursue its claims in the Adversary Proceeding;

**e.**     An order pursuant to 28 U.S.C. § 2201 declaring and holding unlawful and setting aside the FDIC-Rs' disallowance of SVBFG's non-deposit claims under 12 U.S.C. § 1821(d) and requiring the FDIC-Rs to pay to SVBFG the full amounts requested;

**f.**     An order pursuant to 28 U.S.C. § 2201 declaring SVBFG's claims to be valid and proven against the Deposit Insurance Fund to the extent SVBFG's claims cannot be satisfied by the assets in the FDIC-Rs' receiverships, as applicable;

**g.**     In the alternative, an award of SVBFG's pro rata share of SVB's and Bridge Bank's liquidation value as of the time SVB and Bridge Bank were closed and placed into each respective receivership pursuant to Sections 1406 and 681 of the California Financial Code and Sections 91 and 194 of the National Bank Act, as applicable;

**h.**     An order pursuant to 28 U.S.C. § 2201 declaring that SVBFG is entitled to indemnification and reimbursement from FDIC-R for any obligations or liabilities asserted against it that arise out of claims for indemnification or contribution from any officers or employees of SVB;

**i.**     An award of all fees and costs associated with the Lease Agreements, Vendor Contracts, Employee Claims, and Indemnity Claims, including any damages or other claims associated with the Lease Agreements, Vendor Contracts, Employee Claims, and Indemnity Claims, in an amount to be determined, plus pre- and post-judgment interest, fees, and costs;

**j.**     An award of pre- and post-judgment interest to the fullest extent permitted by law;

**k.**     An award of SVBFG's costs and attorneys' fees as may be permitted by law; and

**l.**     An award to SVBFG of such other relief as may be just.

The FDIC-Rs assert that SVBFG is not entitled to the relief it seeks.  The FDIC-Rs do not seek any affirmative relief.  The FDIC-Rs intend to challenge SVBFG's *prima facie* claims and to assert affirmative defenses, including defensive setoff rights.

-16-

SULLIVAN & CROMWELL LLP

**12.     Settlement and ADR.**  The Parties met and conferred regarding settlement and ADR on May 23, 2024, and agree that mediation is the most appropriate process.  SVBFG indicated a willingness to begin mediated discussions even if a resolution is not likely at this stage.  The FDIC-Rs believe it is too early to begin mediation efforts at this stage of the proceedings.

**13.     No Consent to Proceed Before Magistrate Judge.**  The Parties do not consent to proceed before a Magistrate Judge.

**14.     Other References.**  The Parties agree that this case in not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues.**

    **a.     SVBFG'S Position.**  At this time, SVBFG is not aware of any issues that can be narrowed by agreement or by motion (subject to motions that might be appropriate in the event FDIC-R1 asserts setoff claims), does not have any suggestions to expedite the presentation of evidence at trial, and does not agree to bifurcate issues, claims, or defenses.  SVBFG agrees to continue to meet and confer, however, to discuss any means by which the issues can be narrowed or streamlined to conserve judicial resources.

    **b.     FDIC-Rs' Position.**  At this time, the FDIC-Rs are not aware of any issues that can be narrowed by agreement or by motion (other than the pending motion to dismiss), do not have any suggestions to expedite the presentation of evidence at trial, and do not agree to bifurcate issues, claims, and defenses.  The FDIC-Rs agree to continue to meet and confer, however, to discuss any means by which the issues can be narrowed or streamlined to conserve judicial resources.  As explained in the FDIC-Rs' pending motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6), all claims, except Count I, which should remain only against FDIC-R1 and only to the extent Count I does not seek prejudgment interest or lost earnings, should be dismissed.

**16.     Expedited Trial Procedure.**  The Parties agree that this matter is not suited for expedited trial because of the complex nature of this matter.

**17.     Scheduling**

    **a.     SVBFG's Position.**  SVBFG proposes the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Deadline to Serve Rule 26(a) Disclosures | June 6, 2024 |

| Deadline to Amend Pleadings | 30 days after Court's ruling on FDIC's motion to dismiss |
|---|---|
| Close of Fact Discovery | December 31, 2024 |
| Deadline to Serve Opening Expert Reports | January 15, 2025 |
| Deadline to Serve Rebuttal Expert Reports | February 14, 2025 |
| Deadline to Serve Replies to Expert Reports | March 14, 2025 |
| Close of Expert Discovery | April 15, 2025 |
| Deadline to File Dispositive Motions | April 30, 2025 |
| Deadline to File Oppositions to Dispositive Motions | May 21, 2025 |
| Deadline to File Replies in Support of Dispositive Motions | June 11, 2025 |
| Hearing on Dispositive Motions | June 27, 2025 |
| Deadline to File *Daubert* Motions | May 14, 2025 |
| Deadline to File Oppositions to *Daubert* Motions | June 4, 2025 |
| Deadline to File Replies in Support of *Daubert* Motions | June 25, 2025 |
| Hearing on Daubert Motions | July 11, 2025 |
| Deadline to File Joint Pretrial Statement | 2 weeks before final pretrial conference |
| Final Pretrial Conference | September 5, 2025 |
| Trial | 30 days after pretrial conference |

SVBFG objects to the protracted, multi-year case schedule that the FDIC-Rs have proposed below, including their proposal that a trial not be set until the end of 2026 or the beginning of 2027. The FDIC-Rs' schedule would severely prejudice SVBFG, including because the FDIC-Rs repeatedly have taken the position (which SVBFG disputes) that they have no obligation to restore SVBFG to the position it was in at the time that the FDIC-Rs cut off SVBFG's access to its $1.93 billion in Account Funds on March 16, 2023 — now, nearly 15 months ago. SVBFG presently is losing approximately $10 million in foregone interest payments on its $1.93 billion in Account Funds for every month that goes by. Accordingly, if adopted, the FDIC-Rs' unnecessarily protracted case schedule would result in tens of millions of dollars in lost interest payments to SVBFG if its Account Funds are ultimately restored but it is denied earnings on those Funds, or pre-judgment interest. SVBFG further rejects the FDIC-Rs' contention that SVBFG has in any way delayed resolution of its claims against FDIC-R. SVBFG filed its adversary claims against FDIC-R more than a year ago in the Bankruptcy Court, served discovery on FDIC-R also nearly a year ago, as to which FDIC-R has to date provided only limited, partial productions,

and FDIC-R now apparently intends to try to further delay SVBFG's ability to take discovery of its claims in this action based on hypothetical privilege disputes that are not yet at issue.

      **b.**    **FDIC-Rs' Position.**  The FDIC-Rs propose the following schedule, with each day to be extended during and for the duration of a stay on discovery:

| EVENT | PROPOSED DATE |
|---|---|
| Deadline to Serve Rule 26(a) Disclosures | June 6, 2024 |
| Deadline to Amend Pleadings | 60 days after Court's ruling on the FDIC-Rs' motion to dismiss |
| Close of Fact Discovery | July 1, 2025 |
| Deadline to Serve Opening Expert Reports | September 29, 2025 |
| Deadline to Serve Rebuttal Expert Reports | November 28, 2025 |
| Deadline to Serve Replies to Expert Reports | January 6, 2026 |
| Close of Expert Discovery | February 27, 2026 |
| Deadline to File Dispositive Motions and Daubert Motions | March 30, 2026 |
| Deadline to File Oppositions to Dispositive Motions and Daubert Motions | April 29, 2026 |
| Deadline to File Replies in Support of Dispositive Motions and Daubert Motions | May 20, 2026 |
| Hearing on Dispositive Motions and Daubert Motions | Date set by the Court |
| Deadline to File Joint Pretrial Statement | 2 weeks before Final Pretrial Conference |
| Final Pretrial Conference | 90 days after Hearing on Dispositive and Daubert Motions |
| Trial | 30 days after Final Pretrial Conference |

      The FDIC-Rs object to the truncated schedule proposed by SVBFG in this multi-faceted litigation involving over $1.93 billion in alleged damages. SVBFG's schedule provides (i) for fact discovery to close before or near the time at which the FDIC-Rs file an answer—an insufficient time to conduct fact discovery in light of the multitude of factual issues, (ii) only two weeks after the close of fact discovery for opening expert reports notwithstanding the number of anticipated experts (as discussed above), (iii) only one month for expert depositions, (iv) only two weeks after the close of expert discovery to file dispositive motions, (v) for the filing of *Daubert* motion *after* the filing of dispositive motions and only one month after expert discovery closes, (vi) the Court only two weeks after dispositive motions are briefed to conduct a hearing on dispositive motions, (vi) for the Court to hold a hearing on *Daubert*

1  motions two weeks *after* the hearing on dispositive motions—even though the *Daubert* motions will be

2  relevant to deciding the dispositive motions, (vii) the Court only two months to decide dispositive motions

3  prior to the final pretrial conference, and (viii)  the Court only one month to decide *Daubert* motions prior

4  to the final pretrial conference.  The FDIC-Rs' proposal does not require a trial to be set at "the beginning

5  of 2027," but rather gives the Court the flexibility to schedule the final pretrial conference in 2026 based

6  on its determination of how much time it needs to decide contemporaneously the *Daubert* and dispositive

7  motions, which would be fully briefed as of May 20, 2026.  SVBFG's assertion of prejudice lacks merit

8  as SVBFG filed its Claims in the FDIC-Rs' receivership proceedings on the *last day* for filing Claims and

9  then filed the instant civil action in this Court on the *last day* for filing such an action.  SVBFG's position

10  that it can take all of the time afforded to it under law and then force everyone else (the FDIC-Rs and this

11  Court) to act on truncated time frames is unreasonable.

12  **18.  Trial**

13  **a.  SVBFG's Position.**  SVBFG has not demanded a jury trial.  SVBFG anticipates that a

14  Court trial would last 5-7 days.

15  **b.  FDIC-Rs' Position.**  The FDIC-Rs anticipate that a trial would last approximately 4-6

16  weeks.  As indicated above, this civil action involves alleged damages in excess of $1.93 billion, 12 counts,

17  and multiple overarching (mismanagement of SVB) and discrete (dividend, warrants, hedge removal, and

18  tax refunds) factual issues to be tried in the FDIC-Rs' affirmative defenses.  The FDIC-Rs reserve their

19  jury trial rights on all issues triable by jury and will timely make a jury demand, if any, in accordance with

20  Federal Rule of Civil Procedure 38(a).

21  **19.  Disclosure of Non-Party Interested Entities or Persons.**

22  **SVBFG's Disclosures.**  SVBFG's Certification of Interested Entities or Persons by

23  Plaintiff SVB Financial Group (ECF No. 3) listed the following entities or persons as interested non-

24  parties, which have appeared or requested notice in SVBFG's bankruptcy proceeding in the United States

25  Bankruptcy Court for the Southern District of New York, *In re SVB Fin. Grp.*, No. 23-10367-MG (Bank.

26  S.D.N.Y.), and may have either: (i) a financial interest of any kind in the subject matter in controversy or

27  in a party to this proceeding; or (ii) any other kind of interest that could be substantially affected by the

28  outcome of this proceeding:

-20-

1    • 140 Summer Partners LP

2    • 387 Park Avenue South L.L.C.

3    • 53 State Property, L.P.

4    • Alesco Preferred Funding X, Ltd.

5    • Alesco Preferred Funding XI, Ltd.

6    • Alison Davis

7    • Alison Schreier

8    • Alter Domus Participations S.à r.l.

9    • Appaloosa L.P.

10   • Appaloosa LP

11   • ARE-MA Region No. 76, LLC

12   • Attestor Value Master Fund LP, c/o Attestor Limited

13   • BA2 Quad LLC c/o TMG Partners

14   • Barclays Bank PLC

15   • Barings LLC

16   • Ben Jones

17   • Beverly Kay Matthews

18   • BlackRock Financial Management, Inc

19   • Board of Governors of the Federal Reserve System

20   • BOFA Securities, Inc.

21   • Brandywine 300 Delaware LLC

22   • Brijesh Rathi

23   • BXP Madison Centre I LLC

24   • BXP Madison Centre II LLC

25   • CastleKnight Management LP

26   • CCP/MS SSIII Denver Tabor Center 1 Property Owner LLC

27   • Centerbridge Partners, L.P.

28   • Citadel Advisors LLC

-21-

1    • Citigroup Global Markets

2    • Cornerstone Title Holder LLC

3    • Cousins Fund II Phoenix I, LLC

4    • Cross Ocean Partners

5    • CyrusOne LLC

6    • Daniel J. Beck

7    • Davidson Kempner Capital Management LP

8    • Deutsche Bank Securities Inc.

9    • Diameter Capital Partners LP

10   • Elizabeth Burr

11   • Eric A. Benhamou

12   • Ernst & Young U.S. LLP

13   • Esue Trust

14   • Farallon Capital Management, L.L.C.

15   • Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley
16     Bank

17   • Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bridge Bank,
18     N.A.

19   • Financial Management, Inc.

20   • First-Citizens Bank & Trust Company

21   • Garen K. Staglin

22   • Gregory W. Becker

23   • Hildene Collateral Management Company, LLC

24   • Hudson Bay Master Fund Ltd.

25   • Insight Global, LLC

26   • Internal Revenue Service

27   • Iron Mountain Information Management, LLC

28   • J.P. Morgan Securities LLC

-22-

SULLIVAN &
CROMWELL LLP

- Jasan Trust
- Jeffgen Trust fbo Elyse Chodkowski
- Jeffgen Trust fbo Steven Sandelman
- Jeffrey N. Maggioncalda
- Jeffrey Sandelman
- Joel P. Friedman
- John Peters
- John Robinson
- John S. Clendening
- Kate D. Mitchell
- Kevin Choi
- Kim Olsen
- Kimberly Jabal
- King Street Capital Management, L.P.
- KPMG LLP
- Laura Cushing
- Laura Izurieta
- LeAnn Rogers
- Macquarie Investment Management Business Trust
- Mary J. Miller
- MFN Partners Management, LP
- Michael Descheneaux
- Michael Kruse
- Michael Vande Krol
- Michael Zuckert
- Millennium Management LLC
- MUFG Fund Services (Cayman) Limited
- Oracle America, Inc.

-23-

SULLIVAN &
CROMWELL LLP

| | |
|---|---|
| 1 | • P. Schoenfeld Asset Management LP |
| 2 | • Pacific Investment Management Company LLC |
| 3 | • Parsifal Capital Management, LP |
| 4 | • Partners Management LP |
| 5 | • Pentwater Capital Management LP |
| 6 | • Philip Cox |
| 7 | • RBC Capital Markets, LLC |
| 8 | • Redwood Capital |
| 9 | • Richard D. Daniels |
| 10 | • Roger F. Dunbar |
| 11 | • Saffron Buyer LLC |
| 12 | • SAP America, Inc. |
| 13 | • SAP Industries, Inc. |
| 14 | • Satagopan Rajagopalan |
| 15 | • Securities & Exchange Commission |
| 16 | • Silicon Valley Bridge Bank, N.A. |
| 17 | • Silver Point Capital |
| 18 | • State of New York Attorney General |
| 19 | • SVB Capital |
| 20 | • Taconic Capital Advisors L.P. |
| 21 | • Tata Consultancy Services Limited |
| 22 | • The Capital Markets Company LLC |
| 23 | • Thomas King |
| 24 | • Timothy L. Vaill |
| 25 | • Trapeza CDO IX, Ltd. |
| 26 | • Trapeza CDO X, Ltd. |
| 27 | • Trapeza CDO XI, Ltd. |
| 28 | • U.S. Bank National Association |

-24-

1    • UBS Securities LLC

2    • United HealthCare Services, Inc.

3    • United States Attorney for Southern District of New York

4    • United States Department of Justice

5    • United States Trustee for the Southern District of New York

6    • UnitedHealthcare Insurance Company

7    • Wilmington Trust Company

8    • Zain Haider

9    • Zions Bancorporation, N.A. d/b/a California Bank & Trust

10       **FDIC-Rs' Disclosures.**   Pursuant to Civil Local Rule 3-15(a), the FDIC-Rs, as

11  governmental parties, are not required to file a Certification of Interested Entities or Persons.

12  **20.    Professional Conduct.**   The attorneys of record for the Parties acknowledge that they have

13  reviewed the Guidelines for Professional Conduct for the Northern District of California.

14  **21.    Other Matters.**

15       **a.    SVBFG's Position.** As set forth above (*supra* § 4(b)(i)), FDIC-Rs mischaracterize S&C's

16  representation of SVBFG by falsely characterizing its representation with respect to the matters set forth

17  below as being a representation of SVB.   Moreover, FDIC-Rs raise conflict questions of their own by

18  acknowledging below that FDIC-Rs are reviewing documents over which SVBFG has asserted an

19  exclusive privilege.  In any event, to the extent that FDIC-Rs seek to litigate any purported legal conflicts

20  by S&C in this action, that cannot be a basis for FDIC-R to seek to improperly delay SVBFG's right to

21  take discovery of its claims — particularly given this Court's Order denying FDIC-C's Motion to Stay

22  Discovery in the related FDIC-C action, *SVB Financial Group* v. *FDIC-C*, Case No. 23-cv-06543-BLF.

23       **b.    FDIC-R's Position.**  The FDIC-Rs are examining whether to bring a motion to disqualify

24  SVBFG's counsel on (without limitation) the following bases: (i) this matter is substantially related to

25  SVBFG counsel's prior representation of SVB, and (ii) SVBFG counsel's prior access to confidential

26  information of SVB will give it an unfair advantage in this matter.  SVBFG's counsel regularly attended

27  joint meetings of the boards of SVBFG and SVB beginning at least in 2019 and continuing up to and

28  through March 2023, and advised the boards of SVBFG and SVB.  SVBFG's counsel has taken the

-25-

1  position that, notwithstanding the fact that it regularly provided legal advice to the directors of SVB, it

2  was representing only SVBFG.  On that basis, SVBFG has claimed an "SVBFG-only" privilege over

3  thousands of documents that reflect the advice SVBFG's counsel provided to SVBFG and SVB.  Out of

4  an abundance of caution, the FDIC-Rs have segregated those documents for review by a clean team to

5  assess SVBFG's claim of privilege.  The FDIC-Rs will seek to stay discovery pending resolution of the

6  threshold privilege and conflict issues.  Before discovery can begin, it will thus be a threshold issue to

7  determine the scope of SVBFG counsel's representation of SVB.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN &
CROMWELL LLP

| | |
|---|---|
| 1 | Dated:  June 6, 2023 |

Respectfully submitted,

*/s/ Robert A. Sacks*
Robert A. Sacks (SBN 150146)
Adam S. Paris (SBN 190693)
Diane L. McGimsey (SBN 234953)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800

Sverker K. Hogberg (SBN 244640)
**SULLIVAN & CROMWELL LLP**
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:     (650) 461-5600
Facsimile:      (650) 461-5700

*Attorneys for Plaintiff SVB Financial Group*

*/s/ Raymond A. Cardozo*
Raymond A. Cardozo, Esq. (SBN 173263)
Emily F. Lynch, Esq. (SBN 324055)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
E-mail: rcardozo@reedsmith.com
E-mail: elynch@reedsmith.com

Derek J. Baker, Esq. (admitted *pro hac vice*)
REED SMITH LLP
Three Logan Square,
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: dbaker@reedsmith.com

Casey D. Laffey, Esq. (admitted *pro hac vice*)
Kurt F. Gwynne, Esq. (admitted *pro hac vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: claffey@reedsmith.com
E-mail: kgwynne@reedsmith.com

*Counsel to the Federal Deposit Insurance*
*Corporation, as Receiver for Silicon Valley*
*Bank and Silicon Valley Bridge Bank, N.A.*

-27-

SULLIVAN &
CROMWELL LLP

**<u>Attestation Pursuant to Local Rule 5-1(i)(3)</u>**

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated:  June 6, 2024

_/s/ Robert A. Sacks_
_____
Robert A. Sacks

-28-