UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>    Defendants. | Case No. 5:24-cv-01321-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 65] |

Before the Court is Plaintiff SVB Financial Group's ("SVBFG") administrative motion to consider whether another party's material should be sealed. ECF No. 65. For the reasons stated below, the Court GRANTS the motion.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1    warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2    alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3    requires the moving party to provide "evidentiary support from declarations where necessary."
4    Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5    material." Civ. L.R. 79-5(c)(3).

6    Further, when a party seeks to seal a document because it has been designated as
7    confidential by another party, the filing party must file an Administrative Motion to Consider
8    Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
9    party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
10   party who designated the material as confidential must, within seven days of the motion's filing,
11   file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
12   5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
13   of the provisionally sealed document without further notice to the designating party. *Id.* Any
14   party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

15   **II.    DISCUSSION**

16   Because the sealing motion concerns briefing on a dispositive motion, the Court will apply
17   the "compelling reasons" standard. *See Doe v. Apple Inc. Health & Welfare Benefit Plan*, No. 22-
18   CV-02566-EJD, 2023 WL 2530854, at *2 (N.D. Cal. Mar. 14, 2023) (applying the "compelling
19   reasons" standard when considering whether to seal an opposition to a motion to dismiss).

20   SVBFG filed an administrative motion to consider whether another party's material should
21   be sealed in connection with its Opposition to Defendants' motion to dismiss. ECF No. 65.
22   SVBFG has identified portions of its opposition as containing information designated by non-
23   party FDIC-C as "highly confidential" pursuant to a protective order in SVBFG's Chapter 11
24   proceedings. *Id.* at 1. FDIC-C filed a statement in support of sealing requesting that the figures
25   on page two of SVBFG's opposition brief remain sealed because they are the alleged amount of
26   the advance dividend authorized on March 10, 2023 for depositors of Silicon Valley Bank. ECF
27   No. 67. FDIC-C requests that this information remain under seal because it is an internal agency
28   recommendation that is based on agency examinations of confidential information about Silicon

1   Valley Bank and this information is protected by the bank examination privilege and federal

2   regulations. *Id.* at 2. No party has filed an opposition to FDIC-C's statement.

3           The Court agrees that there are compelling reasons to seal the internal agency

4   recommendation because it is deliberative material and thus covered by the bank examination

5   privilege. *See Sec. & Exch. Comm'n v. Lent*, No. C-04-4088 CW (EMC), 2006 WL 8434734, at

6   *7 (N.D. Cal. Jan. 12, 2006); *see also F.D.I.C. v. Jones*, No. 2:13-CV-00168-GMN, 2015 WL

7   4275961, at *1 (D. Nev. July 14, 2015) (finding compelling reasons to seal a document protected

8   by the bank examination privilege). The Court also finds that FDIC-C's request to seal this

9   information is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

10          The Court rules as follows:

| **ECF No.** | **Document** | **Portions to Seal** | **Ruling** |
|---|---|---|---|
| 65-3 | SVBFG's Opposition to Defendants' Motion to Dismiss | Highlighted Portions (Figures on page 2) | GRANTED, as protected by the bank examination privilege. |

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff SVB Financial Group's ("SVBFG") administrative motion to consider whether another party's material should be sealed (ECF No. 65) is GRANTED.

Dated: August 26, 2024

                                                                          BETH LABSON FREEMAN
United States District Judge