Raymond A. Cardozo, Esq. (Bar No. 173263)
Emily F. Lynch, Esq. (Bar No. 324055)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
E-mail: rcardozo@reedsmith.com
E-mail: elynch@reedsmith.com

Kurt F. Gwynne, Esq. (admitted *pro hac vice*)
Casey D. Laffey, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Email: kgwynne@reedsmith.com
E-mail: claffey@reedsmith.com

Derek J. Baker, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
Three Logan Square,
Suite 3100, 1717 Arch Street,
Philadelphia, PA 19103
Telephone: (215) 851-8100
Email: dbaker@reedsmith.com

*Counsel to the Federal Deposit Insurance Corporation,*
*as Receiver for Silicon Valley Bank, and the*
*Federal Deposit Insurance Corporation, as*
*Receiver for Silicon Valley Bridge Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SVB FINANCIAL GROUP, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A., <br><br> Defendant. | Case No.: 5:24-cv-01321-BLF <br><br> **REPLY BRIEF IN SUPPORT OF FDIC-R1'S AND FDIC-R2'S MOTION TO DISMISS** <br><br> Judge: Hon. Beth Labson Freeman <br> Action Filed: March 5, 2024 <br> Hearing Date: October 10, 2024 <br> Time: 9:00 a.m. <br> Courtroom: 3 – 5th Floor |

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

REPLY ................................................................................................................................... 1

I.   The Court Lacks Subject Matter Jurisdiction Over Counts II (Estoppel), III (Turnover), Count V (CFC), Count VI (NBA), and Count VII (Declaratory Judgment) Which Were Not Asserted in the FIRREA Claims Process. ...................................................................... 1

II.  Count I Fails to Allege a Plausible Breach of Contract Claim (a) Against FDIC-R2 and (b) Against FDIC-R1 for Prejudgment Interest or Lost Profits. ............................................ 2

     A.   SVBFG Has No Contract with FDIC-R2. ......................................................... 2

     B.   SVBFG Cannot Recover Prejudgment Interest or Lost Earnings From FDIC-R1 ............................................................................................................................. 3

III. Count II (Promissory Estoppel) Fails for Lack of Jurisdiction and Fails to State a Claim. .................................................................................................................................... 4

     A.   The Relief SVBFG Seeks is Barred By 12 U.S.C. § 1821(j) ............................ 4

     B.   The Complaint Fails to State a Claim for Promissory Estoppel. ....................... 4

          1.   The Secretary Does Not "Direct" the FDIC-Rs. ................................. 4

          2.   FDIC-C's Statements Cannot Be Imputed to FDIC-Rs. ...................... 7

          3.   FDIC-R1's Statements Belie SVBFG's Promissory Estoppel Claim. .............. 7

          4.   The Deposit Agreements Preclude SVBFG's Promissory Estoppel Claim. ........................................................................................................ 9

IV.  Count III Fails for Lack of Subject Matter Jurisdiction and Failure to State a Turnover Claim Under Section 542 of the Bankruptcy Code. ...................................................... 10

V.   Count IV Fails to State a Claim for Violation of the Automatic Stay. .................................. 11

VI.  Counts V and VI Fail to State Claims Under the CFC and NBA. ........................................ 11

     A.   SVBFG Lacks a Private Right of Action and/or Entitlement to Monetary Damages Under the CFC and NBA. ................................................................... 11

     B.   The Ratable Distribution Provisions of the CFC and NBA Are Inapplicable. ........... 12

VII. Count VII Fails for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Declaratory Judgment. .................................................................................................... 14

VIII. Counts X-XII Fail to State a Claim for Breach of Contract. ......................................... 15

     A.   SVBFG Fails to Plead Sufficient Facts to Allege A Plausible Claim ...................... 16

     B.   FIRREA Bars SVBFG's Breach of Contract Claims. ........................................ 16

IX.  Count VIII (Fifth Amendment) and Count IX (Conversion) Should Be Dismissed. ............. 18

CONCLUSION ...................................................................................................................... 18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– ii –

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Zimmerman,*
　73 F.3d 1164 (1st Cir. 1996) ................................................................................13

*Aljaf Assocs. Ltd. Partnership v. FDIC,*
　879 F. Supp. 515 (E.D. Pa. 1995) ...........................................................................2

*Ashcroft v. Iqbal,*
　556 U.S. 662 (2009) ...............................................................................................11

*Battista v. FDIC,*
　195 F.3d 1113 (9th Cir. 1999) .................................................................................3

*BHC Interim Funding II, L.P. v. FDIC,*
　851 F. Supp. 2d 131 (D.D.C. 2012)), *aff'd,* 741 F.3d 1301 (D.C. Cir. 2014) ...........2

*Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.,*
　727 F.3d 917 (9th Cir. 2013) .................................................................................16

*Branch v. FDIC,*
　825 F. Supp. 384 (D. Mass. 1993) .........................................................................13

*British Columbia Inv. Co. v. FDIC.,*
　420 F. Supp. 1217 (S.D. Cal. 1976) .........................................................................7

*Bullion Servs. v. Valley State Bank,*
　50 F.3d 705 (9th Cir. 1995) .....................................................................................7

*Cramer v. Brown,*
　2012 U.S. Dist. LEXIS 200053 (C.D. Cal. Sept. 12, 2012)......................................6

*Darlington v. Mangum,*
　450 S.E.2d 809 (W. Va. 1994)..................................................................................7

*Deutsche Bank Nat'l Trust Co. v. FDIC,*
　744 F.3d 1124 (9th Cir. 2015) .................................................................................4

*District of Columbia v. Dep't of Labor,*
　819 F.3d 444 (D.C. Cir. 2016) .................................................................................6

*Eclectic Properties E., LLC v. Marcus & Millichap Co.,*
　751 F.3d 990 (9th Cir. 2014) .................................................................................11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

*Eurosemillas, S.A. v. Uttarwar*,
   854 Fed. Appx. 137 (9th Cir. 2021) ................................................................................2

*FDIC v. Bernstein*,
   944 F.2d 101 (2d Cir. 1991) ........................................................................................7

*FDIC v. Ching*,
   2016 U.S. Dist. LEXIS 149910 (E.D. Cal. Oct. 28, 2016) ............................................7

*FDIC v. Nichols*,
   885 F.2d 633 (9th Cir. 1989) ......................................................................................7

*FDIC v. Urban P'ship Bank*,
   2018 U.S. Dist. LEXIS 73955 (N.D. Ill. May 1, 2018) ..............................................4

*Fed. Crop Ins. Corp. v. Merrill*,
   332 U.S. 380 (1947) ...................................................................................................7

*Fed. Sav. & Loan Ins. Corp. v. Musacchio*,
   695 F. Supp. 1053 (N.D. Cal. 1988) ...........................................................................7

*Senior Unsecured Creditors' Comm. of First Republicbank Corp. ex rel. First Republicbank Corp. v. FDIC*,
   749 F. Supp. 758 (N.D. Tex. 1990) ...........................................................................12

*FMC v. S.C. State Ports Auth.*,
   535 U.S. 743 (2002) ...................................................................................................6

*Harrison v. Adams*,
   128 P.2d 9 (Cal. 1942) .............................................................................................10

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ...................................................................................3

*Henderson v. Bank of New England*,
   986 F.2d 319 (9th Cir. 1993) ......................................................................................1

*Hindes v. FDIC*,
   137 F.3d 148 (3rd Cir. 1998) ...................................................................................12

*HK Cap. LLC v. FDIC*,
   2024 U.S. Dist. LEXIS 91160 (S.D.N.Y, May 21, 2024) ...........................................12

*Jafari v. FDIC*,
   2015 U.S. Dist. LEXIS 73988 (S.D. Cal. June 8, 2015) ..........................................1, 2

*Johnson v. CFTC*,
   2023 U.S. App. LEXIS 4060 (7th Cir. Feb. 22, 2023) ................................................7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

*La. Oil & Gas Interests, LLC v. Shell Trading U.S. Co.*,
    949 F.3d 915 (5th Cir. 2020) .............................................................................16

*Landy v. FDIC*,
    486 F.2d 139 (3d Cir. 1973)................................................................................6

*Mangindin v. Wash. Mut. Bank*,
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ..............................................................14

*Manown v. Cal-Western Reconveyance Corp.*,
    2009 U.S. Dist. LEXIS 68392 (S.D. Cal. Aug. 4, 2009) ....................................14

*Marina de Ponce, Inc. v. FDIC*,
    2018 U.S. Dist. LEXIS 29830 (D.P.R. Feb. 23, 2018) .......................................17

*Mend Health, Inc., v. Carbon Health Technologies, Inc.*,
    588 F.Supp.3d 1049 (C.D. Cal. 2022) .................................................................7

*Murphy v. FDIC*,
    38 F.3d 1490 (9th Cir. 1994) .......................................................................16, 17

*Nathanson v. Cardtronics, Inc.*,
    2009 U.S. Dist. LEXIS 136167 (C.D. Cal. Mar. 26, 2009).................................12

*Nome Eskimo Cmty. v. Babbitt*,
    67 F.3d 813 (9th Cir. 1995) ...............................................................................15

*Odinma v. Aurora Loan Servs.*,
    2010 U.S. Dist. LEXIS 54190 (N.D. Cal. June 3, 2010) ....................................10

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) .............................................................................13

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*,
    2009 U.S. Dist. LEXIS 89723 (S.D. Cal. Sept. 29, 2009)..................................14

*R.J. Cardinal Co. v. Ritchie*,
    32 Cal. Rptr. 545 (Cal. Dist. Ct. App. 1963) .......................................................3

*Sahni v. Am. Diversified Partners*,
    83 F.3d 1054 (9th Cir. 1996) ...............................................................................4

*Sharpe v. FDIC*,
    126 F.3d 1147 (9th Cir. 1997) ..............................................................................4

*SmithKline Beecham Corp. v. Cont'l Ins. Co.*,
    2004 U.S. Dist. LEXIS 15751 (E.D. Pa. Aug. 4, 2004)......................................14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– v –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Starr Indem. & Liab. Co. v. Peerless Ins. Co.*,
    2015 U.S. Dist. LEXIS 81493 (C.D. Cal. June 22, 2015) .................................................... 16

*StreamCast Networks, Inc. v. IBIS LLC*,
    2006 U.S. Dist. LEXIS 97607 (C.D. Cal. May 1, 2006) .................................................... 14

*In re SVB Fin. Grp.*,
    2024 Bankr. LEXIS 1790 (Bankr. S.D.N.Y. Aug. 2, 2024) ............................................ 3, 8

*SVB Fin. Grp. v. FDIC*,
    2024 U.S. Dist. LEXIS 141371 ............................................................................................ 7

*The Pantry, Inc. v. Stop-N-Go Foods, Inc.*,
    777 F. Supp. 713 (S.D. Ind. 1991) .................................................................................... 15

*Thigpen v. Sparks*,
    983 F.2d 644 (5th Cir. 1993) ............................................................................................. 17

*U.S. v. Bazantes*,
    978 F.3d 1227 (11th Cir. 2020) ........................................................................................... 6

*U.S. v. Tacoma Oriental S.S. Co.*,
    86 F.2d 363 (9th Cir. 1936) ............................................................................................... 15

*U.S. v. Washington*,
    759 F.2d 1353 (9th Cir. 1985) ........................................................................................... 14

*Waldron v. FDIC*,
    935 F.3d 844 (9th Cir. 2019) ............................................................................................. 11

*Walker v. KFC Corp.*,
    728 F.2d 1215 (9th Cir. 1984) ........................................................................................... 10

*Westberg v. FDIC*,
    926 F. Supp. 2d 61 (D.D.C. 2013) ...................................................................................... 2

*Wisdom v. JP Morgan Chase & Co.*,
    2024 U.S. Dist. LEXIS 92238 (D. Del. May 22, 2024) ..................................................... 12

*Woodbridge Plaza v. Bank of Irvine*,
    815 F.2d 538 (9th Cir. 1987) ....................................................................................... 11, 12

*Wright v. Draeger Inc.*,
    2023 U.S. Dist. LEXIS 188803 (S.D. Ind. Oct. 20, 2023) ................................................ 15

**Statutes**

12 U.S.C. § 1821(i)(2) ............................................................................................................. 12, 13

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

12 U.S.C. § 1821(c)(2)(C) ................................................................................................5

12 U.S.C. § 1821(c)(3)(C) .............................................................................................5, 6

12 U.S.C. § 1821(d)(2)(B)(ii) .............................................................................................4

12 U.S.C. § 1821(d)(9) ......................................................................................................17

12 U.S.C. § 1821(d)(9)(A) ..................................................................................16, 17, 18

12 U.S.C. § 1821(d)(10)(A)-(B) .......................................................................................11

12 U.S.C. § 1821(d)(13)(D) ............................................................................................1, 2

12 U.S.C. § 1821(g)(4) ......................................................................................................12

12 U.S.C. § 1821(j) ...........................................................................................1, 4, 10, 15

12 U.S.C. § 1823(c)(4)(F) ...................................................................................................5

12 U.S.C. § 1823(c)(4)(G)(i)-(ii) ........................................................................................5

12 U.S.C. § 1823(e) ...........................................................................................15, 16, 17

**Other Authorities**

135 Cong. Rec. S12379 (daily ed. June 19, 1989) ............................................................6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. ("FDIC-R2" and together with FDIC-R1, the "FDIC-Rs"), files this *Reply Brief* (the "Reply") in further support of *FDIC-R1 and FDIC-R2's Motion to Dismiss* [D.I. 33] (the "Motion to Dismiss") and in response to Plaintiff SVB Financial Group's Opposition [D.I. 64] (the "Opposition"). Capitalized terms not defined in this Reply have the meanings given to such terms in the Motion to Dismiss.

## INTRODUCTION

Throughout its Opposition, SVB Financial Group ("SVBFG") ignores the plain language of Title 12 in an attempt to manufacture claims against the FDIC-Rs. As a matter of law, however, the Court should dismiss Counts II, III, V, VI, and VII for lack of subject matter jurisdiction because SVBFG failed to assert such claims in the FDIC-Rs' claims process as mandated by 12 U.S.C. § 1821(d)(13)(D). Section 1821(j) of Title 12, which strips courts of jurisdiction, also precludes SVBFG's claims for promissory estoppel (Count II), turnover (Count III), and declaratory judgment (Count VII).

Even if the Court possessed subject matter jurisdiction over all Counts (and it does not), the Court must dismiss the Complaint in its entirety for failure to state a claim, other than Count I, which should be dismissed (i) in its entirety against FDIC-R2, which has no (and never had any) contract with SVBFG and (ii) against FDIC-R1 with respect to prejudgment interest and lost profits.

## REPLY

**I.    The Court Lacks Subject Matter Jurisdiction Over Counts II (Estoppel), III (Turnover), Count V (CFC), Count VI (NBA), and Count VII (Declaratory Judgment) Which Were Not Asserted in the FIRREA Claims Process.**

As the Ninth Circuit has held, 12 U.S.C. § 1821(d)(13)(D) "strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821." *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993). Section 1821(d)(13)(D) bars SVBFG's assertion of legal theories not exhausted in the FIRREA claims process.

In an attempt to avoid dismissal, SVBFG misstates the holding of *Jafari v. FDIC*, 2015 U.S. Dist. LEXIS 73988 (S.D. Cal. June 8, 2015). According to SVBFG, *Jafari* stands for the proposition

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

that "FIRREA does not 'limit a plaintiff's district court case to the causes of action alleged during the administrative process.'" Opp. at 8. But the *Jafari* court determined that the plaintiff exhausted the administrative claims process *because* the plaintiff's legal theories were the same in the FIRREA claims process and plaintiff's subsequent lawsuit. *Id.* at *9 (plaintiffs' claims "involve the same factual predicate and include the same causes of action"). There, the only difference between the administrative claim and the lawsuit was a fact added in the amended complaint. *Id.* Here, Counts II, III, V, VI, and VII assert legal theories that were not exhausted in the FDIC-Rs' claims processes.

"[W]here a FIRREA complaint alleges entirely new legal theories that are different than those reflected in the administrative proof of claim, the Court is without subject matter jurisdiction to consider new causes of action." *Westberg v. FDIC*, 926 F. Supp. 2d 61, 70 (D.D.C. 2013) (quoting *BHC Interim Funding II, L.P. v. FDIC*, 851 F. Supp. 2d 131, 138 (D.D.C. 2012)), *aff'd*, 741 F.3d 1301 (D.C. Cir. 2014); *see also Aljaf Assocs. Ltd. Partnership v. FDIC*, 879 F. Supp. 515, 518 (E.D. Pa. 1995) ("Giving notice of a breach of contract claim does not give notice of a fraud claim."). To allow SVBFG to assert claims against the FDIC-Rs that were not submitted in the FDIC-Rs' claims processes would violate the FIRREA claims process and the plain language of section 1821(d)(13)(D). Counts II, III, V, VI, and VII should be dismissed for lack of subject matter jurisdiction.

## II.    Count I Fails to Allege a Plausible Breach of Contract Claim (a) Against FDIC-R2 and (b) Against FDIC-R1 for Prejudgment Interest or Lost Profits.

### A.    SVBFG Has No Contract with FDIC-R2.

Count I of the Complaint alleges a breach of contract, which inherently requires the existence of a contract. *See Eurosemillas, S.A. v. Uttarwar*, 854 Fed. Appx. 137, 139 (9th Cir. 2021) ("One of the essential elements of a breach-of-contract claim is the existence of a contract."). Yet, SVBFG fails to identify any contract to which both SVBFG *and* Bridge Bank (or FDIC-R2) are parties. SVBFG and SVB (to which FDIC-R1 is the successor in interest) are parties to the Deposit Agreements. FDIC-R2, however, is *not* a party to the Deposit Agreements.

FDIC-R2 succeeded to Bridge Bank's interests under to the Transfer Agreement with FDIC-R1. But SVBFG is *not* a party to (or a third-party beneficiary of) the Transfer Agreement. As Chief Bankruptcy Judge Glenn held, "[t]he Transfer Agreement provided for 'the transfer of certain

Assumed Liabilities, including Assumed Deposits, *as between FDIC-R1 and Bridge Bank*[,]'" and section 9.09 of the Transfer Agreement precludes the application of the agreement to third-party beneficiaries. *In re SVB Fin. Grp.*, 2024 Bankr. LEXIS 1790, *35 (Bankr. S.D.N.Y. Aug. 2, 2024) (emphasis added); *see* Transfer Agr., § 9.09.

In addition, SVBFG does not (and cannot) dispute that California law permits parties to a third-party creditor beneficiary contract to "rescind it at any time prior to the commencement of an action thereon by the beneficiary." *R.J. Cardinal Co. v. Ritchie*, 32 Cal. Rptr. 545, 552 (Cal. Dist. Ct. App. 1963). Therefore, even if SVBFG was a third-party beneficiary of the Transfer Agreement (and it was not), any liability was properly rescinded pursuant to section 4.06 of the Transfer Agreement before SVBFG commenced any action.

Accordingly, Count I fails to allege a breach of contract by FDIC-R2 and must be dismissed.

**B.     SVBFG Cannot Recover Prejudgment Interest or Lost Earnings From FDIC-R1.**

In *Battista v. FDIC*, 195 F.3d 1113 (9th Cir. 1999), the Ninth Circuit held that prejudgment interest cannot be awarded against the FDIC *as receiver*. *Id.* at 1120-21. Citing cases outside the Ninth Circuit, SVBFG argues that the FDIC-Rs are liable for pre-judgment interest in the same way that SVB and Bridge Bank would have been. As already discussed, FDIC-R2 has no liability for breach of a contract to which it was not a party. The Court should reject SVBFG's invitation to ignore the Ninth Circuit's holding in *Battista*. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority within this regime cannot be considered and cast aside . . . . [C]aselaw on point *is* the law.").

Additionally, SVBFG makes no attempt in its Opposition to support a claim for lost earnings. The Deposit Agreement precludes an award of lost profits: "WE ARE NOT LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, PUNITIVE OR SPECIAL DAMAGES UNDER ANY CIRCUMSTANCES, *INCLUDING LOST PROFITS* AND/OR OPPORTUNITY OR REPUTATIONAL HARM." Motion to Dismiss, Mayorga Decl., Ex. B, at 28 (emphasis added). Therefore, SVBFG is prohibited from recovering lost profits.

Accordingly, the Court should dismiss Count I against (i) FDIC-R2 in its entirety and (ii) FDIC-R1 to the extent it seeks prejudgment interest and lost profits.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**III.     Count II (Promissory Estoppel) Fails for Lack of Jurisdiction and Fails to State a Claim.**

**A.     The Relief SVBFG Seeks is Barred By 12 U.S.C. § 1821(j).**

Under section 1821(j), "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a . . . receiver." 12 U.S.C. § 1821(j). Congress enacted section 1821(j) to prohibit any interference with the FDIC-Rs' exercise of its powers or functions. *See Harrington*, 2024 U.S. Dist. LEXIS 123140, *7. "Actions that affect the FDIC-R's ability to pursue claims and fulfill its authority and obligations as receiver *run afoul of § 1821(j)*." *FDIC v. Urban P'ship Bank*, 2018 U.S. Dist. LEXIS 73955, *14 (N.D. Ill. May 1, 2018). Courts have interpreted section 1821(j) as "'a sweeping ouster of courts' power to grant equitable remedies[.]'" *Harrington*, 2024 U.S. Dist. LEXIS 123140, *7 (citing cases); *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) (§ 1821(j) "insulates the actions of the FDIC as receiver from restraint, even where the receiver is alleged to have violated state law and equitable remedies are available").

SVBFG's reliance upon *Sharpe v. FDIC*, 126 F.3d 1147, 1154 (9th Cir. 1997) is misplaced. *Sharpe* was an "unusual case" where "the plaintiffs were not creditors or depositors." *Deutsche Bank Nat'l Trust Co. v. FDIC*, 744 F.3d 1124, 1131, 1135 & 1137 (9th Cir. 2015). "*Sharpe* does not establish [SVBFG's] entitlement to a constructive trust or to other equitable relief. Under the facts as pled by [SVBFG], it is" a depositor or creditor "seeking payment of sums due under a contract" and, therefore, is subject to section 1821(j)'s jurisdictional bar. *Id.* at 1337 n.7.

SVBFG argues (among other things) that the FDIC-Rs should be "estopped from disregarding the Treasury Secretary's invocation and determination of the [SRE] as it was contemporaneously and repeatedly described as an action to protect all uninsured deposits of SVB, including SVBFG's Account Funds." Compl. ¶ 153. Section 1821(j) mandates dismissal of Count II because it seeks equitable relief to prevent the FDIC-Rs' assertion of defensive setoff rights against SVBFG's claims. *See infra* section III.B.1; 12 U.S.C. § 1821(d)(2)(B)(ii) and (iv).

**B.     The Complaint Fails to State a Claim for Promissory Estoppel.**

**1.     The Secretary Does Not "Direct" the FDIC-Rs.**

In connection with the SRE, the Secretary has one job—to determine whether the FDIC's "compliance with subparagraphs (A) and (E) [the least cost resolution provisions] with respect to an

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

insured depository institution for which the Corporation has been appointed receiver would have serious adverse effects on economic conditions or financial stability" and "any action or assistance under this subparagraph would avoid or mitigate such adverse effects." 12 U.S.C. § 1823(c)(4)(G)(i)-(ii). Upon such determination, the baton is passed to the FDIC, which "may take other action or provide assistance under this section for the purpose of winding up the insured depository institution for which the Corporation has been appointed receiver as necessary to avoid or mitigate such effects." *Id.*; *see, e.g.,* 12 U.S.C. § 1823(c)(4)(F) (with respect to the FDIC-C, "[a]ny determination which the Corporation may make under this paragraph [4] shall be made in the sole discretion of the Corporation").

SVBFG asserts that, through press releases and official statements, the Secretary "repeatedly announced to the world that all deposits of all depositors would be protected." Opp. at 15. SVBFG argues—without citation to any authority—that the FDIC-Rs are controlled by the Secretary and bound to comply with the Secretary's alleged "mandate" or "guarantee that all depositors would have access to their funds." *See* Opp. at 14; Compl. ¶ 88. To advance its argument, SVBFG incorrectly asserts that the reference to "other action" in section 1823(c)(4)(G) refers to action other than action "mandated" by the Secretary. To the contrary, "other action" refers to action other than the least cost resolution provisions in section 1823(c)(4)(A) and (E) to which section 1823(c)(4)(G) refers because those provisions do not apply once the SRE is approved.

But the Court need not parse the language in section 1823(c)(4) because the text and history of the provisions of Title 12 applicable to the FDIC-Rs are crystal clear: Section 1821(c)(3)(C) expressly states, the FDIC, *as receiver*, "*shall not be subject to the direction or supervision of any other agency or department of the United States . . . in the exercise of its rights, powers, and privileges*." 12 U.S.C. § 1821(c)(3)(C) (emphasis added); *see* 12 U.S.C. § 1821(c)(2)(C) (same). The Secretary does not direct the actions of the FDIC, as receiver, and she did not purport to do so here. Notably, this independence from the "direction and supervision" of other agencies or departments (like the Treasury Department) is *not* a new concept in Title 12. Former section 1821(d) of Title 12 expressly provided that "[i]n the exercise of such rights, powers, and privileges, *the Corporation shall not be subject to the direction or supervision of the Secretary of the Treasury* or the Comptroller of

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

the Currency." *Landy v. FDIC*, 486 F.2d 139, 150 (3d Cir. 1973) (emphasis added). By enacting FIRREA, the prohibition on the Secretary's "direction" and supervision of the FDIC, as receiver, was expanded to preclude the direction or supervision by *all* federal and state agencies and departments when the FDIC is acting as receiver of a failed bank. *See* 135 Cong. Rec. S12379 (daily ed. June 19, 1989) ("Unless the FDIC operates an institution in conservatorship as a going concern, *the institution will be free from supervision by other agencies or departments*.") (emphasis added).

Thus, under sections 1821(c)(3)(C) and (c)(2)(C), the FDIC-Rs function independently, free of any direction or supervision by the Secretary (or any federal or state agency) with respect to their action or inaction after invocation of the SRE. *As a matter of law*, and regardless of what SVBFG alleges, the Secretary cannot and did not direct the FDIC-Rs to do anything.

The Secretary also lacks the power to rewrite Title 12. *See U.S. v. Bazantes*, 978 F.3d 1227, 1245 n.6 (11th Cir. 2020) ("Congress can and does amend statutes at will. Federal agencies . . . cannot."). Separation of powers concerns do not allow "for the Executive Branch and the courts to rewrite the statute beyond what the statute's terms can reasonably bear." *District of Columbia v. Dep't of Labor*, 819 F.3d 444, 450 (D.C. Cir. 2016); *FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 773 (2002) (Agencies "are more appropriately considered to be part of the Executive Branch."). The Secretary cannot amend, repeal, or otherwise modify section 1821(c)(3)(C) — or the FIRREA claims process under sections 1821(d)(3)-(13) — by press release, official statement, or otherwise. *See Cramer v. Brown*, 2012 U.S. Dist. LEXIS 200053, *10 (C.D. Cal. Sept. 12, 2012) ("[P]ress releases are irrelevant in interpreting the clear language of the statute.").

Regardless of its alleged reliance upon the Secretary's statements, SVBFG is also charged with knowledge of the limitations imposed on the Secretary's authority under section 1821(c)(3)(C). As the Supreme Court recognized long ago:

> Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress . . . . And this is so

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

even though . . . the agent himself may have been unaware of the limitations upon his authority.

*Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947); *see generally Johnson v. CFTC*, 2023 U.S. App. LEXIS 4060, *11 (7th Cir. Feb. 22, 2023) (agency personnel could not alter whistleblower eligibility standards where they lacked statutory authority to do so). "[O]therwise such promises could override statutory law." *Darlington v. Mangum*, 450 S.E.2d 809, 812 (W. Va. 1994).

### 2.    FDIC-C's Statements Cannot Be Imputed to FDIC-Rs.

Although SVBFG bases its claims in Count I on the FDIC-Rs' alleged breach of the Deposit Agreements, SVBFG implausibly argues that FDIC officials (and the Secretary) guaranteed full payment of SVBFG's deposit liabilities without regard to defenses under the same Deposit Agreements and the limitations on liability contained therein. Opp. at 15. As support, SVBFG seeks to impute to the FDIC-Rs statements concerning implementation of the SRE that it attributes to FDIC-C. In accordance with binding authority, however, this Court held that the FDIC, in its capacity as receiver, and the FDIC, in its corporate capacity, are two *legally distinct entities*. *SVB Fin. Grp. v. FDIC*, 2024 U.S. Dist. LEXIS 141371, *40 ("the FDIC-C and the FDIC-R1 are legally distinct entities"); *see FDIC v. Nichols*, 885 F.2d 633, 636 (9th Cir. 1989); *Bullion Servs. v. Valley State Bank*, 50 F.3d 705, 708-09 (9th Cir. 1995); *British Columbia Inv. Co. v. FDIC*, 420 F. Supp. 1217, 1224 (S.D. Cal. 1976); *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1067 n.7 (N.D. Cal. 1988). As a distinct legal entity, the FDIC-Rs are not bound by or liable for FDIC-C's statements (which do not support SVBFG's assertion that the SRE eliminated defenses). *See FDIC v. Ching*, 2016 U.S. Dist. LEXIS 149910, *4 (E.D. Cal. Oct. 28, 2016) ("Because the FDIC-C and the FDIC-R are separate legal entities, the FDIC-R is not responsible for the actions of the FDIC-C"); *FDIC v. Bernstein*, 944 F.2d 101, 106 (2d Cir. 1991) ("wrongful conduct attributed to the FDIC as corporation cannot be attributed to the FDIC as receiver").

### 3.    FDIC-R1's Statements Belie SVBFG's Promissory Estoppel Claim.

A plausible claim for promissory estoppel requires a clear and unambiguous promise by the party against whom the plaintiff asserts the claim. *See Mend Health, Inc., v. Carbon Health Technologies, Inc.*, 588 F.Supp.3d 1049 (C.D. Cal. 2022).

– 7 –

Confronted with the legal separateness of FDIC-C and the FDIC-Rs, and the Secretary's inability to "direct" the FDIC-Rs, SVBFG asserts that FDIC-R1 and Bridge Bank "adopted the Treasury Secretary, FDIC-C, and the Federal Reserve's guarantee that all depositors would have access to their funds." Opp. at 14. However, the alleged "adoptions" are *not* statements of the FDIC-R1 or FDIC-R2. Moreover, even if FDIC-Rs adopted such statements (and they did not), SVBFG initially *did have access* to its account, which FDIC-R1 provided through the Transfer Agreement with Bridge Bank. SVBFG does not (and cannot) allege that the FDIC-C or the Secretary ever guaranteed depositors that access to their accounts would not be impacted by the FDIC-R1's exercise of rights reserved under the Transfer Agreement or provided under the Deposit Agreements or applicable law.

Nor can SVBFG claim any rights based upon Bridge Bank's assumption of liability for the Deposit Claim under the Transfer Agreement because, as Chief Bankruptcy Judge Glenn determined, SVBFG is *not* a third-party beneficiary under the Transfer Agreement. *In re SVB Fin. Grp.*, 2024 Bankr. LEXIS 1790, *35 (quoting § 9.09 of the Transfer Agreement).

Moreover, the Transfer Agreement expressly authorized FDIC-R1 to call back SVBFG's account liability. *See* Transfer Agr. § 2.04. As SVBFG admits, FDIC-R1 did so by March 16, 2023. Compl. ¶¶ 90-93. Although SVBFG alleges that FDIC-R1 "never identified the basis for those instructions," FDIC-R1 was not required to do so as SVBFG had no rights under the Transfer Agreement. Accordingly, as a matter of law, SVBFG has no basis to allege that FDIC-R1 "adopted" any alleged guarantees of payment on account of the Deposit Claim.

Similarly, SVBFG's allegation that the FDIC-Rs "confirmed and reiterated" those promises fails scrutiny. In support of that allegation, SVBFG cites to paragraphs 69 and 70 of the Complaint. Opp. 15. In those paragraphs, SVBFG points to statements of FDIC-R1's counsel (who was not representing FDIC-R2 at that time) that "*[t]o the extent that the FDIC agrees that any amount is due to the Debtor (and unavailable for setoff)*, such amount will be paid in full through the Deposit Insurance Fund" and "*to the extent [SVBFG]'s claim is allowed and is not subject to set off or has been reduced by amounts that may be entitled to set off*, that claim would be paid by the deposit insurance fund." Compl. ¶¶ 69-70 (emphasis added). Those statements belie SVBFG's claim that it is

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 8 –

entitled to full payment of its Deposit Claim other than in accordance with the Deposit Agreements, which expressly provide for setoff.

SVBFG also cannot plausibly allege that the FDIC-Rs adopted, confirmed, or reiterated statements of the FDIC-C, the Secretary, or anyone to the extent they are inconsistent with FDIC-R1's statements, particularly where such statements were made *after* FDIC-R1's clear declarations retaining its setoff rights. *See, e.g.,* Compl. ¶¶ 12 n.2 (3/28/23 testimony and 5/1/23 materials); 58 & 76 n.3 (GAO Report dated April 2023); 61 & 82 (12/5/23 meeting transcript); 68 (3/16/23 statement); 72 (March 23, 2023 statement); 73 (3/28/23 testimony), 74 (3/28/23 statement); 75 (3/29/23 statement); 78 (5/11/23 statement); 79 (5/16/23 statement); 80 (5/18/23 statement); 81 (12/5/23 statement); and 83 (12/5/23 statement). And, in any event, as discussed, neither press releases nor statements of government officials can amend Title 12.

All events material to Count II of the Complaint, from approval of the SRE to the rescission of Bridge Bank's assumption of the SVBFG deposit liability, took place over a hectic four-day period from March 12, 2023, to March 16, 2023, at the latest. Thus, the *only* statements on which SVBFG could claim reliance would be the joint, interagency statement announcing the SRE on March 12, 2023, and the similar statement by FDIC-C on March 13, 2023. *See* Compl. ¶¶ 12, 14. As alleged by SVBFG, neither of those statements was made by the FDIC-Rs. The statements, contained in press releases, confirmed, first, that SVB's failure would not cause a loss to depositors and, second, that depositors would gain access to their accounts on March 13, 2023, which they did. They did not, however, *clearly and unambiguously* promise that depositors (let alone shareholders) would receive payment without regard to claims and defenses available to SVB or the FDIC-R1. Thus, even in light of the public statements by FDIC-C, SVBFG's promissory estoppel claim fails to achieve the threshold for plausibility.

### 4.    The Deposit Agreements Preclude SVBFG's Promissory Estoppel Claim.

In response to FDIC-Rs' assertion that promissory estoppel is unavailable due to the Deposit Agreements, SVBFG asserts (without factual support) that the FDIC-Rs made extra-contractual promises, "extend[ing] beyond the terms of the Deposit Agreements because they require the payment of all of SVBFG's uninsured deposits irrespective of the terms of the Deposit Agreements." Opp. at

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

15. However, as discussed, the FDIC-Rs made no such promise. The Deposit Agreements, and SVBFG's Count I claim for breach of those agreements, preclude the promissory estoppel claim. *See Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984) ("Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract."); *Odinma v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 54190, *27 (N.D. Cal. June 3, 2010) (granting motion to dismiss "[b]ecause the existence of a contract bars application of promissory estoppel").

SVBFG also attempts to save its promissory estoppel claim by asserting that FDIC-R1 has no setoff rights because its claims are contingent and unliquidated. But, as discussed, the issue is whether the FDIC-Rs agreed to pay the Deposit Claim "in full" without exercising setoff rights. Even if the substance of FDIC-R1's setoff rights is considered (*before they have been asserted*), SVBFG's argument still fails because FDIC-R1's setoff defenses are neither contingent nor unliquidated. All events necessary for SVBFG's liability have occurred. In fact, they occurred before SVBFG even filed its bankruptcy petition on March 17, 2023. Additionally, those claims are liquidated because the amounts are determinable based on the damages caused by SVBFG's wrongful conduct (for the benefit of itself and management at the expense of SVB). The fact that FDIC-R1's setoff defenses have not been reduced to judgment does not render them contingent or unliquidated. *See Harrison v. Adams*, 128 P.2d 9, 11-12 (Cal. 1942). Count II must be dismissed.

## IV.   Count III Fails for Lack of Subject Matter Jurisdiction and Failure to State a Turnover Claim Under Section 542 of the Bankruptcy Code.

Count III fails because this Court lacks subject matter jurisdiction over the turnover claim. 12 U.S.C. § 1821(j) strips this Court of jurisdiction to order equitable relief, such as "turn over," against the FDIC-Rs because such relief would "restrain or affect" the FDIC-Rs' exercise of their powers or functions as receiver to preserve and conserve the assets of the receiverships and administer the FIRREA claims process. *Harrington*, 2024 U.S. Dist. LEXIS 123140, *8, & *15; 12 U.S.C. §§ (d)(2)(B)(iv) and (3)–(13).

The Court also should dismiss SVBFG's turnover claim for failure to state a claim because the alleged debt is not, and cannot be, payable on demand. Instead, it merely concerns a claim that, like

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

any claim seeking payment from, or relating to the alleged acts or omissions of, the FDIC, as receiver, is subject to the FIRREA claims process. *See Waldron v. FDIC*, 935 F.3d 844, 849 (9th Cir. 2019); *see also* 12 U.S.C. § 1821(d)(10)(A)-(B) (FDIC, as receiver, has discretion regarding timing of the payment of claims). The Opposition's focuses only on whether the so-called Account Funds are in dispute (Opp. at 16) and ignores this critical element of a turnover claim.

**V.    Count IV Fails to State a Claim for Violation of the Automatic Stay.**

In light of contrary Supreme Court precedent and this Court's ruling in SVBFG's action against FDIC-C, SVBFG has withdrawn its allegations in Count IV of a stay violation based on the non-payment of its Deposit Claim. *See* Opp. at 18. Such claim should be dismissed with prejudice.

SVBFG, however, still clings to the assertion of a stay violation based on FDIC-Rs' purported post-petition "reversal" of a $6.2 million transaction relating to intercompany receivables. *See* Compl. ¶ 166. SVBFG's allegation seems to concern a bookkeeping entry by Bridge Bank, rather than any action to collect or enforce a debt or to exercise control over SVBFG's property. Regardless, SVBFG's skeletal allegation fails to state a plausible claim because there are insufficient facts to draw a reasonable inference that the FDIC-Rs are liable for a stay violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Opposition fails to expand on the Complaint's failure to articulate the who, when, where or how involving the alleged "reversal." Because SVBFG's stay violation claim fails to include sufficient "factual enhancement to cross the line between possibility and plausibility," *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (internal quotation marks omitted), Count IV must be dismissed.

**VI.    Counts V and VI Fail to State Claims Under the CFC and NBA.**

**A.    SVBFG Lacks a Private Right of Action and/or Entitlement to Monetary Damages Under the CFC and NBA.**

SVBFG relies upon inapposite cases in an attempt to save its failed ratable distribution claims from multiple gating issues. But no private right of action exists under either the CFC against FDIC-R1 or the NBA against FDIC-R2. SVBFG fails to cite a single case holding that it has a private right of action and can seek monetary damages under CFC §§ 1406 and 681. Contrary to SVBFG's claims, *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 541 (9th Cir. 1987), involved a claim for

– 11 –

declaratory judgment, not monetary damages as SVBFG seeks here, and arose under "predecessor provisions" to the statutes at issue. *See* Compl. ¶¶ 175, 181; Opp. at 22, 23. SVBFG's attempt to pivot to the catch-all language under 12 U.S.C. § 1821(g)(4) that "the rights of depositors and other creditors of any State depository institution shall be determined in accordance with the applicable provisions of State law" and non-binding breach of fiduciary duty case law to manufacture a private right of action under the CFC is unavailing. *See* Opp at 21. Where a statute "is devoid of any language granting a private right of action," none can be inferred. *Nathanson v. Cardtronics, Inc.*, 2009 U.S. Dist. LEXIS 136167, *3 (C.D. Cal. Mar. 26, 2009) (noting that the CFC does not create a general private right of action); *see, also, Hindes v. FDIC*, 137 F.3d 148, 169-171 (3rd Cir. 1998) (addressing lack of private right of action regarding FDIC's statutory duties as receiver); *HK Cap. LLC v. FDIC*, 2024 U.S. Dist. LEXIS 91160, *10 (S.D.N.Y, May 21, 2024) (same). CFC §§ 1406 and 681 do not provide for a private right of action or monetary damages and, as such, SVBFG's claim arising under the CFC fails.

For similar reasons, SVBFG fails to satisfy its burden of demonstrating that it has a private right of action or entitlement to monetary damages against FDIC-R2 under sections 91 and/or 194 of the NBA. *See, e.g.*, *Wisdom v. JP Morgan Chase & Co.*, 2024 U.S. Dist. LEXIS 92238, *6 (D. Del. May 22, 2024) ("There is no private right of action under the National Bank Act"). SVBFG's attempt to create a private right of action or right to relief by analogizing the statutory language of NBA §§ 94 and 194 to claims for breach of fiduciary duty (Opp. at 24-25) likewise fails in the absence of express statutory language, as discussed *supra*.

**B.    The Ratable Distribution Provisions of the CFC and NBA Are Inapplicable.**

As set forth in FDIC-Rs' Motion to Dismiss (pp. 19-21), the enactment of section 1821(i)(2) of Title 12 superseded the "ratable distribution" requirement under section 194 of the NBA and, by extension, section 1406(c) of the CFC. "With the enactment of § 1821(i)(2), Congress repealed former § 11(d) of the FDIA, which subjected the FDIC to the ratable distribution requirements of the NBA, and thereby effectively overruled prior inconsistent judicial decisions." *Senior Unsecured Creditors' Comm. of First Republicbank Corp. ex rel. First Republicbank Corp. v. FDIC*, 749 F. Supp. 758, 773 (N.D. Tex. 1990) (citing *Woodbridge Plaza*, 815 F.2d at 541-42). Section 1821(i) specifically provides that it governs "notwithstanding any other provision of Federal law or the law of any State."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 12 –

As SVBFG concedes, CFC §§ 1406 and 681 are analogous to the ratable distribution provisions of the NBA (Opp. at 21), and thus suffer from the same fundamental flaw.

All but two of the ratable distribution cases cited by SVBFG either predate FIRREA or address pre-FIRREA receiverships and therefore are inapplicable. The only cited decisions addressing post-FIRREA receiverships are *Adams v. Zimmerman*, 73 F.3d 1164 (1st Cir. 1996) and *Branch v. FDIC*, 825 F. Supp. 384 (D. Mass. 1993), a much criticized district court decision. *See, e.g. Pareto v. FDIC*, 139 F.3d 696, 701 (9th Cir. 1998). In *Adams*, the First Circuit affirmed the dismissal of the plaintiff's claim for a constructive trust because it would amount to a preference, writing, "The FDIC, as receiver, is authorized to distribute the assets of a failed bank to all creditors on a pro rata basis pursuant to the National Bank Act at 12 U.S.C. §§ 91 and 194, and the FIRREA at 12 U.S.C. § 1821(i)(2)." *Adams v. Zimmerman*, 73 F.3d at 1171. The court's reasoning suggests that, subject to the limitations under section 1821(i)(2), ratable distribution is still a governing principal for FDIC receiverships. *Id*. n. 8. Indeed, it is. But *Adams* does not support SVBFG's argument that creditors possess a cause of action to recover an amount determined by booked liabilities and the bank's hypothetical liquidation value at failure. Instead, it merely confirms that ratable distribution precludes certain claims.

*Branch*, as the Ninth Circuit suggested in *Pareto*, is an outlier. *Branch* held, "even after section 1821(i), unassumed creditors may still maintain an action against FDIC–Corporate under sections 91 and 194 of the NBA to ensure a ratable distribution up to liquidation value." *Branch v. FDIC*, 825 F. Supp. at 414-415. For the reasons stated above and in the motion to dismiss, the FDIC-Rs disagree. Regardless, *Branch* is inapposite. There, the plaintiff's ratable distribution claim concerned an allegation that the FDIC, in its corporate capacity, engineered asset sales and purchase and assumption agreements to ensure the plaintiff's claims remained in a receivership stripped of assets. *Id*. at 415. Assuming the applicability of CFC §§ 1406 and 681 and NBA §§ 91 and 194, SVBFG has not alleged, and cannot allege, that the transactions involving FDIC-R1, the Bridge Bank, and FDIC-R2 have deprived it (or will deprive it) of a ratable distribution. Nothing in any of the FDIC-Rs' filings or statements suggests that SVBFG will not receive a ratable distribution from FDIC-R1 following a determination of its claims. And, because SVBFG lacks a valid claim against FDIC-R2, it is entitled

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 13 –

1   to no distribution from the Bridge Bank receivership, ratable or otherwise. For those reasons, Counts

2   V and VI are also implausible. Counts V and VI should be dismissed.

3   **VII.   Count VII Fails for Lack of Subject Matter Jurisdiction and Failure to State a Claim for**

4   **Declaratory Judgment.**

5       Count VII of the Complaint, which seeks declaratory judgment, should be dismissed. *First*, the

6   Opposition concedes that the remedy SVBFG seeks through declaratory judgment is duplicative of

7   what it would be afforded should it prevail on any of several other causes of action it has asserted.

8   Under Ninth Circuit law, declaratory relief should be denied when it serves no "useful purpose." *U.S.*

9   *v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). Courts in the Ninth Circuit have held that no

10  useful purpose is served, and a "claim for declaratory relief is unnecessary[,] where an adequate

11  remedy exists under some other cause of action." *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009

12  U.S. Dist. LEXIS 89723, *14-15 (S.D. Cal. Sept. 29, 2009); *see, e.g., Manown v. Cal-Western*

13  *Reconveyance Corp.*, 2009 U.S. Dist. LEXIS 68392, *17 (S.D. Cal. Aug. 4, 2009) ("Because

14  Plaintiffs' have sought adequate remedies under their other causes of action, declaratory relief is

15  redundant and unnecessary.").

16      SVBFG seeks payment on account of its Deposit Claim in multiple counts, including a breach

17  of contract claim (Count I). Were it to prevail on its breach of contract claim, SVBFG would secure

18  the ultimate relief (payment on its Deposit Claim) SVBFG seeks in its declaratory judgment claim.

19  Courts have held that, "'[w]here determination of [a] breach of contract claim [will] resolve any

20  question regarding interpretation of the contract, there is no need for declaratory relief,' and dismissal

21  of a companion declaratory relief claim is appropriate." *StreamCast Networks, Inc. v. IBIS LLC*, 2006

22  U.S. Dist. LEXIS 97607, *10-11 (C.D. Cal. May 1, 2006); *Permpoon*, 2009 U.S. Dist. LEXIS 89723,

23  *15 ("the declaratory relief Plaintiff[] seek[s] is entirely commensurate with the relief sought through

24  [its] other causes of action" and is "duplicative and unnecessary"); *see also, e.g., Mangindin v. Wash.*

25  *Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("declaratory relief is unnecessary where an

26  adequate remedy exists under some other cause of action."); *SmithKline Beecham Corp. v. Cont'l Ins.*

27  *Co.,* 2004 U.S. Dist. LEXIS 15751, *3 (E.D. Pa. Aug. 4, 2004) ("Because SmithKline's breach of

28  contract claims will afford SmithKline full relief, if successful, SmithKline's declaratory judgment

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 14 –

claims are duplicative and will be dismissed"); *The Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F. Supp. 713, 717-18 (S.D. Ind. 1991) ("declaratory judgment claim [was] inappropriately raised because the plaintiff [would] be fully compensated if it prevails on the breach of contract claim").

*Second*, SVBFG's request for a declaration that it "was not required to file an administrative claim" with either FDIC-R1 or FDIC-R2 is moot because SVBFG chose to file such claims and is now litigating those claims in this Court. "[A] declaratory judgment may not be used to secure judicial determination of moot questions." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 816 (9th Cir. 1995) (quotation marks omitted). SVBFG's "course of action has already been taken—i.e., what's done, is done." *Wright v. Draeger Inc.*, 2023 U.S. Dist. LEXIS 188803, *18 (S.D. Ind. Oct. 20, 2023).

*Finally*, section 1821(j)'s "sweeping ouster" of a court's jurisdiction to grant equitable remedies, including declaratory relief, precludes the relief sought. *Harrington*, 2024 U.S. Dist. LEXIS 123140, *7. SVBFG weakly argues that declaratory judgment does not violate section 1821(j) because it "is not akin to an injunction at all." Opp. at 28. That assertion is belied by SVBFG's requests for relief where it seeks an order "requiring the FDIC-Rs to pay to SVBFG the full amounts requested." Compl. ¶ (e), p. 56; *see U.S. v. Tacoma Oriental S.S. Co.*, 86 F.2d 363, 368 (9th Cir. 1936) ("What is sought is a mandatory injunction requiring payment of the debt.").

Section 1821(j) also strips courts of jurisdiction to enter orders "affect[ing]" the FDIC-Rs exercise of its powers and functions. Declaratory relief regarding the claims that SVBFG submitted in the FDIC-Rs' claims processes will necessarily affect the FDIC-Rs' exercise of their powers and functions, including the administration of their claims processes and the timing of distribution on account of claims as and when the FDIC-Rs deem appropriate under 1821(d)(10) of Title 12. *See* 12 U.S.C. §§ 1821(d)(3)-(13).

## VIII.    Counts X-XII Fail to State a Claim for Breach of Contract.

Finally, SVBFG asserts that it adequately pled claims for breach of contract by falsely accusing the FDIC-Rs of relying on state procedural rules and misinterpreting the requirements of 12 U.S.C. § 1823(e). SVBFG is mistaken. Claims X, XI, and XII should be dismissed for failure to state plausible claims for relief under California substantive law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### A.    SVBFG Fails to Plead Sufficient Facts to Allege A Plausible Claim.

The Opposition leads with the unremarkable concept that "in federal courts, federal procedural rules apply" and thus Federal Rule of Civil Procedure 8 governs SVBFG's Complaint. *See* Opp. at 28. The FDIC-R1 agrees. At no point have the FDIC-Rs asserted that California procedural rules apply here. *See, e.g.*, *La. Oil & Gas Interests, LLC v. Shell Trading U.S. Co.*, 949 F.3d 915, 918–21 (5th Cir. 2020) (state law governs required elements of claim, but federal pleading standards govern whether those elements are adequately alleged).

SVBFG fails to plead a plausible breach of contract claim in Counts X, XI, and XII. Many of its allegations regarding these breach of contract claims are based upon "information and belief." *See* Compl. ¶¶ 137, 214, 229, 230. *See Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926-27 (9th Cir. 2013) (holding that an allegation stating that "on information and belief" a defendant directed the actions of other defendants is conclusory and insufficient to state a claim); *see*, *e.g.*, Compl., ¶¶ 229, 230 ("On information and belief…").

Moreover, SVBFG does not allege that it paid the bankruptcy claims for which it seeks reimbursement. *See Starr Indem. & Liab. Co. v. Peerless Ins. Co.*, 2015 U.S. Dist. LEXIS 81493, *12 (C.D. Cal. June 22, 2015) (dismissing indemnity claim where plaintiff failed to allege that it paid any claims and, therefore, suffered no damages). Not only has SVBFG failed to allege that it paid any of those claims, SVBFG makes *no* "admission of liability" to those creditors and asserts that their claims are "unliquidated and undetermined." *See* Compl., Schedules 1-3. SVBFG cannot state a plausible breach by FDIC-R1 in failing to pay or reimburse SVBFG for claims that SVBFG does not even concede liability or assert a liquidated or determined amount. Accordingly, Counts X-XII should be dismissed for failure to state plausible claims for relief.

### B.    FIRREA Bars SVBFG's Breach of Contract Claims.

Counts X, XI, and XII also should be dismissed because FIRREA bars claims against the FDIC-Rs based on unwritten agreements. *See* 12 U.S.C. §§ 1821(d)(9)(A). SVBFG argues, inappositely, that 12 U.S.C. § *1823(e)* is not applicable to its breach of contract claims because the bar on unwritten agreements in that statute relates only to assets, not liabilities of a failed bank. Opp. at 29, citing the Ninth Circuit's decision in *Murphy v. FDIC*, 38 F.3d 1490, 1500-01 (9th Cir. 1994).

– 16 –

The Ninth Circuit specifically stated in *Murphy* that it had "no occasion to determine the applicability of the new provision in FIRREA at 12 U.S.C. § 1821(d)(9)[,]" which provides that "[a]ny agreement which does not meet the requirements set forth in [12 U.S.C. § 1823(e)] *shall not form the basis of, or substantially comprise, a claim against the receiver* or the Corporation." *Murphy*, 38 F.3d at 1501 (quoting § 1821(d)(9)) (emphasis added). Section 1821(d)(9)(A), the governing provision here, expressly applies to claims against the receiver based on contractual liabilities of the failed bank.

SFBFG also argues that section 1821(d)(9)(A) does not apply because it "concern[s] contracts impacting that value of banks' assets." Opp. at 29. Although some courts construe section 1821(d)(9) as SVBFG suggests, *see, e.g., Thigpen v. Sparks*, 983 F.2d 644 (5th Cir. 1993), that construction fails to give effect to the plain language of the statute. The Ninth Circuit has not addressed this issue.

Section 1823(e) of Title 12 governs agreements that tend to diminish or defeat the FDIC's interest in a receivership asset and lists four requirements for the enforcement of such as agreement: (1) a writing, (2) contemporaneous execution, (3) approval by the board or a loan committee, and (4) a continuous record. Section 1821(d)(9)(A), in contrast, governs agreements that "form the basis of, or substantially comprise, a claim against the receiver or the Corporation" – *i.e.*, contractual liabilities of the failed bank – and incorporates, by way of reference, the same four requirements for enforceability listed in section 1823(e). In *Thigpen*, the court veered from the plain language of the statute and entered the realm of policy concerns that are for Congress, not the courts. The court's construction, limiting section 1821(d)(9)(A) to agreements that defeat or diminish the FDIC's interest in an asset, renders section 1821(d)(9)(A) superfluous. *See Marina de Ponce, Inc. v. FDIC*, 2018 U.S. Dist. LEXIS 29830, *18 (D.P.R. Feb. 23, 2018) ("if Section 1821(d)(9)(A)'s applicability were also limited only to agreements which diminish the FDIC's interest in an asset acquired by the FDIC, it would add absolutely nothing to the protection already afforded to the FDIC in [Section] 1823(e).").

The issue here is the enforceability of alleged contractual agreements between SVBFG and SVB, not a purported agreement affecting the FDIC-Rs interest in a promissory note or similar asset. SVBFG bases those claims, amounting to millions of dollars, on the parties' alleged course of dealing before the bank failed, rather than a written agreement duly approved by the bank's board of directors. But that course of dealing would only suggest that the bank paid for services, including leased space,

**REPLY BRIEF IN SUPPORT OF FDIC-R1 AND FDIC-R2'S MOTION TO DISMISS**
Case No. 5:24-CV-01321-BLF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

that SVBFG in fact provided, not that it would compensate SVBFG for damages arising from SVBFG's defaults in the event of a failure of the enterprise. Regardless, the breach of contract claims in Counts X, XI, and XII are barred by section 1821(d)(9)(A).

**IX.    Count VIII (Fifth Amendment) and Count IX (Conversion) Should Be Dismissed.**

SVBFG "voluntarily" withdraws its Fifth Amendment Takings Clause (Count VIII) and conversion (Count IX) claims. Accordingly, those claims should be dismissed with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, the FDIC-Rs respectfully request that this Court dismiss the Complaint (except, in part, Count I (breach of contract) against FDIC-R1) with prejudice and grant such further relief to the FDIC-Rs as is appropriate.

Dated: September 26, 2024

OF COUNSEL:

Jeffrey E. Schmitt, Senior Counsel
Nicholas Katsonis, Counsel
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive
Room VS-D-7066
Arlington, VA 22226
Telephone: (703) 562-2089
Facsimile: (202) 898-3838
E-Mail: jschmitt@fdic.gov
E-Mail: nkatsonis@fdic.gov

**REED SMITH LLP**

By: */s/ Raymond A. Cardozo*
Raymond A. Cardozo

*Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, and the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bridge Bank, N.A.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware