UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**[SVBFG's PROPOSED] ORDER RE OCTOBER 1, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. No. ___ |

Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") asked the Court to resolve a dispute regarding whether plaintiff SVB Financial Group ("SVBFG") may assert an exclusive privilege over certain documents delivered by Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") to SVBFG following the closure of Silicon Valley Bank. Dkt. No. 68. Among other things, SVBFG argued that FDIC-R improperly sought an advisory opinion because the dispute involves documents delivered outside of this litigation and unconnected to any discovery request in this case. The Court held a hearing on the matter on September 17, 2024. Dkt. No. 72. In a joint status report dated October 1, 2024, the parties narrowed the scope of the dispute but requested resolution by the Court of contested aspects of a plan to address SVBFG's completion of its privilege review documents relevant to FDIC-R1's anticipated setoff defenses.

Accordingly, the Court orders as follows:

1. **By October 7, 2024**, SVBFG shall run the revised search terms provided to FDIC-R1 on September 27, 2024, which resulted in 25,047 hits, exclusive of attachments (the "Priority Document Set").

2. SVBFG shall review 5,000 documents from the Priority Document and, within one week of completing its review of the Priority Document Set, shall provide FDIC-Rs with a privilege log identifying any documents relevant to FDIC-R1's anticipated setoff defenses, as set forth in FDIC-R1's September 20, 2024 correspondence to SVBFG, over which SVBFG asserts an exclusive privilege.

3. Within three weeks of the completion of its review of the Priority Document Set, SVBFG shall provide FDIC-R with a privilege log identifying any remaining documents in the Priority Document Set over which SVBFG asserts an exclusive privilege, but which SVBFG contends are not relevant to FDIC-R1's anticipated setoff defenses.   Set FDIC-R shall provide SVBFG with an initial priority for review within the 302,885 reserved custodial documents identified by SVBFG on September 20, 2024.  FDIC-R may choose to direct prioritization using search terms to be applied by SVBFG, or by a list of specific document IDs, or by any combination.  To generate a list of specific document IDs, counsel to FDIC-R in this case may provide substantive guidance to its clean team attorneys or search term information to technicians.

4.   The parties shall continue to meet and confer to address the review of any remaining

documents relevant to FDIC-R1's anticipated setoff defenses, and shall provide a further

joint status update to the Court by December 10, 2024.

**IT IS SO ORDERED.**

Dated: October ___, 2024

_____
Virginia K. DeMarchi
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SVB FINANCIAL GROUP,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SILICON VALLEY BANK, et al.,

Defendants.

Case No. 24-cv-01321-BLF (VKD)

**[SVBFG's PROPOSED] ORDER RE OCTOBER 1, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**

Re: Dkt. No. ___

Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") asked the Court to resolve a dispute regarding whether plaintiff SVB Financial Group ("SVBFG") may assert an exclusive privilege over certain documents delivered by Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") to SVBFG following the closure of Silicon Valley Bank.  Dkt. No. 68. Among other things, SVBFG argued that FDIC-R improperly sought an advisory opinion because the dispute involves documents delivered outside of this litigation and unconnected to any discovery request in this case.  The Court held a hearing on the matter on September 17, 2024.  Dkt. No. 72.  In a joint status report dated October 1, 2024, the parties narrowed the scope of the dispute but requested resolution by the Court of contested aspects of a plan to address SVBFG's completion of its privilege review documents relevant to FDIC-R1's anticipated setoff defenses.

Accordingly, the Court orders as follows:

4

1.  **By October 7, 2024**, SVBFG shall run the revised search terms provided to FDIC-R1 on September 27, 2024, which resulted in 25,047 hits, exclusive of attachments (the "Priority Document Set").

2.  SVBFG shall review a sample of the Priority Document Set, consisting of every 15th document in the set, to determine whether it intends to assert an exclusive SVBFG privilege over any documents from the sample set that are relevant to FDIC-R1's anticipated setoff defenses as set forth in its September 20, 2024 correspondence to SVBFG.

3.  **By October 21, 2024**, SVBFG shall provide FDIC-R with a privilege log identifying any documents in the sample selected from the Priority Document Set over which SVBFG asserts an exclusive privilege and that are relevant to FDIC-R1's anticipated setoff defenses.

4.  **By October 28, 2024**, SVBFG shall provide FDIC-R with a privilege log identifying any documents in the sample selected from the Priority Document Set over which SVBFG asserts an exclusive privilege that are not relevant to FDIC-R1's anticipated setoff defenses.

5.  The parties shall continue to meet and confer to address the review of any remaining documents relevant to FDIC-R1's anticipated setoff defenses, and shall provide a further joint status update to the Court by November 1, 2024.

**IT IS SO ORDERED.**

Dated: October ___, 2024

_____
Virginia K. DeMarchi
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**[SVBFG's PROPOSED] ORDER RE OCTOBER 1, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. No. ___ |

Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") asked the Court to resolve a dispute regarding whether plaintiff SVB Financial Group ("SVBFG") may assert an exclusive privilege over certain documents delivered by Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") to SVBFG following the closure of Silicon Valley Bank.  Dkt. No. 68. Among other things, SVBFG argued that FDIC-R improperly sought an advisory opinion because the dispute involves documents delivered outside of this litigation and unconnected to any discovery request in this case.  The Court held a hearing on the matter on September 17, 2024.  Dkt. No. 72.  In a joint status report dated October 1, 2024, the parties narrowed the scope of the dispute but requested resolution by the Court of contested aspects of a plan to address SVBFG's completion of its privilege review documents relevant to FDIC-R1's anticipated setoff defenses.

Accordingly, the Court orders as follows:

1. **By October 7, 2024**, the parties shall mutually agree on search terms relevant to FDIC-R1's potential setoff defenses to be run over the population of restricted documents.

2. FDIC-R1's clean team shall review the documents that hit on the agreed upon search terms (the "Priority Document Set") and categorize each document as privileged or not privileged.

3. Every ten business days following the commencement of its review, the FDIC-R1 clean team shall provide SVBFG with the document IDs for the populations categorized as privileged and not privileged (the "Clean Team Designations")

4. SVBFG shall review the documents and inform FDIC-R1's clean team (i) whether it intends to assert privilege over any of the documents designated as not privileged and (ii) whether it intends to assert an exclusive SVBFG privilege over any of the documents designated as privileged;

5. SVBFG shall inform FDIC-R1 of its privilege determinations within ten business days if the FDIC-R1's Clean Team Designations delivered at one time contain 5,000 or fewer documents and SVBFG will be afforded five additional business days for each additional 2,500 documents (or any fraction thereof) identified in a Clean Team Designation; and

6. In its responses, SVBFG shall identify any documents over which it intends to asset an exclusive privilege or that SVBFG contends are not relevant to this litigation, so that the parties can discuss whether those documents should be included among any disputed documents to be presented to the Court.

7.  The parties shall continue to meet and confer to address the review of any remaining

documents relevant to FDIC-R1's anticipated setoff defenses, and shall provide a further

joint status update to the Court by December 10, 2024.

**IT IS SO ORDERED.**

Dated: October ___, 2024

_____
Virginia K. DeMarchi
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**[SVBFG's PROPOSED] ORDER RE OCTOBER 1, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. No. ___ |

Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") asked the Court to resolve a dispute regarding whether plaintiff SVB Financial Group ("SVBFG") may assert an exclusive privilege over certain documents delivered by Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") to SVBFG following the closure of Silicon Valley Bank. Dkt. No. 68. Among other things, SVBFG argued that FDIC-R improperly sought an advisory opinion because the dispute involves documents delivered outside of this litigation and unconnected to any discovery request in this case. The Court held a hearing on the matter on September 17, 2024. Dkt. No. 72. In a joint status report dated October 1, 2024, the parties narrowed the scope of the dispute but requested resolution by the Court of contested aspects of a plan to address SVBFG's completion of its privilege review documents relevant to FDIC-R1's anticipated setoff defenses.

9

Accordingly, the Court orders as follows:

1. **By October 7, 2024**, the parties shall mutually agree on search terms relevant to FDIC-R1's potential setoff defenses to be run over the population of restricted documents.

2. **By October 11, 2024**, FDIC-R1's clean team shall identify a sample of 1,500 documents for review from the documents that hit on the parties' mutually agreed search terms.

3. **By October 25, 2024**, SVBFG shall provide FDIC-R with a privilege log identifying any documents in the sample selected from the Priority Document Set over which SVBFG asserts an exclusive privilege and that are relevant to FDIC-R1's anticipated setoff defenses.

4. **By November 1, 2024**, SVBFG shall provide FDIC-R with a privilege log identifying any documents in the sample selected from the Priority Document Set over which SVBFG asserts an exclusive privilege that are not relevant to FDIC-R1's anticipated setoff defenses.

5. The parties shall continue to meet and confer to address the review of any remaining documents relevant to FDIC-R1's anticipated setoff defenses, and shall provide a further joint status update to the Court by November 8, 2024.

**IT IS SO ORDERED.**

Dated: October ___, 2024

_____
Virginia K. DeMarchi
United States Magistrate Judge

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**[SVBFG's PROPOSED] ORDER RE OCTOBER 1, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. No. ___ |

Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") asked the Court to resolve a dispute regarding whether plaintiff SVB Financial Group ("SVBFG") may assert an exclusive privilege over certain documents delivered by Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") to SVBFG following the closure of Silicon Valley Bank. Dkt. No. 68. Among other things, SVBFG argued that FDIC-R improperly sought an advisory opinion because the dispute involves documents delivered outside of this litigation and unconnected to any discovery request in this case. The Court held a hearing on the matter on September 17, 2024. Dkt. No. 72. In a joint status report dated October 1, 2024, the parties narrowed the scope of the dispute but requested resolution by the Court of contested aspects of a plan to address SVBFG's completion of its privilege review documents relevant to FDIC-R1's anticipated setoff defenses.

Accordingly, the Court orders as follows:

1. **By October 7, 2024**, SVBFG shall run the following terms on the restricted documents: (i) Trevino AND (evaluation* OR interview* OR assessment* OR "effective challenge") AND NOT (proxy OR activism); (ii) "EVE-at-risk"; (iii) "peer practice" AND (governance OR AFS OR HTM OR "available for sale" OR "held to maturity" OR "interest rate risk" OR "liquidity risk" OR "risk appetite" OR "risk management" OR "risk metric" OR "Treasury risk" OR (duration w/2 risk) OR liquidity OR board); and (iv)

2. **By October 21, 2024**, SVBFG shall provide FDIC-R with a privilege log identifying any documents in the sample selected from the Priority Document Set over which SVBFG asserts an exclusive privilege and that are relevant to FDIC-R1's anticipated setoff defenses.

3. The parties shall continue to meet and confer to address the review of any remaining documents relevant to FDIC-R1's anticipated setoff defenses, and shall provide a further joint status update to the Court by November 1, 2024.

**IT IS SO ORDERED.**

Dated: October ___, 2024

_____
Virginia K. DeMarchi
United States Magistrate Judge