UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>        Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**FURTHER ORDER RE AUGUST 23, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. Nos. 68, 81 |

At the Court's direction, the parties filed a joint report regarding their respective proposals for expediting plaintiff SVB Financial Group's ("SVBFG") review of documents presently in the possession of defendants Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R"). *See* Dkt. Nos. 75, 81. As noted in the Court's prior order, FDIC-R contends that it should be permitted immediate access to all documents presently in its possession, whereas SVBFG contends that some of those documents may contain attorney-client privilege communications where the privilege is held exclusively by SVBFG. *See* Dkt. No. 75.

The question the Court directed the parties to address was how best to prioritize identification of such "exclusive privilege" documents so that any disputes about SVGFG's privilege claims could be resolved promptly. The Court did *not* order the parties to engage in a debate about how to determine which documents *already in FDIC-R's possession* are relevant to a claim or anticipated defense or likely to be proportional to the needs of the case.

**1.     Custodial Documents**

Based on the parties' October 2, 2024 joint report, the Court understands that as to custodial documents SVBFG presently objects to FDIC-R accessing 302,855 documents ("Reserved Documents") until SVBFG completes its privilege review. Some of these documents have attachments, which may or may not be privileged, and thus the total number of custodial documents at issue is 426,262. Dkt. No. 81 at 4 & n.4. The parties have not been able to agree on search terms to facilitate the review, and there also appears to be no agreement on which custodians' files will be prioritized.

The Court has reviewed the parties' respective proposals for prioritizing review of these documents, and orders as follows:

1. SVBFG shall review the Reserved Documents at a rate of not less than 10,000 documents/week, unless the parties agree to a different rate of review.[1]

2. SVBFG shall prioritize its review of the Reserved Documents according to the following procedures, unless the parties agree otherwise:

   a. By **October 7, 2024**, FDIC-R shall identify the search terms that it wishes SVBFG to apply to the Reserved Documents;[2]

   b. By **October 7, 2024**, FDIC-R shall provide an ordered list of the custodians whose documents (i.e. those that hit on search terms) should be reviewed for privilege.

   c. SVBFG shall prioritize its review according to the search terms and custodians

---

[1] Any lesser rate of review makes it unlikely that the review will be completed by the close of fact discovery. During the initial period (i.e. from the date of this order to October 18, 2024), SVBFG must review at least 10,000 documents, but thereafter, it shall review at a rate of 10,000 documents/week. The Court expects the parties will agree to adjust this rate somewhat to reasonably accommodate the holidays.

[2] To the extent FDIC-R has previously identified search terms that are so broad that they cannot reasonably be used to prioritize SVBFG's review because they do not hit on documents that are most pertinent to FDIC-R's anticipated defenses, FDIC-R does itself no favors. FDIC-R now has information about hit counts for its proposed search terms and for SVBFG's alternative proposed search terms. The Court will leave it to FDIC-R to identify the search terms it believes are best suited to prioritize SVBFG's review.

1    FDIC-R identifies.

2        d. SVBFG shall review solely for the purpose of identifying documents as to which it claims exclusive privilege, and shall withdraw its objections to FDIC-R's access as to any document not so identified.

3. Beginning on **October 21, 2024**, and on every Monday thereafter (or on Tuesday if Monday is a holiday), SVBFG shall identify, for those documents reviewed during the preceding period: (1) the documents FDIC-R may access; and (2) the documents for which SVBFG claims exclusive privilege, together with a privilege log supporting SVBFG's privilege claims.

4. On **November 12, 2024**, the parties shall file a status report regarding the progress of SVBFG's privilege review, including the number of documents as to which SVBFG continues to object to FDIC-R's access, the number of exclusive privilege documents logged by SVBFG, and the parties' respective suggestions for further expediting this review.

### 2. Non-Custodial Documents

Based on the parties' October 2, 2024 joint report, the Court understands that two categories of non-custodial documents remain outstanding: Microsoft Teams chat entries and file share location collections. The parties advise that they continue to confer regarding review of these documents. Per the parties' suggestion, on **October 15, 2024**, they shall file a joint report advising on the status of review of these materials and their proposal(s) for completing this review.

**IT IS SO ORDERED.**

Dated: October 6, 2024

Virginia K. DeMarchi
United States Magistrate Judge