**BAILEY GLASSER LLP**

1055 Thomas Jefferson St. NW
Suite 540
Washington, DC 20007
Tel: 202.463.2101
Fax: 202.463.2103

STEPHEN SORENSEN
ssorensen@baileyglasser.com

October 15, 2024

**By ECF**

Hon. Virginia K. DeMarchi
United States Magistrate Judge
United States District Court
 for the Northern District of California
280 South 1st St., Room 2112
San Jose, CA  95113

**Re:**  *Silicon Valley Bank Financial Group v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, et al.* **(Case No. 5:24-cv-01321-BLF-VKD)**

Dear Judge DeMarchi,

This letter updates the Court on negotiations regarding Plaintiff SVBFG's review for exclusive privilege claims, consistent with the Court's Orders.

### I.     NON-CUSTODIAL DOCUMENTS

The Court Order of October 6, 2024 (Dkt. 82) ("October 6 Order"), directed the parties with regard to non-custodial documents:

> Based on the parties' October 2, 2024 joint report, the Court understands that two categories of non-custodial documents remain outstanding: Microsoft Teams chat entries and file share location collections. The parties advise that they continue to confer regarding review of these documents. Per the parties' suggestion, on October 15, 2024, they shall file a joint report advising on the status of review of these materials and their proposal(s) for completing this review.

The parties have agreed as follows:

a. <u>Microsoft Teams chats</u>.  The FDIC-R has procured new software/service that will generate threaded chats for collections of MS Teams-generated content.  The FDIC-R will reprocess the Teams chats, which will take several weeks.  Although SVBFG will not be reviewing chats for exclusive privilege claims while they are reprocessed, SVBFG will, during this time, confer with the FDIC-R's technical team and/or vendor to determine whether the review already performed on regulatory productions can be matched up with any duplicate threaded Teams chats once they have been reprocessed; to work out how many Teams chats require new review (that is, are not

duplicates of what SVBFG has reviewed in the regulatory productions); and to develop at least preliminary basis for agreeing on what a reasonable pace of review for exclusive privilege would be. The parties propose to update the Court in the joint status report due November 12 per the October 6 Order.

b. <u>File share locations</u>. The parties agree to deprioritize review of document location file sets (as incident to the prioritization of custodial documents), including the file name review that has been underway, to be revisited by the joint status report due November 12. The parties agree, however, to work together to reconcile requests and reviews that already have been performed so that by November 12 the parties are working from the same understanding of file share locations, or file name subsets within them, that have been reserved by SVBFG for exclusive privilege claims or released (or are in some other status, such as the four or five sets for which SVBFG has requested file names but FDIC-R has not yet completed technical extraction due to library size).

On both Microsoft Teams chats and file share locations, the parties propose to update the Court in the joint status report due November 12, 2024, per the October 6 Order.

## II.   CUSTODIAL DOCUMENTS

The Court Order of October 8, 2024 (Dkt. 84) ("October 8 Order"), directed the parties with regard to custodial documents:

> The Court encourages the parties to continue their own discussions to find an agreed, practical solution to their dispute about SVBFG's review for "exclusive privilege" . . . .

The Court Order of October 10, 2024 (Dkt. 92) ("October 10 Order"), further directed:

> On October 10, 2024, the Court held a status conference regarding plaintiff's review of custodial documents for "exclusive privilege." Dkt. No. 88. The parties reported progress toward agreement on procedures for prioritizing and expediting this review. In view of that progress, the Court directs the parties to continue their efforts to reach agreement.
>
> On **October 15, 2024**, the parties shall file a joint status report regarding their further proposal(s) for prioritizing and expediting the review of custodial documents for exclusive privilege.

a. **Agreements as to Custodial Reserved Documents**

i. <u>Identifying custodial Reserved Document releases since September 20</u>. By October 16, 2024, SVBFG will provide the FDIC-R litigation counsel with a copy of the document IDs for the 6000+ releases that SVBFG referenced at the October 10 status conference as having been made from the Reserved Documents identified by SVBFG on September 20 per the Court Order of September 17 (Dkt. 75) and a new document count of documents remaining in the Custodial Reserved

2

      Documents.  SVBFG will send future document ID releases to the FDIC-R litigation counsel, which SVBFG understands the litigation counsel will transmit through the FDIC-R to the FDIC's clean team.

  ii.  <u>Prioritization of custodial Reserved Documents for exclusive privilege review</u>.  At the October 10 status conference, SVBFG requested unambiguous guidance from the FDIC-R to prioritize review of the custodial documents over non-custodial documents.  SVBFG acknowledges the FDIC-R having made such an unambiguous request, subject to the FDIC-R's future requests to revise that prioritization, which shall be made expressly, in writing, as amending this prioritization guidance.

  iii.  <u>"First Week" review</u>.  As agreed, on October 14, 2024, the FDIC-R sent SVBFG a list of 2,000 document IDs selected by the FDIC's clean team for SVBFG to review for release or logged exclusive privilege claim by October 21, 2024, in lieu of the 10,000 search term hit documents otherwise required for review during that period by the October 6 Order.

The parties disagree on whether the Court's guidance requires SVBFG to log documents over which SVBFG asserts an exclusive privilege claim but that SVBFG assesses are not relevant to the claims or defenses in the litigation based on FDIC-R's description of its anticipated claims and defenses, and so submit their positions on the issue below for resolution by the Court.

**b. Defendant FDIC-R's Position on Relevance Review and Privilege Review Rate**

      The FDIC-R understood the Court, by its October 8 Order and at the status conference on October 10, to be solicitous of SVBFG's submitted practical concerns over reviewing 10,000 documents during a two-week startup period, and then on a weekly basis thereafter, for exclusive privilege claims.  The FDIC-R understood the Court to be urging negotiation over rate <u>only</u>, and accordingly the FDIC-R offered a practical approach significantly reducing the first-week review rate to 2,000 in exchange for tighter targeting by asking the FDIC's clean team to identify those documents rather than relying on search terms that would cover several weeks of review, even at the 10,000-per-week pace.  As the October 6 Order provided, "The Court did *not* order the parties to engage in a debate about how to determine which documents *already in FDIC-R's possession* are relevant to a claim or anticipated defense likely to be proportional to the needs of the case."

      The October 6 Order provided that on each weekly release date, "SVBFG shall identify, for those documents reviewed during the preceding period: (1) the documents FDIC-R may access; and (2) the documents for which SVBFG claims exclusive privilege, together with a privilege log supporting SVBFG's privilege claims." [1]

---

[1] SVBFG's claim to relevance withholding has been the contested issue throughout the Court-directed negotiation.  Following conference between the parties on October 9, SVBFG offered to allow the FDIC-R to target review in exchange for a smaller number of documents per

3

The FDIC-R is, of course, seeking documents relevant to this litigation. At the direction of the Court, it negotiated with SVBFG to reduce the required review from 10,000 documents to 2,000 documents for the October 21 return date in exchange for tighter targeting by use of the FDIC's clean team. As disclosed to SVBFG before agreeing to enter the negotiated First Week review in place of the 10,000 documents called for by the October 6 Order, the FDIC-R litigation counsel obtained a list of 3,650 document IDs from the FDIC's clean team in haste on Friday, October 11, ahead of the federal long weekend (to get to 2,000, the FDIC-R litigation counsel simply truncated the list). The FDIC-R repeatedly provided language to SVBFG, as a condition for the specific negotiated First Week process: "As these documents have been identified by the Clean Team, we (FDIC-R) make no representations about the selections to the First Week List and SVBFG agrees they are not subject to challenge." Indeed, the FDIC-R litigation counsel viewed that condition as essential because litigation counsel have not seen or selected the documents. If the Clean Team selections turn out not to be the best way to prioritize documents relevant to this litigation, the FDIC-R would itself want to go back to use of search terms or otherwise pursue optimal prioritization <u>for this litigation</u>. But SVBFG is getting the benefit of a bargain it sought: a reduction in obligation to release or log privilege claims for only 2,000 instead of 10,000 documents by October 21. The FDIC-R did not insist on clean team use for the negotiated First Week review—only on a structure of tighter targeting in exchange for the lower rate of documents—and is not insisting on it for future review weeks. In any event, the FDIC-R sees no basis for SVBFG to make unilateral relevance determinations that obviate SVBFG's obligation to justify each withheld document through a logged exclusive privilege claim.

The FDIC-R accordingly requests that the Court reaffirm that prioritized documents for review must be either (1) released or (2) contemporaneously logged for exclusive privilege claim, as provided in the October 6 Order. The FDIC-R requests clarification that SVBFG may not withhold prioritized documents based on SVBFG's determination of relevance, or on any basis other than a logged exclusive privilege claim. The FDIC-R requests that the Court expressly apply this guidance to the First Week review with return date of October 21 and to subsequent return dates.

---

review period. The FDIC-R indicated it could not agree to the proposed terms because they appeared to allow SVBFG to hold back documents basted on its unilateral determination of relevance. Shortly before the October 10 hearing, SVBFG wrote the FDIC-R's counsel that documents would <u>not</u> be withheld on the basis of non-responsiveness.

Following the October 10 hearing, however, SVBFG returned to the position that it could unilaterally deem a document on the target review list non-responsive and decline to release or log it on the basis that the Court "made clear at the hearing that she does not expect SVBFG to log non-responsive documents."

FDIC-R understands that SVBFG is incorrect about the Court's directives on relevance review and has insisted on prompt presentation of the issue to the Court for resolution as the FDIC-R does not see a basis, in law or in the Court's directives, for SVBFG's position.

4

As to ongoing review rate, the FDIC-R suggests the following alternatives:[2]

(1) The October 6 Order would remain in place for the October 28 return date and later, with SVBFG to proceed at the scheduled pace of 10,000 documents per week against the search terms provided by FDIC-R on October 7 pursuant to the Order; or

(2) The October 6 Order would remain in place for the October 28 return date and later, with the parties directed to continue to negotiate substitute procedures on the model of and drawing on experience with the First Week review described herein; or

(3) The October 6 Order review rate of 10,000 documents per week would be reduced to 7,500 per week for the return dates of October 28, November 4, and November 12 (that is, until the scheduled November 12 joint status report) with review to cover a weekly list of 7,500 document IDs based on (1) documents previously selected by the FDIC's clean team along with those submitted for the First Week review, and beyond that (2) search terms provided by the FDIC-R's litigation team to the FDIC's contractor for returns against the Reserved Documents; with the 10,000 documents per week rate to take effect for subsequent periods.[3]

### c. Plaintiff SVBFG's Position on Relevance Review and Privilege Review Rate

SVBFG is prioritizing documents identified by FDIC-R as relevant to the litigation. As discussed at the October 10, 2024 hearing, SVBFG proposed that it begin its review of a set of approximately 30,000 documents generated from the priority search terms (the "Priority Terms") FDIC-R provided to SVBFG pursuant to the October 6 Order (the "Priority Set"). As part of the parties' ongoing efforts to come to an agreement, SVBFG adopted FDIC-Rs' proposal that FDIC-R utilize its clean team to identify 2,000 documents that the clean team determines are relevant to the parties' claims and defenses in this litigation based on the descriptions of FDIC-R's setoff claims provided to SVBFG by FDIC-R's litigation counsel in their October 7, 2024 letter. SVBFG would then review those documents and (1) release all non-privileged documents, and (2) provide a privilege log identifying any SVBFG-privileged

---

[2] On October 7, the FDIC-R provided SVBFG with search terms that hit on approximately 28,000 Reserved Documents, but SVBFG notes that it would need to review approximately 75,000 Reserved Documents to include all family-related documents connected to the search term hits. Accordingly, rates lower than the 10,000 per week in the October 6 Order may not allow even for release (or logged exclusive privilege claim) of the 28,000 documents.

[3] SVBFG volunteered a review rate of 5,000 Reserved Documents per week as a proposed pace prior to the status report filed on October 2, 2024, when negotiations had reached an impasse based on SVBFG's claimed prerogative to withhold based on its unilateral determination of non-relevance _without_ a logged claim of exclusive privilege. The FDIC-R is suggesting 7,500 per week for the next three review periods as the mid-point between SVBFGs prior offer of 5,000 per week and the October 6 Order rate of 10,000 per week.

documents that are relevant to this litigation. Thereafter, the parties would meet and confer concerning whether to continue to use clean team identifications or simply review (in FDIC-R's order of custodian prioritization) the 30,000 documents that hit on the Priority Terms. SVBFG estimates that after a two-week ramp-up period, it would be able to review at least 5,000 Reserved Documents per week (exclusive of attachments)[4], which would keep SVBFG on track to complete its review by early December, well before the document production deadline, as contemplated by the October 6 Order. (*See* October 6 Order at 2 n.1.)

On October 14, 2024, FDIC-Rs provided their initial list of 2,000 documents for SVBFG to review. However, only 247 of these were among the roughly 30,000 documents containing FDIC-Rs' Priority Terms provided in response to the October 6 Order. SVBFG has no idea from where the remainder was drawn, or what methodology FDIC-R's clean team used to identify them. Nearly all seem to involve Sullivan & Cromwell, and will require a careful privilege review. Thus far, many appear nonresponsive to matters at issue in this litigation. To the extent FDIC-R seeks unrestricted access to documents that are not relevant to their anticipated defenses or counterclaims in this action, they may pursue that claim in the Bankruptcy Court that has jurisdiction over SVBFG's estate in the Southern District of New York, Case No. 23-bk-10367 (MG). For purposes of this litigation, however, SVBFG understands that the Court wants a process by which SVBFG will complete its exclusive privilege review regarding the approximately 30,000 potentially responsive documents that FDIC-R previously identified via the Priority Terms expeditiously. This latest departure from those terms, less than a week after providing them to SVBFG, inhibits this.

In addition, consistent with the parties' discussions with the Court at the October 10, 2024 hearing, SVBFG has taken the position that the Court's orders do not require SVBFG to log SVBFG-privileged nonresponsive documents. FDIC-Rs' position is that SVBFG must log SVBFG-privileged documents not relevant to this litigation. Respectfully, this position is not compatible with Fed. R. Civ. Proc. Rule 26 or the Court's statements that SVBFG is not required to log nonresponsive SVBFG-privileged documents, and will impede the expeditious review of relevant materials in advance of the January 31, 2025 party document production deadline.

Because FDIC-R has not yet filed a responsive pleading articulating their affirmative defenses and have thus far declined to respond to discovery requesting an identification of the basis for any affirmative defenses, SVBFG is determining relevance based on the broad narrative of FDIC-R's anticipated claims and defenses set forth in counsel's September 20, 2024 letter—just as any party in litigation reviews materials for responsiveness based on the allegations in the complaint or defenses and applicable discovery requests and then only logs responsive documents for privilege. SVBFG has also invited FDIC-R to provide, formally or informally, any additional information concerning its anticipated claims or setoff defenses that it believes may bear on any relevance determination.

---

[4] When we discuss "Reserved Documents", this is exclusive of attachments/families. Therefore, SVBFG's proposed review of 5,000 Reserved Documents could result in a review of thousands of additional documents.

Accordingly, SVBFG respectfully requests that the Court modify its October 6 Order (Dkt. 82) to:

(1) clarify SVBFG's immediate obligation to log only responsive materials over which SVBFG asserts an exclusive privilege,
(2) suspend the requirement that SVBFG review 10,000 documents per week in light of the smaller set of relevant documents needing review before the January 31, 2025 document production deadline; and
(3) provide SVBFG will review at least 2,500 Reserved documents and families the week of October 21, 2024 and at least 5,000 Reserved Documents and families every week thereafter for all documents that hit on the search terms provided by FDIC-R on October 7, 2024.[5]

SVBFG is prepared to log <u>all</u> withheld SVBFG-only privileged materials, both responsive and nonresponsive, but SVBFG's proposal would prioritize the review and logging of responsive materials.  Once the logging of responsive privileged materials is complete, SVBFG would produce a privilege log of the non-responsive privileged materials.  This will ensure completion of the privilege review and logging of responsive materials before the <u>January 31, 2025</u> deadline, and allow sufficient time to raise privilege matters with the Court.

### III.   NEXT STEPS

The parties request a ruling on the papers, a telephonic / video status conference, or an in-person hearing at the Court's earliest available date.

We thank the Court for its attention to this matter.

---

[5] SVBFG is also willing to prioritize materials identified by the FDIC-R clean team, provided that the clean team is required to identify only documents they believe in good faith are relevant to the claims or defenses in this litigation.

Respectfully submitted,

Dated: October 15, 2024

| | |
|---|---|
| */s Robert A. Sacks* | */s Stephen Sorensen* |
| Robert A. Sacks (SBN 150146) | Stephen Sorensen (SBN 199408) |
| Adam S. Paris (SBN 190693) | Elliot McGraw (SBN 275613) |
| Diane L. McGimsey (SBN 234953) | Michael L. Shenkman (admitted *pro hac vice*) |
| **SULLIVAN & CROMWELL LLP** | **BAILEY & GLASSER LLP** |
| 1888 Century Park East | 1055 Thomas Jefferson St., NW, Suite 540 |
| Los Angeles, CA  90067 | Washington, DC  20007 |
| Tel:     (310) 712-6600 | Tel:     (202) 445-7266 |
| Fax:    (310) 712-8800 | Fax:    (202) 463-2103 |
| | |
| Sverker K. Högberg (SBN 244640) | Lawrence H. Heftman (admitted *pro hac vice*) |
| **SULLIVAN & CROMWELL LLP** | David C. Giles (admitted *pro hac vice*) |
| 550 Hamilton Ave. | **ARENTFOX SCHIFF** |
| Palo Alto, CA  94301 | 233 S. Wacker Dr., Suite 7100 |
| Tel:     (650) 461-5600 | Chicago, IL  60606 |
| Fax:    (650) 461-5700 | Tel:     (312) 258-5500 |
| | Fax:    (312) 258-5600 |
| *Counsel for Plaintiff SVB Financial Group* | |
| | *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank* |
| | |
| | Casey D. Laffey (admitted *pro hac vice*) |
| | Kurt F. Gwynne (admitted *pro hac vice*) |
| | **REED SMITH LLP** |
| | 599 Lexington Ave. |
| | New York, NY  10022 |
| | Tel:     (212) 521-5400 |
| | Fax:    (212 521-5450 |
| | |
| | Raymond A. Cardozo (SBN 173263) |
| | Emily F. Lynch (SBN 324055) |
| | **REED SMITH LLP** |
| | 101 Second St., Suite 1800 |
| | San Francisco, CA  94105 |
| | Tel:     (415) 543-8700 |
| | Fax:    (415) 391-8269 |
| | |
| | *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

DATED: October 15, 2024                              */s/ Stephen Sorensen*
                                                                             Stephen Sorensen

## FILER'S ATTESTATION

I, Stephen Sorensen, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED: October 15, 2024                              */s/ Stephen Sorensen*
                                                                             Stephen Sorensen