UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**AMENDED ORDER RE PLAINTIFF'S PRIVILEGE REVIEW**<br><br>Re: Dkt. Nos. 82, 95 |

This order amends the Court's October 6, 2024 order (Dkt. No. 82) regarding plaintiff SVB Financial Group's ("SVBFG") privilege review of documents presently in the possession of defendants Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R").

The Court held a status conference regarding this matter on October 10, 2024, and has reviewed the parties' October 15, 2024 status report. *See* Dkt. No. 95. As reported to the Court in the status report, the parties have reached substantial agreement regarding SVBFG's review of non-custodial documents and propose to update the Court further on November 12, 2024. *Id.* at 1-2. With respect to SVBFG's review of custodial documents, the parties have reached agreement on some points but not others. *Id.* at 2-7.

### 1. Custodial Documents

The parties advise that on October 7, 2024, as required by the Court's prior order, FDIC-R provided SVBFG with the search terms that it wishes SVBFG to apply to the Reserved

Documents[1] for purposes of prioritizing review for SVBFG's exclusive privilege. Dkt. No. 95 at 5 & n.2. These search terms hit on approximately 30,000 documents ("Priority Documents"). *Id.* The parties further advise that for purposes of SVBFG's "first week" of review, SVBFG will review a list of 2,000 document IDs selected by the FDIC-R's clean team, and will either release or log those documents as "exclusive privilege,"[2] by October 21, 2024—in lieu of the 10,000 documents otherwise required to be released or logged per the Court's October 6, 2024 order. *Id.* at 3.

   The parties disagree regarding how to proceed after the "first week" review. Citing Rule 26 of the Federal Rules of Civil Procedure, SVBFG argues that it should not be required to log exclusive privilege documents that it believes are "nonresponsive"—i.e., not relevant to any claim or anticipated defense. *Id.* at 6. The Court agrees that Rule 26(b)(1) governs the scope of permissible discovery, and that parties typically navigate questions of relevance and responsiveness by reference to discovery requests. However, the circumstances addressed by this order and by the earlier October 6, 2024 order are not typical. Here, both SVBFG and FDIC-R have access to the *same* collection of documents; one party is not being asked to produce documents to the other. The Court is not attempting to address whether specific documents are "responsive" or "non-responsive" to hypothetical document requests for purposes of *document production*, but rather, whether FDIC-R may review documents to which it already has access without invading an exclusive privilege claimed by SVBFG. While the Court understands that there is a dispute regarding which party properly controls some undefined subset of this document collection, the Court is not attempting to resolve that dispute. However, as reflected in the amendments below, the Court addresses SVBFG's concerns about both the scope and rate of review by limiting the privilege review at this time to documents that hit on search terms intended

---

[1] "Reserved Documents" are the custodial documents SVBFG presently objects to FDIC-R accessing. *See* Dkt. No. 82 at 2.

[2] "Exclusive privilege" refers to SVBFG's contention that some of the documents in FDIC-R's possession may contain attorney-client privilege communications where the privilege is held exclusively by SVBFG. *See* Dkt. No. 82 at 1.

to identify the most relevant documents for purposes of prioritizing review.

Having considered the parties' respective positions, the Court orders as follows:

1. By **October 21, 2024**, SVBFG shall either release or log as "exclusive privilege" all of the "first week" documents associated with the 2,000 document IDs identified by FDIC-R on October 14, 2024.

2. After the "first week" review, SVBFG's review shall be limited to the Priority Documents, until further order of the Court or agreement of the parties.

3. SVBFG shall review the Priority Documents at a rate of not less than 5,000 documents per week (exclusive of attachments),[3] unless the parties agree to a different rate of review.

4. SVBFG shall prioritize its review of the Priority Documents in the order FDIC-R specifies, such as by custodian or by specific document ID; however, FDIC-R may not select documents for review that are not among the Priority Documents. The FDIC-R clean team may assist in prioritizing documents for SVBFG's review by identifying documents from among the Priority Documents, but the clean team may not select other documents for priority review at this time.

5. SVBFG shall review the Priority Documents solely for the purpose of identifying documents as to which it claims exclusive privilege, and shall withdraw its objections to FDIC-R's access as to any document not so identified.

6. For purpose of this review, SVBFG shall log all Priority Documents for which SVBFG claims exclusive privilege and may not unilaterally determine a document is not relevant and need not be logged.

7. Beginning on **October 28, 2024**, and on every Monday thereafter (or on Tuesday if Monday is a holiday), SVBFG shall identify, for those documents reviewed during the preceding period: (1) the documents FDIC-R may access; and (2) the documents for which SVBFG claims exclusive privilege, together with a privilege log supporting SVBFG's

---

[3] The Court adopts SVBFG's proposal as to the rate of review, articulated in the parties' October 15, 2024 status report. Dkt. No. 95 at 6 & n.4; 7.

privilege claims.

8. On **November 12, 2024**, the parties shall file a status report regarding the progress of SVBFG's privilege review, including the number of documents as to which SVBFG continues to object to FDIC-R's access, the number of exclusive privilege documents logged by SVBFG, and the parties' respective suggestions for further proceedings.

### 2. Non-Custodial Documents

Based on the parties' October 15, 2024 status report, the Court understands that they have reached substantial agreement regarding the review of Microsoft Teams chats and file share location collections. The parties advise that they continue to confer regarding review of these documents. As previously ordered, on **November 12, 2024**, the parties shall file a joint report advising on the status of review of these materials and their proposal(s) for completing this review.

**IT IS SO ORDERED.**

Dated: October 17, 2024

Virginia K. DeMarchi
United States Magistrate Judge

4