

| | | |
|---|---|---|
| **BAILEY GLASSER** LLP | 1055 Thomas Jefferson St. NW<br>Suite 540<br>Washington, DC 20007<br>Tel: 202.463.2101<br>Fax: 202.463.2103 | STEPHEN SORENSEN<br>ssorensen@baileyglasser.com |

November 13, 2024

**By ECF**

Hon. Virginia K. DeMarchi
United States Magistrate Judge
United States District Court
  for the Northern District of California
280 South 1st St., Room 2112
San Jose, CA  95113

**Re:** *Silicon Valley Bank Financial Group v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, et al.* **(Case No. 5:24-cv-01321-BLF-VKD)**

Dear Judge DeMarchi,

    This letter updates the Court on negotiations regarding Plaintiff SVBFG's review for exclusive privilege claims, consistent with the Court's Orders of October 17, 2024 (Dkt. 97) ("October 17 Order"), and November 13, 2024 (Dkt. 104) (granting the parties' stipulation to extend time to file to November 13, 2024).

### I.  NON-CUSTODIAL DOCUMENTS

    The October 17 Order directed the parties with regard to non-custodial documents:

> Based on the parties' October 15, 2024 status report, the Court understands that they have reached substantial agreement regarding the review of Microsoft Teams chats and file share location collections. The parties advise that they continue to confer regarding review of these documents. As previously ordered, on November 12, 2024, the parties shall file a joint report advising on the status of review of these materials and their proposal(s) for completing this review.

    The parties have agreed as follows:

    a. <u>Microsoft Teams chats</u>.  As noted in the October 15 joint report, the FDIC procured new software/service to output threaded chats for collections of MS Teams-generated content.  The FDIC-R sent approximately 150,000 threaded chats to SVBFG, which SVBFG received on November 11, 2024.

    The parties met and conferred on November 1, 2024, to determine whether there is an efficient automated way to match up chats SVBFG has previously cleared for

privilege review in regulatory productions with the new output from reprocessing. The parties were unable to identify an automated method that would save time and expense because of differences in the processing technology, and in the timing for the start and end of 24-hour threaded chats. SVBFG has, however, confirmed that the reprocessed format will meet its requirements for exclusive privilege review.

FDIC-R has access to approximately 17,000 threaded chats previously made available to FDIC-R through regulatory productions, net of approximately 500 logged threads withheld for privilege. SVBFG is currently processing the data that it received on November 11, 2024 and is estimating the number of chat transcripts that will need to be reviewed for privilege. SVBFG expects to receive those figures from its vendor by November 18, 2024 and will then confer with the FDIC-R on the timing of the review and release/log of the remainder of the chats.

b. <u>SharePoint sites</u>. FDIC-R has proposed that the parties agree to define the scope of discovery on SharePoint records in this litigation to 59 identified sites (that is, to the exclusion of other SharePoint sites and file share locations). The parties will meet and confer on FDIC-R's proposal; however, these discussions will not delay the FDIC-R's ability to access document contents. Of the 59 identified in-scope sites, SVBFG has already identified 55 that do not need to be pre-reviewed and may be accessed by the FDIC-R, subject to SVBFG's clawback rights, if any, for any documents that SVBFG contends are subject to an exclusive SVBFG privilege. The remaining four in-scope sites contain approximately 4,432 reserved documents that will be delivered to SVBFG for review to assert exclusive privilege claims. Once they are delivered to SVBFG, the parties agree to insert them into the weekly exclusive privilege review (counting against the weekly review quota) at the earliest feasible opportunity.

## II. CUSTODIAL DOCUMENTS

The October 17 Order directed the parties with regard to custodial documents:

> On November 12, 2024, the parties shall file a status report regarding the progress of SVBFG's privilege review, including the number of documents as to which SVBFG continues to object to FDIC-R's access, the number of exclusive privilege documents logged by SVBFG, and the parties' respective suggestions for further proceedings.

**a. Status of Custodial Reserved Documents**

i. <u>SVBFG has reviewed and released documents consistent with the Court's Orders</u>. SVBFG has timely delivered to the FDIC-R releases and logs on each of the four release dates since the October 17 Order (October 21, October 28, November 3, and November 11), comprising 45,103 total documents that have been logged or released since the Court's October 17 Order.

  ii. <u>The remaining population of Priority Documents as described in the October 17 Order is 13,847 (33,918 including families)</u>.  The remaining population of total Reserved Documents is 275,875 (373,413 including families).

  iii. <u>SVBFG has logged 5,145 Priority Documents (8,651 documents in total) as subject to an exclusive privilege claim</u>.  An additional 3,601 released documents that have a family connection to a logged document withheld for a claim of exclusive privilege are presently unavailable to the FDIC-R.

**b. Defendant FDIC-R's Position on Next Steps for Exclusive Privilege Review**

 i. <u>Exclusive privilege challenges</u>.

  On September 17, 2024, the Court held a hearing on challenges the FDIC-R raised to SVBFG's exclusive privilege claims.  Although preliminary legal arguments on joint privilege were presented in the August 23 letter brief, Dkt. 68, incorporated here by reference, the Court did not have logged exclusive privilege claims to adjudicate at that time.

  Now, SVBFG has claimed an exclusive privilege as to more than 8,600 documents.  SVBFG cannot support its exclusive privilege claims precluding the FDIC-R's access to these documents.  Consistent with the Court's guidance, the FDIC-R submits as an Attachment to this report a list of 38 logged documents as exemplary challenges.  These exemplary challenges only constitute a very small sample of the documents as to which the FDIC-R intends to challenge the SVBFG-only privilege.  The FDIC-R selected the most significant group in this sample of documents as reflecting advice given to members of the Bank's board of directors relating to proper corporate governance.  That advice goes to the heart of one of the central issues to be litigated in this case—whether the Bank board members breached their fiduciary duties to the Bank.  The FDIC-R provided SVBFG with a preliminary version of this list reflecting 42 logged items on November 8, 2024, offering SVBFG an opportunity to reconsider or recede from, or to discuss, any of the challenges prior to this joint status report.  SVBFG released four of those items as having been "inadvertently designated as privileged" shortly before the filing of this Joint Status Report.  But SVBFG tells the Court here that still more time is required to contemplate its position on this handful of important documents to which it has had exclusive access for roughly a full year.

  The FDIC-R requests the Court to review these documents and adjudicate them as subject to a joint privilege of SVBFG ("HoldCo") and the FDIC-R (receiver for the "Bank") or, where applicable, to a privilege belonging exclusively to the Bank:

- <u>Operation / Evaluation of the Joint Board</u>.  28 items relate to evaluation, structure, and enhancement of the unified board of directors for the two companies.  The HoldCo and the Bank had total overlap of directors and officers.  All Board meetings were held jointly (indeed, until late 2022, the minutes regularly described a single "board" for the two companies) and each committee was appointed by both boards and described in minutes as a committee of both boards.  The minutes did not differentiate between business of the HoldCo and the Bank.  Thus, legal advice about

3

the structure of the board was jointly privileged to the HoldCo and the Bank. *See Am. Mut. Liab. Ins. Co. v. Superior Ct.*, 38 Cal. App. 3d 579, 592, 113 Cal. Rptr. 561 (Cal. Ct. App. 1974) ("This entity may be conceived as comprising a unitary whole with intramural relationships and reciprocal obligations and duties each to the other quite separate and apart from the extramural relations with third parties or with the world at large.").

- Outside Counsel Policy. One document relates to the Outside Counsel Policy, which the Bank general counsel's office required of all outside counsel, entered into by "Silicon Valley Bank, together with its affiliates." The policy clearly contemplates representations of the Bank and includes language guiding "Lending Transaction Matters" that make sense only in reference to the Bank. In-house attorney correspondence negotiating terms of this agreement, even if made in part for the joint benefit of the HoldCo as an affiliate, may constitute non-privileged business records to the extent they involve negotiated terms. And if the correspondence contains legal advice, attorney-client privilege would, jointly or exclusively, belong to the Bank.

- AFS Sale. Three documents relate to legal advice provided to the Bank in its March 2023 sale of "Available-for-Sale" (AFS) securities to Goldman Sachs, which resulted in substantial losses to the Bank (and is anticipated to be a subject of the setoff defenses in this case). As the HoldCo was not a party to that agreement, the Bank must have been the intended client for the attorney advice.

- Liquidity. Six documents relate to liquidity management of the Bank and Board oversight of it. "Bank Level Preferred Issuance," the subject of one document, inherently involves advice to the Bank. Other documents refer to oversight of Bank liquidity by the unified Board (which, as described above, entailed joint privilege based on the total unity of board operations and records).

The FDIC-R requests the Court to conduct an *in camera* review of these 38 documents and to issue a ruling on privilege belonging jointly or exclusively to the Bank, and then to direct SVBFG to promptly reconsider the remainder of its logged withholdings based on the result. To the extent additional briefing would be helpful to the Court, or to the extent SVBFG insists on formal stand-alone briefing of a motion to compel, the FDIC-R requests the Court to examine the documents for purposes of issuing a preliminary ruling, and then to set an expedited briefing schedule and/or hearing if necessary.

The FDIC-R anticipates the documents subject to these claims are important to its setoff defenses regarding SVBFG's aiding and abetting breaches of fiduciary duties that were owed by the Bank's directors and officers to the Bank.[1]

---

[1] In addition to the exemplary challenges made here, the FDIC-R restates its objection to SVBFG's exclusive privilege withholding system as an improper interference with the FDIC-R's powers and duties as receiver under 12 U.S.C. § 1821(d)(2). Although the FDIC-R follows the

      ii.      <u>Ongoing exclusive privilege review</u>.

The FDIC-R proposes to continue with the exclusive privilege review schedule established by the October 17 Order. The process to date has given the FDIC-R access to documents among the 35,000+ releases important to this litigation that were long withheld despite no privilege claim being asserted. And it has finally provided the FDIC-R with an opportunity to challenge specific logged claims.

As to prioritization, the FDIC-R proposes to complete the Priority Documents as described in the October 17 Order, then to prioritize using search terms SVBFG identified in correspondence to the FDIC-R on September 26 (as meeting SVBFG's own definition of relevance), and then to move to remaining documents. The FDIC-R asks to retain the right to request and schedule other prioritized search terms identified based on its document review to further this litigation.

This ongoing review proposal is consistent with SVBFG's own representation in the October 15 status report (Dkt. 95), where it stated that it is "prepared to log <u>all</u> withheld SVBFG-only privileged materials, both responsive and nonresponsive, but . . . would prioritize the review and logging of responsive materials." In this status report, SVBFG contends that only a minority of the documents in the exclusive privilege review output are relevant to this litigation—as measured by SVBFG's own unstated standards. But the review burden is a consequence of the exclusive privilege review machinery established at SVBFG's own insistence, not the FDIC-R's best efforts at priority targeting. The FDIC-R has no interest in prioritizing anything other than materials most relevant to this litigation.

    **c.    Plaintiff SVBFG's Position on Next Steps for Exclusive Privilege Review**

      i.      <u>Exclusive privilege challenges</u>.

FDIC-R's request for an *in camera* review of the 42 logged documents and a ruling that directs SVBFG to reconsider its individual privilege determinations based on the Court's ruling as to the 42 documents is premature for several reasons, and not subject to summary determination by the Court.

*First*, SVBFG's Chapter 11 plan of reorganization became effective less than a week ago, on November 7, 2024. Under the plan, certain of SVBFG's assets, including its causes of action against FDIC-R, were transferred to a liquidating trust (the "Liquidating Trust"). The Liquidating Trust is governed by a Liquidating Trust Board, comprised of four members, who are responsible for directing the business and affairs of the Liquidating Trust, including the oversight of this litigation. These board members have no prior affiliation with SVBFG, nor any prior

---

Court's guidance to present privilege disputes essential to resolution of this case, it requests the Court's attention to the implications for future receiverships if any former holding company of a bank can delay access to very broad ranges of documents based on generalized claims of exclusive privilege and threats of attorney disqualification.

involvement with this litigation. As such, they will require a brief period of time to get up to speed on the litigation and consider whether they seek to continue to assert a SVBFG-exclusive privilege over the challenged documents, which could significantly narrow this dispute. In the interim, counsel has identified certain documents that were inadvertently designated as SVBFG-only privileged as a result of the highly expedited review being conducted identified those documents to FDIC-R. Counsel is also continuing to assess the documents for inadvertent privilege designations, which may also narrow the issues in dispute.

*Second*, as SVBFG set forth in the parties' August 20, 2024 joint submission, FDIC-R is seeking an improper advisory opinion, including as to materials that are outside the scope of permissible discovery in this action, because no discovery requests or responses in this litigation are at issue. Based on its review to date and the limited information FDIC-R has provided regarding its as-yet unasserted setoff defenses, the vast majority of the documents being withheld on the basis of an SVBFG-exclusive privilege are not relevant to the claims or anticipated defenses in this action, and none of the documents—relevant or not—are subject to any current dispute regarding any discovery request or response in this action. Accordingly, FDIC-R's request is both improper and premature. *See, e.g.*, *Flynn* v. *Love*, 2023 WL 2744493 at *2 (D. Nev. Mar. 30, 2023).

*Third*, this dispute should be briefed as a regularly noticed motion. The Court has repeatedly recognized that its expedited procedures for resolving disputes are often insufficient for privilege disputes, "especially ones that require evidentiary support in order to make or rebut a claim of privilege or to assert waiver." (Transcript of Hearing at 52, *SVB Financial Group* v. *Federal Deposit Insurance Corp., as Receiver for Silicon Valley Bank, et al.*, No. 24-0321 (Sept. 17, 2024).) *See also*, *In re Google RTB Consumer Privacy Litigation*, 2022 WL 17072016, at *5 (N.D. Cal. Nov. 17, 2022); *see also KJ-Park, LLC* v. *Match Group, LLC*, 2024 WL 234724 (N. D. Cal. 2024) (permitting parties to submit privilege dispute by regularly noticed motion if defendants "believe that the expedited procedures (which include a word limitation and do not permit declarations) do not allow them to make the necessary showing to support their privilege claims"); *In re Telescopes Antitrust Litig.*, 2022 WL 17331257 (N.D. Cal. Nov. 29, 2022) (directing parties to submit privilege dispute by regularly noticed motion).

Here, determining whether a document is subject to a claim of exclusive privilege by SVBFG will require the assessment of complex facts. SVBFG and SVB, which were distinct legal companies, had overlapping officers and directors that performed distinct activities that sometimes related to SVBFG, and sometimes related to SVB, and sometimes related to SVBFG's other non-bank subsidiaries. To the extent the Court permits FDIC-R to proceed to challenge SVBFG privilege beyond the boundaries of a proper, ripe discovery dispute, and before ever even articulating the setoff claims to which it asserts these materials somehow relate, the dispute is significant and substantial enough that it should be briefed as a regularly noticed motion under Civil Local Rule 7-2. Any privilege ruling may have important consequences to the litigation – as well as to the many financial institutions nationwide with overlapping boards – and it is neither fair to SVBFG and to the Court, nor wise, to permit FDIC-R to sidestep the proper process for adjudicating such disputes.

SVBFG requests that the Court deny FDIC-R's request.  If the Court is inclined to adjudicate this issue, SVBFG requests that the parties be ordered to meet and confer on or before November 19, 2024, to determine whether the dispute can be resolved or narrowed. If the parties are unable to reach an agreement, the Court should order FDIC-R to file a noticed motion under Civil Local Rule 7-2.

      ii.      <u>Ongoing exclusive privilege review</u>.

SVBFG raised with the Court its concern that the vast majority of the Reserved Documents are not relevant to the claims or defenses in this action, and requiring SVBFG to provide a privilege log of SVBFG-privileged documents that are not relevant to the claims or defenses in this action both violates the restrictions in Fed. R. Civ. Proc. Rule 26 and would significantly slow down SVBFG's review of the Reserved Documents.[2]  The Court agreed, and during the Oct. 10, 2024 hearing noted, "I do not want anyone to have to log for exclusive privilege documents that are irrelevant to this case."  (*See* Oct. 10, 2024 Tr. at 41.)

SVBFG's review to date has confirmed its concerns.  Less than **ten percent** of the Reserved Documents reviewed, culled using FDIC-R's so-called "targeted" search terms, have been relevant to the claims or anticipated defenses in this action.  Logging the other 90 percent of privileged documents for exclusive HoldCo privilege, that are not relevant to this action, has added massive time and expense to this review process.  It is also unwarranted because it involves materials outside the scope of permissible discovery in this action and thus documents that would never be subject to such treatment in the ordinary course of a proper document request and response.

Finally, FDIC-R proposes that to complete the Priority Documents as described in the October 17 Order, then to prioritize using search terms SVBFG identified in correspondence to FDIC-R on September 26, and then to move to "remaining documents."  Again, SVBFG should not be required to conduct a review of what has amounted to over 10,000 documents per week, 90% of which are not relevant to this action. There is simply no basis in law to require such an undertaking, and FDIC-R has never cited a single authority to the Court to suggest otherwise.

SVBFG therefore proposes: (i) that it complete its review of the Priority Documents, but only be required to log for exclusive privilege documents relevant to the claims or anticipated defenses in this action, and (ii) that the parties be ordered to meet and confer by December 3, 2024, to discuss additional limited search terms, if any, to run over the remaining Reserved Documents, and that any such proposals must take into account information learned through the

---

[2] FDIC-R brushes aside SVBFG's assessment of the relevance of the documents reviewed to date because relevance is purportedly being "measured by SVBFG's own unstated standards." FDIC-R is wrong.  SVBFG has assessed relevance in the exact manner that every party to a litigation does so, by assessing FDIC-R's articulation of the scope and substance of its anticipated setoff claims.  Notably, FDIC-R claims that the 35,000+ documents that have been released as part of this process are "important to this litigation" but does not—because it cannot—represent to this Court that the majority of those documents are relevant to the claims or defenses in the litigation.

review process to date to endeavor to exclude irrelevant documents. This can all proceed in parallel to any briefing on the question of exclusive SVBFG privilege, discussed *supra*.

### III.   NEXT STEPS

The parties request a ruling on the papers, a telephonic / video status conference, or an in-person hearing at the Court's earliest available date.

The parties propose to update the Court in a joint status report due on December 10, 2024, at 5 pm PST.

We thank the Court for its attention to this matter.

Respectfully submitted,

Dated: November 13, 2024

/s Robert A. Sacks
Robert A. Sacks (SBN 150146)
Adam S. Paris (SBN 190693)
Diane L. McGimsey (SBN 234953)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA  90067
Tel:     (310) 712-6600
Fax:    (310) 712-8800

Sverker K. Högberg (SBN 244640)
**SULLIVAN & CROMWELL LLP**
550 Hamilton Ave.
Palo Alto, CA  94301
Tel:     (650) 461-5600
Fax:    (650) 461-5700

*Counsel for Plaintiff SVB Financial Group*

/s Stephen Sorensen
Stephen Sorensen (SBN 199408)
Elliott McGraw (SBN 275613)
Michael L. Shenkman (admitted *pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC  20007
Tel:     (202) 445-7266
Fax:    (202) 463-2103

Lawrence H. Heftman (admitted *pro hac vice*)
David C. Giles (admitted *pro hac vice*)
**ARENTFOX SCHIFF**
233 S. Wacker Dr., Suite 7100
Chicago, IL  60606
Tel:     (312) 258-5500
Fax:    (312) 258-5600

*Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank*

Casey D. Laffey (admitted *pro hac vice*)
Kurt F. Gwynne (admitted *pro hac vice*)
**REED SMITH LLP**
599 Lexington Ave.
New York, NY  10022
Tel:     (212) 521-5400
Fax:    (212 521-5450

Raymond A. Cardozo (SBN 173263)
Emily F. Lynch (SBN 324055)
**REED SMITH LLP**
101 Second St., Suite 1800
San Francisco, CA  94105
Tel:     (415) 543-8700
Fax:    (415) 391-8269

*Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

DATED: November 13, 2024               */s/ Stephen Sorensen*
                                       Stephen Sorensen

## FILER'S ATTESTATION

I, Stephen Sorensen, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED: November 13, 2024               */s/ Stephen Sorensen*
                                       Stephen Sorensen