1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6                         SAN JOSE DIVISION
7

8   SVB FINANCIAL GROUP,                    Case No. 24-cv-01321-BLF (VKD)

9                      Plaintiff,
                                            **ORDER RE PARTIES' NOVEMBER 13,**
10          v.                              **2024 STATUS REPORT**

11  FEDERAL DEPOSIT INSURANCE               Re: Dkt. No. 105
    CORPORATION, AS RECEIVER FOR
12  SILICON VALLEY BANK, et al.,

13                     Defendants.

14          Having reviewed the parties' November 13, 2024 status report, the Court orders as follows:

15          **1.      Custodial Documents**

16          The parties report that since the Court's October 17, 2024 order (Dkt. No. 97), plaintiff

17  SVB Financial Group's ("SVBFG") has reviewed 45,103 documents and has logged a total of

18  8,651 documents as subject to a claim of exclusive privilege.  Dkt. No. 105 at 2-3.  The parties

19  report that of the category of documents described in the October 17, 2024 order as "Priority

20  Documents," 13,847 documents[1] remain to be reviewed.  *Id.* at 3.  The parties agree that the

21  privilege review should continue according to the schedule and procedures in the October 17,

22  2024 order, although they disagree regarding whether and how SVBFG should continue its review

23  beyond the Priority Documents.  *Id.* at 5, 7-8.  The parties further disagree regarding how

24  SVBFG's current claims of exclusive privilege should be resolved.  *Id.* at 3-4, 5-7.

25          The Court has considered the parties' respective positions and orders as follows:

26              1.   SVBFG shall continue to review, release, and log the Priority Documents as

27  _____

28  [1] The parties advise that if document "families" are included, the count is 33,847.  Dkt. No. 105 at
    3.

United States District Court
Northern District of California

provided in the October 17, 2024 order, until the Priority Documents are exhausted.

2.   If defendant FDIC-R believes documents beyond the Priority Documents should be reviewed for purposes of this litigation, the parties shall confer regarding whether and how this review should be conducted and shall endeavor to complete their discussions on this matter by **December 3, 2024**.  The parties shall advise the Court of their agreed or respective proposals regarding this review in the **December 10, 2024** status report (see below).

3.   The parties shall complete their discussions regarding the claims of exclusive privilege that FDIC-R wishes the Court to resolve by **November 22, 2024**.

4.   If disputes about SVBFG's exclusive privilege claims remain, FDIC-R may file a motion challenging such claims (or a subset of them) as a regularly noticed motion pursuant to Civil Local Rule 7-2.

5.   On **December 10, 2024** at **5:00 p.m. PST**, the parties shall file a joint status report regarding the progress of SVBFG's privilege review, including the number of documents as to which SVBFG continues to object to FDIC-R's access, the number of exclusive privilege documents logged by SVBFG, and the parties' agreed or respective proposals for further proceedings.

**2.      Non-Custodial Documents**

The parties advise that they have agreed to certain procedures for SVBFG's review of Microsoft Team chats and records in shared file locations.  Dkt. No. 105 at 1-2.  The parties continue to confer regarding the scope and timing of this review.  *Id.* at 2.  On **December 10, 2024** at **5:00 p.m. PST**, the parties shall file a joint status report advising on the status of review of these materials and their proposal(s) for completing this review.

**IT IS SO ORDERED.**

Dated: November 18, 2024

Virginia K. DeMarchi
United States Magistrate Judge