UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**ORDER RE NOVEMBER 20, 2024 DISCOVERY DISPUTE RE PROPOSED ESI ORDER**<br><br>Re: Dkt. No. 107 |

Plaintiff SVB Financial Group's ("SVBFG") and defendants Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (together, "FDIC-R") ask the Court to resolve a dispute concerning the procedures that should govern review of electronically stored information ("ESI"). Specifically, the parties advise that they are "unable to finalize a stipulation regarding discovery of [ESI] due to a disagreement regarding whether FDIC-Rs are required, under the Federal Rules of Civil Procedure, to respond to SVBFG's Rule 34 discovery requests by conducting a manual review of potentially responsive documents rather than using search terms to identify responsive documents among the approximately 24 million custodial files previously delivered by FDIC-R1 to SVBFG." Dkt. No. 107 at 1. The parties attach their respective proposed ESI orders. *Id.*, Exs. A & B. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

The parties principally disagree about whether a responding party must identify which documents are responsive to each of its adversary's documents requests, from the collection of approximately 24 million custodial documents to which both SVBFG and FDIC-R have access, or whether a party may instead rely on search terms to identify the collection of responsive

documents without otherwise reviewing those documents for responsiveness. Dkt. No. 107 at 1-2, 4. The parties refer to the shared collection of approximately 24 million documents as "Previously Produced ESI." *See* Dkt. No. 107-1 (sec. 2(j)); Dkt. No. 107-2 (sec. 2(j)). They agree that "production" from this collection may be achieved by identifying the "DOC ID" of ESI within the shared collection. They disagree regarding how a party determines which documents are responsive to the other's document requests. This disagreement is reflected in competing provisions in the parties' respective proposed ESI orders: SVBFG proposes that "FDIC-R[1] . . . shall be obligated to (1) search the Previously Provided ESI in response to Plaintiff's requests for production of documents, and (2) identify to Plaintiff by 'DOC ID' any Previously Provided ESI that is responsive to Plaintiff's requests for production of documents." Dkt. No. 107-1 (sec. 6); *see also id.* (sec. 11). FDIC-R proposes that "the Parties . . . shall be obligated to (1) search the Previously Provided ESI in response to requests for production of documents, and (2) identify by "DOC ID" any Previously Provided ESI that is responsive to requests for production of documents. The Parties may satisfy their production obligations with respect to the Previously Provided ESI . . . by using search terms to identify documents responsive to the requests for production without performing a manual document review." Dkt. No. 107-2 (sec. 6); *see also id.* (sec. 11).

Pursuant to Rule 34, unless otherwise stipulated or ordered by the Court, a party must produce documents (including ESI) as they are kept in the usual course of business or must organize and label the documents to correspond to the categories in the document request. Fed. R. Civ. P. 34(b)(2)(E)(i). It is not clear whether the Previously Produced ESI in the share collection exists in the form in which it was kept in the usual course of business by SVB and/or SVBFG prior to FDIC's appointment as receiver in March 2023. SVBFG appears to assume that the collection is not maintained in "usual course of business" form. *See generally* Dkt. No. 107 at 1-2, 3. Conversely, FDIC-R seems to suggest that the documents are, for all practical purposes, accessible to SVBFG as they were in the "usual course of business," observing that the collection

---

[1] SVBFG frames the issue as whether "FDIC-R must identify to SVBFG what documents are responsive to SVBFG's Requests" (Dkt. No. 107 at 2), but with respect to the "Previously Provided ESI," the Court sees no reason why SVBFG's obligations would differ with respect to FDIC-R's document requests to SVBFG.

"largely consists of SVB email accounts" and "was processed with common e-discovery procedures and contains standard metadata making the documents readily searchable, sortable, and reviewable by author, date, and other organizing fields." *Id.* at 5.  While the district courts that have considered this issue do not entirely agree, at least one court addressing similar circumstances has concluded that "[e]mails are produced as they are maintained in the 'usual course of business' when they are sorted chronologically by custodian." *F.D.I.C. v. Giannoulias*, No. 12-cv-1665, 2013 WL 5762397, at *3 (N.D. Ill. Oct. 23, 2013).  However, the Court need not resolve the parties' disagreement regarding the correct interpretation of Rule 34's "usual course of business" production requirement (as applied to email or other ESI) to resolve this dispute, as Rule 34 expressly permits the Court to order a suitable means and form of production.  *See* Fed. R. Civ. P. 34(b)(2)(E) ("Unless otherwise . . . ordered by the court . . .).

A voluminous and unorganized production that includes a large number of clearly non-responsive documents is never an appropriate response to Rule 34 document requests.  *See, e.g., F.D.I.C. v. Appleton*, No. 11-cv-476-JAK PLAX, 2012 WL 10245383, at *3 (C.D. Cal. Nov. 29, 2012) (finding plaintiff improperly provided a database of documents, with no apparent organization or clear custodial or date information, containing a large volume of irrelevant and non-responsive documents); *see also Venture Corp. Ltd. v. Barrett*, No. 13-cv-03384-PSG, 2014 WL 5305575, at *1 (N.D. Cal. Oct. 16, 2014) ("Even in the days of paper measured by the carton and large, cold-storage warehouses, the document dump was recognized for what it was: at best inefficient and at worst a tactic to work over the requesting party.").  Assuming the Previously Produced ESI was provided to SVBFG with all of the standard metadata information, as FDIC-R represents, this collection cannot fairly be described as "unorganized."  Indeed, one might argue that SVBFG is more familiar with the shared collection than FDIC-R and can locate whatever documents it needs within this collection more easily than FDIC-R.  The question remains whether, in response to specific document requests, a party may rely exclusively on the application of search terms to identify potentially responsive documents within the collection without further review to determine whether they are actually responsive.

Typically, parties apply search terms to ESI to narrow the collection of material to be

reviewed, followed by a further review for responsiveness. However, for some document requests, it may not be appropriate for a party to rely exclusively on search terms—or at all—to identify the universe of potentially relevant documents. *See In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2022 WL 16637989, at *3 (N.D. Cal. Nov. 2, 2022) ("The Court emphasizes that this is not the kind of production that requires application of search terms to ESI; rather, it requires a deliberate and focused investigation of the documentation Google maintains about the operation of its automated data selection process."). Conversely, in some cases it may be appropriate for a party to expedite its production by relying only on search terms, without undertaking a review for responsiveness. *See In re Telescopes Antitrust Litig.*, No. 20-cv-03642-EJD (VKD), 2022 WL 3590342, at *4 (N.D. Cal. Aug. 22, 2022). Here, the parties have not attached any of the document requests at issue, but refer only to some examples. SVBFG refers to requests for documents supporting FDIC-R's contentions about its setoff defenses, while FDIC-R refers to other SVBFG requests as broadly seeking "all documents . . . concerning" a particular subject matter. *Compare* Dkt. No. 107 at 1 (requests seeking "information that FDIC-R1 believes supports its potential setoff defenses") *with id.* at 5 (referring to SVBFG RFP No. 56). Certainly, for those requests that require FDIC-R to identify documents from the Previously Produced ESI that support its contentions regarding setoff, FDIC-R may not simply rely on application of search terms that may or may accurately identify responsive documents. For other requests that effectively ask FDIC-R to identify responsive documents in the Previously Produced ESI that "concern" particular subject matter, application of search terms that have a reasonably accurate hit rate may be the most expeditious approach, particularly if the document request essentially asks FDIC-R to curate the shared collection for SVBFG, when SVBFG is equally capable of doing so itself. In any event, the Court expects the parties to cooperate in the identification of appropriate search terms so that their respective document reviews can proceed efficiently.

    Accordingly, with respect to their competing ESI orders, the Court *rejects* FDIC-R's proposal that for all document requests, "[t]he Parties may satisfy their production obligations with respect to the Previously Provided ESI . . . by using search terms to identify documents

4

responsive to the requests for production without performing a manual document review." Dkt. No. 107-2 (secs. 6, 11). The Court also *rejects* SVBFG's unilateral framing in its proposal of what should be a mutual obligation. Thus, the disputed portions of sections 6 and 11 of the ESI order shall state: "[T]he Parties still shall be obligated to (1) search the Previously Provided ESI in response to requests for production of documents, and (2) identify by "DOC ID" any Previously Provided ESI that is responsive to requests for production of documents."[2]

The parties shall submit a proposed ESI order that conforms to the direction in this order by **December 9, 2024**.

**IT IS SO ORDERED.**

Dated: December 2, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] The parties' competing ESI orders reflect that they may have other disagreements that they did not address in the joint discovery dispute letter. The Court does not resolve those other disagreements here.

5