

| | 1055 Thomas Jefferson St. NW<br>Suite 540<br>Washington, DC 20007<br>Tel: 202.463.2101<br>Fax: 202.463.2103 | STEPHEN SORENSEN<br>ssorensen@baileyglasser.com |

December 10, 2024

**By ECF**

Hon. Virginia K. DeMarchi
United States Magistrate Judge
United States District Court
  for the Northern District of California
280 South 1st St., Room 2112
San Jose, CA  95113

**Re:**   *Silicon Valley Bank Financial Group v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, et al.* **(Case No. 5:24-cv-01321-BLF-VKD)**

Dear Judge DeMarchi,

      This letter updates the Court on negotiations regarding Plaintiff SVBFG's review for exclusive privilege claims, consistent with the Court Order of November 18, 2024, directing the parties to file an update by December 10, 2024 (Dkt. 106).

    **I.**      **STIPULATION & PROPOSED ORDER REGARDING DOCUMENT REVIEW**

      On November 22, 2024, SVBFG offered and, following further discussions, the FDIC-R agreed in principle to a stipulation and proposed order by which FDIC-R would gain access to review all Historical Documents regardless of exclusive privilege claims by SVBFG, while SVBFG would retain any exclusive privilege objections as to use (the "Historical Documents" being those documents that were previously maintained at Silicon Valley Bank and to which FDIC-R obtained possession following the Bank's closure).

      On the basis of SVBFG's proposal, the parties agreed to pause further exclusive privilege review by SVBFG on all Historical Documents, custodial and non-custodial, in anticipation of reaching agreement.  The parties agreed on a stipulation and proposed order that is included as an attachment to this letter, subject to the Court's resolution of two open items, discussed below.

    **II.**     **REQUEST FOR COURT ASSISTANCE REGARDING PROCEDURE FOR MOTION PRACTICE INVOLVING DOCUMENTS SUBJECT TO PRIVILEGE CLAIMS**

      The stipulation addresses use of Historical Documents in depositions and trial, but the parties could not agree on the procedure to resolve privilege objections in connection with motion practice.  The parties therefore request assistance from the Court to establish an

appropriate protocol for motion practice using Historical Documents that may be subject to potential privilege claims.

The parties are in agreement as to the following: Given the exclusive privilege claims by SVBFG, the joint privilege that attaches to potentially relevant documents, and any exclusive privilege that may belong to FDIC-R, the parties contemplate that resolution of privilege claims may be needed as to Historical Documents that:

(1) Have been logged as subject to Exclusive Privilege by SVBFG;

(2) Reflect that they are by, from, to, or include an attorney (including in-house or outside counsel, but excluding attorneys for unrelated entities such as bank counter-parties); or,

(3) Otherwise expressly reflect on their face legal advice or attorney work product performed prior to March 10, 2023, for SVBFG or a subsidiary.

The question for the Court is what procedure it would prefer to resolve any dispute concerning Historical Documents that a party would like to file with the Court that are potentially subject to a claim of exclusive or joint privilege.

   a. FDIC-R's Position

FDIC-R anticipates a cooperative process, consistent with SVBFG's proposal, by which a party seeking to use a document described above would seek written permission from the opposing party. The parties would meet and confer in good faith about the use of such documents and, if they are unable to resolve any disagreements, would cooperate in obtaining prompt resolution of any privilege dispute from the Court.

FDIC-R is not, however, amenable to SVBFG's request that FDIC-R give up its prerogative to file under seal documents potentially subject to an SVBFG joint or exclusive privilege. FDIC-R recognizes that filing under seal would entail a motion to consider whether another party's materials should be sealed, pursuant to Civil Local Rule 79-5(f) and Judge Freeman's individual rules of practice, in order to allow SVBFG to submit privilege claims to the Court in order to maintain the documents under seal. FDIC-R recognizes the parties' obligations under Civil Local Rule 79-5(a) to minimize sealing. FDIC-R seeks only to maintain its ordinary litigation rights to move the Court, including for privilege determinations, without surrendering control over timing to the other side.

   b. SVBFG's Position

SVBFG has raised a countervailing interest in (1) protecting against documents it claims as privileged being docketed in this case and (2) reducing unnecessary court filings that may be necessitated if FDIC-R files documents potentially subject to an Exclusive Privilege and SVBFG prevails on its assertion of privilege, thereby requiring that FDIC-R's original filings be struck from the record and re-filed. SVBFG therefore proposes that a party seeking to file or use a

document in one of the above categories shall seek written permission from the opposing party. The parties will meet and confer in good faith about the use of such documents and, if they are unable to resolve any disagreements, would cooperate in obtaining prompt resolution of any privilege dispute from the Court.  Under this procedure, the disputed material would not be filed before the Court issues a ruling on the privilege dispute unless a party was required to file the material to meet a Court-ordered deadline, in which case said material would be sealed pending Court resolution of the privilege dispute.  SVBFG further observes that any Historical Documents over which there is a privilege dispute are also likely to be Highly Confidential under the parties' Protective Order, and therefore the proper subject of sealing.

### III. REQUEST FOR COURT ASSISTANCE ON APPLICATION TO RELATED ACTION / COUNSEL FOR FDIC IN ITS CORPORATE CAPACITY ("FDIC-C")

The parties agree that in light of discovery coordination—including joint depositions—between this Action and Case No. 23-cv-06543 (N.D. Cal.) (the "Related Action"), counsel for FDIC in its corporate capacity will need authorization from SVBFG, and protection from disqualification, on equivalent terms as counsel for FDIC-R to the extent necessary to coordinate discovery in these actions.

Accordingly, the parties have agreed to review whether and how this is most appropriately accomplished through further stipulation and order in this case, or a parallel stipulation and order in the Related Action.  The parties request the assistance of the Court in working out the appropriate mechanics to the extent they have not resolved the issue prior to a status conference.

### IV. NEXT STEPS

The parties jointly anticipate that the stipulation and general agreement on procedures above will resolve most or all relevant disputes.  But the parties request a conference with the Court to seek guidance primarily on these narrow process issues on which we could not reach agreement, so that the Court might assist us in proceeding efficiently in this case where a significant number of documents subject to privilege claims may be involved.

The parties therefore ask the Court to schedule a Zoom hearing at the Court's soonest convenience in advance of entry of the stipulation on privilege claims in order to resolve these two open items.

We thank the Court for its attention to this matter.


(signatures on next page)



(Attachment – Stipulation and Proposed Order)

| | |
|---|---|
| */s Robert A. Sacks* | */s Stephen Sorensen* |
| Robert A. Sacks (SBN 150146) | Stephen Sorensen (SBN 199408) |
| Adam S. Paris (SBN 190693) | Elliott McGraw (SBN 275613) |
| Diane L. McGimsey (SBN 234953) | Michael L. Shenkman (admitted *pro hac vice*) |
| **SULLIVAN & CROMWELL LLP** | **BAILEY & GLASSER LLP** |
| 1888 Century Park East | 1055 Thomas Jefferson St., NW, Suite 540 |
| Los Angeles, CA  90067 | Washington, DC  20007 |
| Tel:     (310) 712-6600 | Tel:     (202) 445-7266 |
| Fax:    (310) 712-8800 | Fax:    (202) 463-2103 |
| | |
| Sverker K. Högberg (SBN 244640) | Lawrence H. Heftman (admitted *pro hac vice*) |
| **SULLIVAN & CROMWELL LLP** | David C. Giles (admitted *pro hac vice*) |
| 550 Hamilton Ave. | **ARENTFOX SCHIFF** |
| Palo Alto, CA  94301 | 233 S. Wacker Dr., Suite 7100 |
| Tel:     (650) 461-5600 | Chicago, IL  60606 |
| Fax:    (650) 461-5700 | Tel:     (312) 258-5500 |
| | Fax:    (312) 258-5600 |
| *Counsel for Plaintiff SVB Financial Group* | |
| | *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank* |
| | |
| | Casey D. Laffey (admitted *pro hac vice*) |
| | Kurt F. Gwynne (admitted *pro hac vice*) |
| | **REED SMITH LLP** |
| | 599 Lexington Ave. |
| | New York, NY  10022 |
| | Tel:     (212) 521-5400 |
| | Fax:    (212 521-5450 |
| | |
| | Raymond A. Cardozo (SBN 173263) |
| | Emily F. Lynch (SBN 324055) |
| | **REED SMITH LLP** |
| | 101 Second St., Suite 1800 |
| | San Francisco, CA  94105 |
| | Tel:     (415) 543-8700 |
| | Fax:    (415) 391-8269 |
| | |
| | *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

DATED: December 10, 2024            */s/ Stephen Sorensen*
                                    Stephen Sorensen

**FILER'S ATTESTATION**

I, Stephen Sorensen, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED: December 10, 2024            */s/ Stephen Sorensen*
                                    Stephen Sorensen