Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:     (310) 712-6600
Facsimile:       (310) 712-8800
*Attorneys for Plaintiff SVB Financial Trust*
[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>　　　　　　Defendants. | Case No. 5:24-cv-01321-BLF (VKD)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER PURSUANT TO FRE 502**<br><br>The Honorable Beth Labson Freeman<br>The Honorable Virginia K. DeMarchi |

Pursuant to Civil Local Rule 7-12, SVB Financial Trust, as successor to SVB Financial Group ("SVBFT"), and Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. (collectively, "FDIC-R", and together with SVBFT, the "Parties"), submit this Stipulation and Order to resolve the Parties' dispute regarding SVBFT's assertion of an exclusive privilege, including with respect to attorney-client privilege and work product protections, (collectively, the "Exclusive Privilege") over certain documents possessed by both SVBFT and FDIC-R1.

WHEREAS, upon Silicon Valley Bank's ("SVB") closure, FDIC-R1 succeeded by law to the rights of SVB as receiver;

WHEREAS, SVB Financial Group ("SVBFG") was the parent corporation of SVB prior to SVB's closure;

WHEREAS, following the closure of SVB, FDIC-R1 obtained possession of certain documents that were previously maintained at SVB (the "Historical Documents");

WHEREAS, the Historical Documents are voluminous;

WHEREAS, SVBFG has asserted that it has an Exclusive Privilege over certain of the Historical Documents and FDIC-R1 has disputed SVBFG's claims of Exclusive Privilege;

WHEREAS, SVBFG and FDIC-R1 have been engaged in a process involving the review and identification by SVBFG of those Historical Documents over which it contends it possesses an Exclusive Privilege with the oversight and involvement of the Court;

WHEREAS, on November 7, 2024, SVBFG's Chapter 11 plan of reorganization became effective, resulting in SVBFG's claims against FDIC-R1 being transferred to a liquidating trust, SVBFT, which is governed by a Liquidating Trust Board comprised of four members with no prior affiliation with SVBFG;

WHEREAS, SVBFT represents that pursuant to said Chapter 11 plan of reorganization, it succeeded to all privilege claims on the Historical Documents previously held by SVBFG;

WHEREAS on November 12, 2024, the Court entered the Parties' Stipulated Protective Order ("SPO") (Dkt. 102);

WHEREAS SVBFT expects to move to substitute itself for SVBFG as Plaintiff in this action (the "Action");

WHEREAS, SVBFG represents that its agreement to this Stipulation and Order shall be binding upon SVBFT upon its substitution for SVBFG as Plaintiff in this Action;

WHEREAS, in order to facilitate the expeditious resolution of this action and avoid burdening the Court with additional disputes concerning the review and logging or release of Historical Documents, SVBFT has agreed to the release of all Historical Documents to FDIC-R1 subject to the entry of an order pursuant to Federal Rule of Evidence 502(d);

WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order declaring that attorney-client privilege and work product protections are not waived by the disclosure of documents or information during the course of litigation pending before the Court, and that such disclosure shall not constitute a waiver of such privilege or protection in this action or any other federal or state proceeding; and

WHEREAS, FDIC-R agrees that SVBFT's release of Historical Documents constituting or containing information protected by the Exclusive Privilege or any privilege held jointly by SVBFT, as successor to SVBFG, and FDIC-R (the "Joint Privilege") shall not constitute a waiver of the same; and

THEREFORE, in order to protect any legal privilege, including the Exclusive Privilege or Joint Privilege, afforded to documents and information for purposes of this Action, and pursuant to the Court's authority under Federal Rule of Evidence 502, the Parties hereby stipulate and submit as follows:

1. **Non-waiver of the Parties' right to assert privilege**. This Stipulation and Order shall not constitute a waiver, or estoppel, or otherwise prevent or prejudice the Parties from asserting any privilege, including the Exclusive Privilege or a Joint Privilege, in this or any other litigation.

2. **Non-waiver of privileges as to third parties**. The release of the Historical Documents for review by FDIC-R shall not provide any third party with a basis to seek disclosure or production of the Historical Documents based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. Pursuant to Federal Rule of Evidence 502(d) the release of

Historical Documents shall not waive any claim of privilege, including the Exclusive Privilege or Joint Privilege, in any other federal or State proceeding.

3. **No disqualification for viewing documents**. SVBFT may not seek to disqualify FDIC-R's in-house or outside counsel in this Action (together, "FDIC-R counsel") on the basis of any review of Historical Documents that FDIC-R counsel is entitled to review pursuant to this Stipulation and Order and has reviewed, regardless of whether SVBFT may later contend or the Court may later find that any reviewed Historical Documents are subject to an Exclusive Privilege. Although the Parties anticipate a separate agreement between them that would govern access to and use of the applicable Historical Documents outside of this Action, SVBFG and SVBFT agree here that FDIC-R counsel's review of documents in this Action consistent with this Stipulation shall not be a basis for disqualification in any other matter.

4. **Depositions and Trial**. The Parties further agree to the use of the Historical Documents in this Action in accordance with the following procedures:

   a. **Depositions**. The Parties may use any Historical Documents in depositions in this Action, including any depositions taken jointly with the related action of Case No. 23-cv-06543 (N.D. Cal.) ("Related Action"), subject to objection by counsel based on an exclusive privilege. In the event of such objection, the Parties may present the dispute to the Court, and the Parties agree in advance not to oppose recall of a deposition witness if such objection is overruled.

   b. **Trial**. The Parties agree to meet and confer in good faith and present to the Court as necessary in advance of trial all privilege disputes essential to their respective cases.

(signatures on next page)

1  IT IS SO STIPULATED

2  Dated: December 10, 2024

4  */s Robert A. Sacks*  
5  Robert A. Sacks (SBN 150146)  
   Adam S. Paris (SBN 190693)  
6  Diane L. McGimsey (SBN 234953)  
   **SULLIVAN & CROMWELL LLP**  
7  1888 Century Park East  
   Los Angeles, CA  90067  
8  Tel:     (310) 712-6600  
   Fax:    (310) 712-8800  

10 Sverker K. Högberg (SBN 244640)  
   **SULLIVAN & CROMWELL LLP**  
11 550 Hamilton Ave.  
   Palo Alto, CA  94301  
12 Tel:     (650) 461-5600  
   Fax:    (650) 461-5700  

14 *Counsel for Plaintiff SVB Financial Group*

4  */s Stephen Sorensen*  
   Stephen Sorensen (SBN 199408)  
   Elliott McGraw (SBN 275613)  
   Michael L. Shenkman (admitted *pro hac vice*)  
   **BAILEY & GLASSER LLP**  
   1055 Thomas Jefferson St., NW, Suite 540  
   Washington, DC  20007  
   Tel:     (202) 445-7266  
   Fax:    (202) 463-2103  

   Lawrence H. Heftman (admitted *pro hac vice*)  
   David C. Giles (admitted *pro hac vice*)  
   **ARENTFOX SCHIFF**  
   233 S. Wacker Dr., Suite 7100  
   Chicago, IL  60606  
   Tel:     (312) 258-5500  
   Fax:    (312) 258-5600  

   *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank*

   Casey D. Laffey (admitted *pro hac vice*)  
   Kurt F. Gwynne (admitted *pro hac vice*)  
   **REED SMITH LLP**  
   599 Lexington Ave.  
   New York, NY  10022  
   Tel:     (212) 521-5400  
   Fax:    (212 521-5450  

   Raymond A. Cardozo (SBN 173263)  
   Emily F. Lynch (SBN 324055)  
   **REED SMITH LLP**  
   101 Second St., Suite 1800  
   San Francisco, CA  94105  
   Tel:     (415) 543-8700  
   Fax:    (415) 391-8269  

   *Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____      _____

HON. VIRGINIA K. DEMARCHI
UNITED STATES MAGISTRATE JUDGE

## FILER'S ATTESTATION

I, Stephen Sorensen, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED: December 10, 2024

*/s/ Stephen Sorensen*
Stephen Sorensen