| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>JAN NIELSEN LITTLE - # 100029<br>jlittle@keker.com<br>JULIA L. ALLEN - # 286097<br>jallen@keker.com<br>MAYA JAMES - # 318554<br>mjames@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:      415 397 7188<br><br>Attorneys for Plaintiff SVB FINANCIAL GROUP | DAVIS POLK & WARDWELL LLP<br>Marshall S. Huebner (*pro hac vice*)<br>marshall.huebner@davispolk.com<br>Elliot Moskowitz (*pro hac vice*)<br>elliot.moskowitz@davispolk.com<br>Kathryn S. Benedict (*pro hac vice*)<br>kathryn.benedict@davispolk.com<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone:     212 450 4000<br><br>DAVIS POLK & WARDWELL LLP<br>Jonathan K. Chang - # 355907<br>jonathan.chang@davispolk.com<br>900 Middlefield Road<br>Redwood City, CA 94063<br>Telephone:     650 752 2000 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01321-BLF<br><br>**OPPOSITION TO FDIC-R1'S ADMINISTRATIVE MOTION SEEKING TO RELATE CASES**<br><br>Judge:　　Hon. Beth Labson Freeman<br><br>Date Filed: March 5, 2024<br><br>Trial Date: March 23, 2026 |

## I. INTRODUCTION

The FDIC-R1's new case is a tactical lawsuit with only one strategic objective: delaying resolution of the claims SVB Financial Group ("SVBFG")[1] has brought against it. This administrative motion underscores that fact. Mere days ago, the FDIC-R1 filed a new lawsuit asserting claims against former officers and directors of Silicon Valley Bank ("SVB") for allegedly mismanaging risks in the years leading up to SVB's failure. *See* Dkt. 1, *Fed. Deposit Ins. Corp. as Receiver for Silicon Valley Bank v. Becker et al.*, No. 5:25-cv-00569-NC (N.D. Cal.) (the "Officer Litigation"). The next day, the FDIC-R1 filed this administrative motion seeking an order that the Officer Litigation is related to this case and suggesting that the Court adopt a global discovery schedule for the two matters, which is undoubtedly intended to prolong proceedings and delay resolution of the existing claims, to the prejudice of SVBFG.

The FDIC-R1 could have filed the Officer Litigation a year ago. Why now? Because filing the lawsuit just days after pleading setoff allegations in this case gives the FDIC-R1 an opportunity to try to slow down adjudication of SVBFG's claims against it. The FDIC-R1 cannot recover the billions sought from the individual defendants who cannot possibly pay that amount even if FDIC-R were to prevail. The only reason the FDIC-R1 filed this lawsuit now is for delay and to prejudice SVBFG with irrelevant allegations of officer misconduct. To the extent the FDIC-R1 can pursue an alleged setoff (FDIC-C cannot), the focus is on the oversight of the board of directors of the parent company, SVBFG, not the actions of SVB officers who are at the center of the new lawsuit.

Further shedding light on the true motivation behind the new lawsuit is the fact that this action is not the lowest number case. The lowest number case is the private securities action brought against many of the same individual defendants pending before Judge Donato. *See In re*

---

[1] Plaintiff SVB Financial Trust ("SVBFT") has been substituted for SVBFG. *See* Findings of Fact, Conclusions of Law and Order Confirming the Debtor's Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code at § 5.5, No. 23-10367 (MG) (Bank. S.D.N.Y. Aug. 2, 2024), Dkt. 1379 ("On the Effective Date, [SVBFT] shall be deemed to be substituted as the party to any pending litigation . . . in which the Debtor [(SVB Financial Group)] is a party . . . ."). Depending on the outcome of discussions with the FDIC in its corporate capacity and the FDIC-R, SVBFT anticipates it will file in the near term either an agreed stipulation or an administrative motion seeking to amend the caption to reflect this already-effectuated substitution pursuant to the Bankruptcy Court's order.

1

OPPOSITION TO FDIC-R1'S ADMINISTRATIVE MOTION SEEKING TO RELATE CASES
Case No. 5:24-cv-01321-BLF

2855228

*SVB Fin. Grp. Sec. Litig.*, No. 3:23-cv-01097-JD (N.D. Cal.).  That case shares many similarities to the Officer Litigation: overlapping individual defendants, allegations that they mismanaged the bank, and attempted recovery from the same pot of money (namely, the insurance proceeds).

Setting aside the FDIC-R1's latest delay tactic, relation is improper under the relevant standard.  Under Local Rule 3-12, actions are related when they "concern substantially the same parties, property, transaction, or event" and there likely will be an "unduly burdensome duplication of labor and expense or conflicting results."  Neither factor is satisfied here, thus, the cases should not be related.  **First**, this case involves the straightforward issue of whether the FDIC-R[2] is improperly withholding SVBFG's $1.93 billion deposit where its return was guaranteed and all other depositors retained their funds.  Whether SVB's former officers acted negligently in the years before the FDIC began acting as receiver, as FDIC-R alleges, has no bearing on that question.  Further, the individuals named as defendants in the Officer Litigation are not parties to this litigation.  **Second**, there will not be an unduly burdensome duplication of labor or the risk of conflicting results if the cases proceed separately.  Indeed, the FDIC-R1 fails to articulate any specific burden or details establishing why the two actions may lead to conflicting results.  Nor is there any such risk: this case involves a clear-cut legal question regarding the return of SVBFG's deposit, whereas the Officer Litigation centers on individuals' decisions and actions for years preceding invocation of the systemic risk exception and the unlawful hold placed on SVBFG's accounts.  **Finally**, the FDIC-R1's attempt to shoehorn other case management issues into its administrative motion should be rejected.  A Rule 3-12 motion is not a vehicle to raise coordination with a newly-filed litigation or to suggest amending a stipulated case schedule that the Court has adopted.

The Court should deny the FDIC-R1's administrative motion to relate this case to its recently filed Officer Litigation.

---

[2] SVBFG named the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. as Defendants.  In the complaint, FDIC-R1 refers to the FDIC as receiver for SVB and FDIC-R2 refers to the FDIC as receiver for Silicon Valley Bridge Bank, N.A.  Here, SVBFG uses "FDIC-R" to refer collectively to both.

## II.    ARGUMENT

### A.    The cases should not be related.

Under Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Courts routinely deny motions to relate where, as here, there are only "some similarities between the suits" like one identical party.  *ASUS Comput. Int'l v. Interdigital, Inc.*, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (Freeman, J.); *see also Sorensen v. Lexar Media*, 2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008) (denying motion to relate despite infringement claims on same patent because different defendants).  Here, the Court should deny the FDIC-R1's motion because the Officer Litigation defendants are not parties to this litigation and the claims against those individual defendants do not overlap with SVBFG's claims against the FDIC-R1 for the return of unlawfully withheld funds.  Given those differences, risk of conflicting results and duplication of labor between the two cases is low.

*First*, the Officer Litigation asserts claims unrelated to this action against an entirely new set of individual defendants.  SVBFG filed this action against the FDIC-R based on its improper refusal to return SVBFG's $1.93 billion deposit, despite guarantees that it would.  *See generally* Dkt. 1.  The Complaint in this case asserts causes of action based on the FDIC-R's breach of its obligations as successor to SVB and improper interference with the payment of SVBFG's deposit.  *Id.* ¶¶ 139–231.  By contrast, in the Officer Litigation, the FDIC-R1 claims that former SVB officers engaged in "egregious mismanagement" because they "ignored clear warnings of risk to the Bank's financial condition."  Officer Litigation, Dkt. 1 ¶ 2.  The Officer Litigation Complaint alleges that the former SVB officers and directors (1) "overexposed SVB to investments in long-term securities . . . to try to increase yield in 2021"; (2) "caused SVB to terminate interest-rate hedges on its available-for-sale [] securities portfolio" from 2021 to July 2022; and (3) paid a "bank-to-parent dividend . . . in December 2022."  *Id.* ¶¶ 3–5.  Based on those allegations, the FDIC-R asserts causes of action for negligence, gross negligence, and breach of fiduciary duty against the former SVB officers and directors.  *Id.* ¶¶ 122–44.  The

Officer Litigation concerns events spanning years before SVB's failure and has nothing to do with the FDIC-R's refusal—after the failure—to return the SVBFG's $1.93 billion deposit. Simply put, "the cases ultimately involve different parties, different [] agreements, and different claims." *Interdigital*, 2015 WL 13783764, at *1.

The FDIC-R's arguments to the contrary are unpersuasive. The FDIC-R relies on the setoff allegations in its recently-filed Answer in this case to suggest that the Officer Litigation is related. Mot. at 2–3; *compare* Dkt. 135, *with* Officer Litigation, Dkt. 1. In that pleading, the FDIC-R1 "denies any liability and further asserts that any recovery by SVBFG is precluded or fully setoff because of SVBFG's own misconduct." Mot. at 2. But the FDIC-R cites no case law supporting a conclusion that cases are related when a defendant raised defenses in one case and then files a new case against completely distinct defendants based on their individual conduct. Instead, courts generally evaluate the plaintiff's allegations in both cases to determine whether the cases are related. *Sorensen*, 2008 WL 11344635, at *1 (evaluating allegations in each complaint). Further, the claims in the Officer Litigation—which focus on former officers' conduct in running SVB—are fundamentally different from the setoff allegations in this case, which target the alleged failure of the SVBFG board of directors to provide sufficient oversight. The FDIC-R should not be permitted to continue improperly withholding the SVBFG's $1.93 billion deposit by asserting claims that should be decided after the simple question of whether SVBFG—like every other depositor—is entitled to return of its funds.

***Second***, there will not be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. As discussed, this case and the Officer Litigation involve case-specific facts. There will be little duplication of labor and expense to determine whether: (1) the FDIC-R improperly withheld SVBFG's $1.93 billon deposit in this action and (2) the former SVB officers acted negligently in the years preceding SVB's failure. Nor is there a likelihood of conflicting results. Here, the Court will adjudicate the FDIC-R's improper refusal to return SVBFG's deposit, whereas the Officer Litigation will adjudicate the actions of those individual defendants. The FDIC-R does not establish otherwise. In one conclusory sentence, the FDIC-R says that both actions will require examining "the

4
OPPOSITION TO FDIC-R1'S ADMINISTRATIVE MOTION SEEKING TO RELATE CASES
Case No. 5:24-cv-01321-BLF
2855228

conduct and duties of SVB's officers and directors" and there will be discovery from "numerous overlapping witnesses." Mot. at 3. But the FDIC-R does not explain how that will result in unduly burdensome duplication of efforts or conflicting results.

In sum, the Court should deny the FDIC-R1's administrative motion to relate.

### B. The FDIC-R's arguments about case coordination and consolidation are procedurally improper and should be disregarded.

The Court should reject FDIC-R's attempt to use an administrative motion to raise coordination or consolidation. The FDIC-R filed its administrative motion under Local Rule 3-12, which concerns whether two actions should be related. The FDIC-R cannot use its motion to raise additional matters that must be addressed through other procedures. *See* Mot. at 3–4.

To begin, the FDIC-R makes a cursory argument to suggest the Court should deny SVBFG's forthcoming motion to consolidate this action with *Silicon Valley Bank Financial Group v. Federal Deposit Insurance Corporation in its Corporate Capacity*, No. 5:23-cv-06543-BLF. But consolidation will be adjudicated based on that motion, not this administration motion, and the FDIC-R's position makes no sense in any event: it suggests that the consolidation motion is both "premature" and too late because that the two SVBFG lawsuits were filed separately.

Next, the FDIC-R claims that there should be coordinated discovery and perhaps consolidation between this case and the Officer Litigation. Mot. at 4. The FDIC-R cannot short circuit the proper procedural avenues to raise those issues in three paragraphs of a four-page administrative motion. Inclusion of those issues again only makes clear the FDIC-R's true intention: introducing substantial delay to this case that has been proceeding for nearly a year. The sought after delay would gravely prejudice SVB Financial Group given that the Court has ruled that it may not recover prejudgment interest. Dkt. 108 at 11. In short, allowing the FDIC-R to delay adjudication of SVBFG's claims by belatedly filing a new lawsuit nearly two years after the underlying events that are the focus of its claims would be fundamentally unfair.

### III. CONCLUSION

For the reasons discussed, the Court should deny the FDIC-R1's administrative motion to relate this case to the Officer Litigation.

Dated: January 21, 2025                           KEKER, VAN NEST & PETERS LLP

                                          By:    */s/ Julia L. Allen*
                                                 ROBERT A. VAN NEST
                                                 JAN NIELSEN LITTLE
                                                 JULIA L. ALLEN
                                                 MAYA JAMES

                                                 Attorneys for Plaintiff SVB FINANCIAL GROUP


Dated: January 21, 2025                           DAVIS POLK & WARDWELL LLP

                                          By:    */s/ Jonathan K. Chang*
                                                 JONATHAN K. CHANG - # 355907
                                                 900 Middlefield Road
                                                 Redwood City, CA 94063
                                                 Telephone:    650 752 2000
                                                 jonathan.chang@davispolk.com

                                                 MARSHALL S. HUEBNER
                                                 ELLIOT MOSKOWITZ
                                                 KATHRYN S. BENEDICT
                                                 450 Lexington Avenue
                                                 New York, NY 10017
                                                 Telephone:    212 450 4000
                                                 marshall.huebner@davispolk.com
                                                 elliot.moskowitz@davispolk.com
                                                 kathryn.benedict@davispolk.com

                                                 Attorneys for Plaintiff SVB FINANCIAL GROUP