

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Julia L. Allen**
(415) 676-2265
jallen@keker.com

February 21, 2025

Hon. Virginia K. DeMarchi
United States District Court
Northern District of California
San Jose Division
Courtroom 2 – Fifth Floor
280 South 1st Street
San Jose, CA  95113

    Re:    *SVB Financial Trust v. Federal Deposit Insurance Corporation in its Corporate Capacity*, Case No. 23-cv-06543-BLF-VKD; *SVB Financial Trust v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, Case No. 24-cv-01321-BLF-VKD

Dear Judge DeMarchi:

We represent Plaintiff SVB Financial Trust ("SVBFT") in the above-referenced actions and write jointly with counsel for Defendants Federal Deposit Insurance Corporation in its Corporate Capacity ("FDIC-C"), and Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. (collectively, "FDIC-R") in connection with the parties' finalized Joint Stipulation and [Proposed] Order Pursuant to FRE 502 (the "Privilege Stipulation").

Following the closure of SVB, FDIC-R obtained possession of voluminous pre-closure documents ("Historical Documents"), a portion of which contain documents subject to an exclusive privilege claimed by SVBFG (and now SVBFT). SVBFT agreed to the release of all Historical Documents to FDIC-R, and is agreeing to the release of Historical Documents to FDIC-C, subject to the entry of a Privilege Stipulation pursuant to Federal Rule of Evidence Section 502(d) preserving the parties' rights to assert privilege over any Historical Documents. The parties have now finalized the terms of a Privilege Stipulation governing the review of potentially privileged Historical Documents.

In an effort to agree upon a process for resolving any privilege disputes that may arise in a way that is suitable for the Court, FDIC-R and SVBFT presented a draft stipulation to Your Honor in December, and Your Honor provided guidance as to how to address any disputes that may arise at a hearing on December 13, 2024.  Based on the Court's guidance at the December 13, 2024 hearing, the parties have proposed a process to address the outstanding question as to how to

adjudicate any privilege disputes that may arise related to Historical Documents. The process, as detailed in the Privilege Stipulation, requires service to the other party of any briefing and accompanying exhibits, a period for review, and an opportunity to raise any dispute with the Court.

The parties also researched the "state law intersection with [FRE] 502(d)" to ensure that submitting documents for the Court's review *in camera* will not result in privilege waiver, as the Court requested. Submission of disputed documents for *in camera* review will not waive any party's right to assert privilege over Historical Documents. Fed. R. Evid. 502(d); *Costco v. Super. Ct.*, 47 Cal. 4th 725, 738–39 (2009) (holding that a party claiming privilege "may choose to reveal the communication *in camera*" and that nothing in Cal. Evid. Code § 915 "prevents a party claiming a privilege from making an *in camera* disclosure of the content of a communication to respond to an argument or tentative decision that the communication is not privileged."); *League of Cal. Cities v. Super. Ct.*, 241 Cal. App. 4th 978, 990 (2015) (while the trial court cannot *order* disclosure of communications claimed to be covered by the attorney-client privilege to rule on the privilege, the holder of the privilege may *request* an *in camera* review of alleged privileged communications to aid the trial court in determining the preliminary fact that a communication was made during the course of an attorney-client relationship or to attempt to prevent disclosure of the communication." (emphasis added)).

The parties respectfully request the Court's entry of the enclosed Privilege Stipulation and are available for any further hearing if needed to resolve any additional questions the Court may have.

Respectfully submitted,

          KEKER, VAN NEST & PETERS LLP

By:   */s/ Julia L. Allen*
      ROBERT A. VAN NEST - # 84065
      rvannest@keker.com
      JAN NIELSEN LITTLE - # 100029
      jlittle@keker.com
      JULIA L. ALLEN - # 286097
      jallen@keker.com
      MAYA JAMES - # 318554
      mjames@keker.com
      633 Battery Street
      San Francisco, CA 94111-1809
      Telephone: 415 391 5400
      Facsimile: 415 397 7188

      Attorneys for Plaintiff
      SVB FINANCIAL TRUST

DAVIS POLK & WARDWELL LLP

By: /s/ Elliot Moskowitz
Marshall S. Huebner (*pro hac vice*)
marshall.huebner@davispolk.com
Elliot Moskowitz (*pro hac vice*)
elliot.moskowitz@davispolk.com
Kathryn S. Benedict (*pro hac vice*)
kathryn.benedict@davispolk.com
Nicholas D'Angelo (*pro hac vice*)
nicholas.dangelo@davispolk.com
450 Lexington Avenue
New York, NY 10017
Telephone:    212 450 4000

DAVIS POLK & WARDWELL LLP
Jonathan K. Chang - # 355907
jonathan.chang@davispolk.com
900 Middlefield Road
Redwood City, CA 94063
Telephone:    650 752 2000

Attorneys for Plaintiff
SVB FINANCIAL TRUST

REED SMITH LLP

By: */s/ Casey D. Laffey*
Casey D. Laffey (*pro hac vice*)
Ian M. Turetsky (*pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Tel: 212-549-0389
claffey@reedsmith.com
ituretsky@reedsmith.com

Kurt F. Gwynne (*pro hac vice*)
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19901
kgwynne@reedsmith.com

Raymond A. Cardozo - # 173263
Emily Frances Lynch - # 324055
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
rcardozo@reedsmith.com
elynch@reedsmith.com

Attorneys for
FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SILICON VALLEY BANK

- and -

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SILICON VALLEY BRIDGE BANK, N.A.

Defendants in No. 5:24-cv-0131-BLF

BAILEY & GLASSER, LLP

By: /s/ *Stephen Sorensen*
Stephen Sorensen - # 199408
Elliott McGraw - # 275613
Michael L Shenkman (*pro hac vice*)
1055 Thomas Jefferson St. NW, Suite 540
Washington, DC 20007
Tel: 202-463-2101
ssorensen@baileyglasser.com
emcgraw@baileyglasser.com
mshenkman@baileyglasser.com

- and -

ARENTFOX SCHIFF LLP
Lawrence H. Heftman
David C. Giles
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: 312-258-5500
lheftman@afslaw.com
dgiles@afslaw.com

Attorneys for
FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SILICON VALLEY BANK

Defendant in No. 5:24-cv-0131-BLF

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: */s/ Eric C. Lyttle*
Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
Alec A. Levy (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
ericlyttle@quinnemanuel.com
jonathancooper@quinnemanuel.com
aleclevy@quinnemanuel.com

Emily Kapur - # 306724
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
benjaminfinestone@quinnemanuel.com

Attorneys for
FEDERAL DEPOSIT INSURANCE
CORPORATION (IN ITS CORPORATE
CAPACITY)

Defendant in No. 5:23-cv-06543-BLF

## ATTESTATION

Pursuant to Civil Local Rule 5-1(I)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/Julia L. Allen*
JULIA L. ALLEN

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>JAN NIELSEN LITTLE - # 100029<br>jlittle@keker.com<br>JULIA L. ALLEN - # 286097<br>jallen@keker.com<br>MAYA JAMES - # 318554<br>mjames@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188<br><br>Attorneys for Plaintiff<br>SVB FINANCIAL TRUST | DAVIS POLK & WARDWELL LLP<br>Marshall S. Huebner (*pro hac vice*)<br>marshall.huebner@davispolk.com<br>Elliot Moskowitz (*pro hac vice*)<br>elliot.moskowitz@davispolk.com<br>Kathryn S. Benedict (*pro hac vice*)<br>kathryn.benedict@davispolk.com<br>Nicholas D'Angelo (*pro hac vice*)<br>nicholas.dangelo@davispolk.com<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone:    212 450 4000<br><br>DAVIS POLK & WARDWELL LLP<br>Jonathan K. Chang - # 355907<br>jonathan.chang@davispolk.com<br>900 Middlefield Road<br>Redwood City, CA 94063<br>Telephone:    650 752 2000 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>          Defendants. | Case No. 5:24-cv-01321-BLF<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER PURSUANT TO FRE 502**<br><br>The Honorable Beth Labson Freeman<br><br>The Honorable Virginia K. DeMarchi |
| SVB FINANCIAL TRUST,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>          Defendant. | Case No.  5:23-cv-06543-BLF<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER PURSUANT TO FRE 502**<br><br>The Honorable Beth Labson Freeman<br><br>The Honorable Virginia K. DeMarchi |

Pursuant to Civil Local Rule 7-12, SVB Financial Trust, as successor to SVB Financial Group ("SVBFT"), and Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. (collectively, "FDIC-R"), and Federal Deposit Insurance Corporation, acting in its corporate capacity ("FDIC-C", together with SVBFT and FDIC-R, the "Parties"), submit this Stipulation and Order to resolve the Parties' dispute regarding SVBFT's assertion of an exclusive privilege, including with respect to attorney-client privilege and work product protections, (collectively, the "Exclusive Privilege") over certain documents possessed by both SVBFT and FDIC-R1.

WHEREAS, upon Silicon Valley Bank's ("SVB") closure, FDIC-R1 succeeded by law to the rights of SVB as receiver;

WHEREAS, SVB Financial Group ("SVBFG") was the parent corporation of SVB prior to SVB's closure;

WHEREAS, following the closure of SVB, FDIC-R1 obtained possession of certain documents that were previously maintained at SVB (the "Historical Documents")[1];

WHEREAS, the Historical Documents are voluminous;

WHEREAS, on December 19, 2023, SVBFG filed suit against FDIC-C (N.D. Cal. No. 5:23-cv-06543-BLF), and on March 5, 2024, SVBFG filed suit against FDIC-R1 and FDIC-R2 (N.D. Cal. No. 5:24-cv-01321-BLF) (together, the "Actions");

WHEREAS, SVBFG has asserted that it has an Exclusive Privilege over certain of the Historical Documents and FDIC-R1 has disputed SVBFG's claims of Exclusive Privilege;

WHEREAS, SVBFG and FDIC-R1 have been engaged in a process involving the review and identification by SVBFG of those Historical Documents over which it contends it possesses an Exclusive Privilege with the oversight and involvement of the Court;

WHEREAS, FDIC-C has requested documents that include Historical Documents;

WHEREAS, on November 7, 2024, SVBFG's Chapter 11 plan of reorganization became

---

[1] In the course of negotiations between FDIC-R and SVBFG, SVBFG also provided FDIC-R with certain pre-closure board materials previously maintained on the Diligent platform. SVBFG subsequently agreed to formally produce all materials from the Diligent platform to all of the Parties, subject to appropriate protections. The Parties now agree that such materials are included within "Historical Documents" subject to the protections and representations herein.

effective, resulting in SVBFG's claims against FDIC-R and FDIC-C being transferred to a liquidating trust, SVBFT, which is governed by a Liquidating Trust Board comprising four members with no prior affiliation with SVBFG;

WHEREAS, SVBFT represents that pursuant to said Chapter 11 plan of reorganization, it succeeded to all privilege claims on the Historical Documents previously held by SVBFG;

WHEREAS, on January 23, 2025, the caption in Case No. 5:23-CV-06543-BLF was amended to reflect the substitution of SVBFT for SVBFG as Plaintiff;

WHEREAS, on February 3, 2025 the caption in Case No. 5:24-CV-01321-BLF was amended to reflect the substitution of SVBFT for SVBFG as Plaintiff;

WHEREAS, on December 11, 2024, the Court entered the Parties' Joint Stipulation and Order to Coordinate Discovery in the FDIC Actions (Case No. 5:23-CV-06543-BLF, ECF No. 104);

WHEREAS, on February 21, 2025, the Court consolidated the Actions for all purposes (Case No. 5:24-CV-01321-BLF, ECF No. 165);

WHEREAS, in order to facilitate the expeditious resolution of the Actions and avoid burdening the Court with additional disputes concerning the review and logging or release of Historical Documents, SVBFT has agreed to the release of all Historical Documents to FDIC-R, and SVBFT and FDIC-R have agreed to disclose all Historical Documents to FDIC-C in the Actions, subject to the entry of an order in each FDIC Action pursuant to Federal Rule of Evidence 502(d) and for purposes of disclosure in the Actions only;

WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order declaring that attorney-client privilege and work product protections are not waived by the disclosure of documents or information during the course of litigation pending before the Court, and that such disclosure shall not constitute a waiver of such privilege or protection in this action or any other federal or state proceeding (including, in this instance, either FDIC Action);

WHEREAS, FDIC-R and FDIC-C agree that the release of Historical Documents constituting or containing information protected by the Exclusive Privilege or any privilege held jointly by SVBFT, as successor to SVBFG, and FDIC-R1 (the "Joint Privilege") shall not

constitute a waiver of the same;

WHEREAS, it is the intention of the Parties that no counsel for any Party should be disqualified for any review or use of any Historical Document; and

THEREFORE, in order to protect any legal privilege, including the Exclusive Privilege or Joint Privilege, afforded to documents and information for purposes of the Actions, and pursuant to the Court's authority under Federal Rule of Evidence 502, the Parties hereby stipulate and submit as follows:

1. **Non-waiver of the Parties' right to assert privilege**. This Stipulation and Order shall not constitute a waiver, or estoppel, or otherwise prevent or prejudice the Parties from asserting any privilege, including the Exclusive Privilege or a Joint Privilege, in this or any other litigation.

2. **Non-waiver of privileges as to third parties**. The release of the Historical Documents for review by FDIC-R and FDIC-C shall not provide any third party with a basis to seek disclosure or production of the Historical Documents based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. Pursuant to Federal Rule of Evidence 502(d) the release of Historical Documents shall not waive any claim of privilege, including the Exclusive Privilege or Joint Privilege, in any other federal or State proceeding.

3. **No disqualification for viewing documents**. SVBFT agrees that FDIC-R may review the Historical Documents. SVBFT and FDIC-R agree that FDIC-C may review the Historical Documents. SVBFT may not seek to disqualify FDIC-R's or FDIC-C's in-house or outside counsel (together, "FDIC counsel") in the Actions on the basis of any review or use of Historical Documents that FDIC counsel is entitled to review pursuant to this Stipulation and Order and has reviewed or used, regardless of whether SVBFT may later contend or the Court may later find that any reviewed Historical Documents are subject to privilege. Further, SVBFG and SVBFT agree here that FDIC counsel's review of documents shall not be a basis for disqualification by SVBFG or SVBFT in any matter.

4. **Depositions and Trial**. The Parties further agree that the use of the Historical Documents shall be limited to the following procedures in the Actions:

a. **Depositions**. The Parties may use any Historical Documents in depositions in the Actions, subject to objection by counsel based on an Exclusive Privilege or Joint Privilege. In the event of such objection, the Parties may present the dispute to the Court, and the Parties agree in advance not to oppose recall of a deposition witness if such objection is overruled.

b. **Motion Practice or Other Submissions**.  The Parties agree that each Party may use Historical Documents in motions practice, both dispositive and non-dispositive. However, the Parties further agree that, in order to provide each Party with a manner by which to review potentially privileged documents before they are filed on the docket, the briefing of motions should be handled in the following fashion: by a Court-imposed deadline, the parties will *serve* their motion, opposition, or reply (and all associated exhibits) on all other Parties.  The receiving Parties will then have five days to review the served papers and any associated exhibits to determine whether they contend that any information or material therein is privileged.  If any receiving Party contends that any material is privileged within five days of service, the parties shall meet and confer in good faith about the use of the document.  If the Parties are unable to agree and thus have an Exclusive Privilege or Joint Privilege dispute, they shall submit the disputed Historical Document and a Discovery Letter Brief (in accordance with Magistrate Judge DeMarchi's Standing Order for Civil Cases) for *in camera* review.  After five days, the served brief and exhibits shall be filed on the public docket, with the exception of any materials subject to such a dispute.  The disputed document may not be filed or publicly disclosed before Magistrate Judge DeMarchi issues a ruling on the privilege dispute.  If the above-described mechanism becomes unworkable for any reason, the parties agree to confer in good faith about other mechanisms for resolving privilege disputes regarding exhibits to motions.

c. **Trial**. The Parties agree to meet and confer in good faith and present to the Court as necessary in advance of trial all privilege disputes essential to their respective cases.

5. **Non-waiver of privilege**. Neither Party shall waive Exclusive Privilege or Joint Privilege by submitting Historical Documents subject to potential Exclusive Privilege or Joint Privilege claims to the Court for *in camera* review pursuant to this Stipulation and Order.

6. **Consent to Jurisdiction of this Court.** For the avoidance of any doubt, all

1  Parties to this stipulation agree that the stipulation is applicable to all Parties in both of the above-
2  captioned cases, and the Court has the power and ability to enforce these stipulations with respect
3  to all four Parties in both cases.  Pursuant to the terms of this stipulation, no party will argue any
4  waiver or disqualification has occurred on the basis of review or use of the Historical Documents
5  against any other Party in either case, and no party will challenge the applicability of this
6  stipulation to any Party.  The Court has the jurisdiction and power to order that disclosure of
7  Historical Documents as described in this stipulation does not cause waiver or disqualification in
8  both cases for all three Parties.

Dated:  February 21, 2025                                KEKER, VAN NEST & PETERS LLP

                                                         By:    */s/ Julia L. Allen*
                                                                ROBERT A. VAN NEST
                                                                JAN NIELSEN LITTLE
                                                                JULIA L. ALLEN
                                                                MAYA JAMES

                                                         Attorneys for Plaintiff
                                                         SVB FINANCIAL TRUST

Dated:  February 21, 2025                                DAVIS POLK & WARDWELL LLP

                                                         By:    */s/ Elliot Moskowitz*
                                                                Marshall S. Huebner (*pro hac vice*)
                                                                marshall.huebner@davispolk.com
                                                                Elliot Moskowitz (*pro hac vice*)
                                                                elliot.moskowitz@davispolk.com
                                                                Kathryn S. Benedict (*pro hac vice*)
                                                                kathryn.benedict@davispolk.com
                                                                Nicholas D'Angelo (*pro hac vice*)
                                                                nicholas.dangelo@davispolk.com
                                                                450 Lexington Avenue
                                                                New York, NY 10017
                                                                Telephone:    212 450 4000

                                                                DAVIS POLK & WARDWELL LLP
                                                                Jonathan K. Chang - # 355907
                                                                jonathan.chang@davispolk.com
                                                                900 Middlefield Road
                                                                Redwood City, CA 94063
                                                                Telephone:    650 752 2000

                                                                Attorneys for Plaintiff
                                                                SVB FINANCIAL TRUST

Dated: February 21, 2025                REED SMITH LLP

By:   */s/ Casey D. Laffey*
     Casey D. Laffey (*pro hac vice*)
     Ian M. Turetsky (*pro hac vice*)
     599 Lexington Avenue, 22nd Floor
     New York, NY 10022
     Tel: 212-549-0389
     claffey@reedsmith.com
     ituretsky@reedsmith.com

     Kurt F. Gwynne (*pro hac vice*)
     Reed Smith LLP
     1201 N. Market Street, Suite 1500
     Wilmington, DE 19901
     kgwynne@reedsmith.com

     Raymond A. Cardozo - # 173263
     Emily Frances Lynch - # 324055
     Reed Smith LLP
     101 Second Street, Suite 1800
     San Francisco, CA 94105
     rcardozo@reedsmith.com
     elynch@reedsmith.com

     Attorneys for
     FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK

     - and -

     FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BRIDGE BANK, N.A.

     Defendants in No. 5:24-cv-0131-BLF

Dated:  February 21, 2025                                          BAILEY & GLASSER, LLP

                                                    By:  */s/ Stephen Sorensen*
Stephen Sorensen - # 199408
Elliott McGraw - # 275613
Michael L Shenkman (*pro hac vice*)
1055 Thomas Jefferson St. NW, Suite 540
Washington, DC 20007
Tel: 202-463-2101
ssorensen@baileyglasser.com
emcgraw@baileyglasser.com
mshenkman@baileyglasser.com

- and -

ARENTFOX SCHIFF LLP
Lawrence H. Heftman
David C. Giles
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: 312-258-5500
lheftman@afslaw.com
dgiles@afslaw.com

Attorneys for
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK

Defendant in No. 5:24-cv-0131-BLF

| | | |
|---|---|---|
| Dated: February 21, 2025 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: | /s/ Eric C. Lyttle |
| | | Eric C. Lyttle (*pro hac vice*) |
| | | Jonathan G. Cooper (*pro hac vice*) |
| | | Alec A. Levy (*pro hac vice*) |
| | | 1300 I Street NW, Suite 900 |
| | | Washington, DC 20005 |
| | | Telephone: (202) 538-8000 |
| | | Facsimile: (650) 538-8100 |
| | | ericlyttle@quinnemanuel.com |
| | | jonathancooper@quinnemanuel.com |
| | | aleclevy@quinnemanuel.com |
| | | |
| | | Emily Kapur - # 306724 |
| | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | | 555 Twin Dolphin Dr., 5th Floor |
| | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| | | emilykapur@quinnemanuel.com |
| | | |
| | | Benjamin I. Finestone (*pro hac vice*) |
| | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| | | benjaminfinestone@quinnemanuel.com |
| | | |
| | | Attorneys for |
| | | FEDERAL DEPOSIT INSURANCE CORPORATION (IN ITS CORPORATE CAPACITY) |
| | | |
| | | Defendant in No. 5:23-cv-06543-BLF |

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated:

By: _____
HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge
Northern District Of California