# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-01321-BLF<br><br>**ORDER DENYING MOTION TO CONSOLIDATE CASES**<br><br>[Re: ECF 178] |

The Court previously determined that the above captioned *SVB Financial Trust v. Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, No. 5:24-cv-0132-BLF (the "FDIC-R Action") and *Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank v. Becker et al.*, No. 5:25-cv-00569-NW ("Becker Action") were not related. *See* FDIC-R Action, ECF 142. That determination was made after Defendant Federal Deposit Insurance Corporation as Receiver ("FDIC-R") filed its answer in the SVBFT Action. *See* FDIC-R Action, ECF 135. On February 21, 2025, the Court consolidated the FDIC-R Action and the related *SVB Financial Trust v. Federal Deposit Insurance Corporation, in its corporate capacity*, No. 5:23-cv-06543-BLF (the "FDIC-C Action"). *See* FDIC-R Action, ECF 165.

On April 4, 2024, the FDIC-R filed a motion to consolidate the Becker Action with the already consolidated FDCI-R Action and FDIC-C Action. FDIC-R Action. ECF 178. On April 18, 2025, Plaintiff SVB Financial Trust ("Trust") filed an opposition. ECF 180. On the same day, the director and officer defendants in the Becker Action filed a statement in response to the FDIC-R's motion to consolidate, stating that they "take no position" on the motion. ECF 181 at 2. On April 25, 2025, the FDIC-R filed a reply. ECF 186. The Court finds the FDIC-R's motion is appropriate

1  for decision without oral argument, and it hereby VACATES the hearing set for June 5, 2025.

2  "If actions before the court involve a common question of law or fact, the court may . . .
3  consolidate the actions." Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion under [Rule
4  42(a)] to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court*
5  *for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to
6  consolidate cases, the Court should weigh the interest of judicial convenience against the potential
7  for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr.
8  28, 2016) (quotation marks omitted) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F.Supp.2d 1049,
9  1052 (N.D. Cal. 2010)).

10  The FDIC-R argues that the Becker Action should be consolidated with the FDIC-R Action
11  and the FDIC-C Action because there are common questions of fact and law in the three actions.
12  ECF 178 at 6. Specifically, the FDIC-R's and the FDIC-C's affirmative defenses "are also the basis
13  for the claims" in the Becker Action. ECF 178 at 6. The FDIC-R argues that consolidation will
14  promote judicial economy and efficiency for the parties and the director and officer witnesses. *Id.*
15  at 7-8. The FDIC-R also argues that consolidation will reduce the risk of inconsistent judgments,
16  will protect the FDIC-R1's right to trial by jury in the Becker Action under the Seventh Amendment,
17  and will not cause undue delay, confusion or unfair prejudice. *Id.* at 8-10.

18  In response, the Trust argues that the Court should not consolidate the Becker Action, which
19  is currently pending before a different judge. ECF 180 at 4. The Trust argues that the Becker Action
20  and the FDIC-R Action and the FDIC-C Action do not share common issues of fact and law, that
21  denying consolidation will not create a risk of inconsistent judgments or eliminate the FDIC-R1's
22  right to a jury trial, and consolidation will cause undue delay, inefficiency and unfair prejudice. *Id.*
23  at 6-10.

24  Previously, this Court declined to relate the Becker Action and the FDIC Actions. *See* ECF
25  142. The Court finds it lacks power to consolidate the Becker Action because it is pending before
26  another judge in this district. *See Hughes v. Experian Info. Sols. Inc.*, 2017 WL 975969, at *2 (N.D.
27  Cal. Mar. 13, 2017) (J. Tigar) ("[T]he Court notes that it does not have the power to consolidate
28  cases pending before other judges in this district."). Additionally, as the Court previously explained,

the Becker Action and the FDIC-R Action "do not 'concern substantially the same parties, property, transaction, or event.'" FDIC-R Action, ECF 142 (citing Civ. L.R. 3-12(a)(1)). Further, the Becker Action, the FDIC-R Action and the FDIC-C Action are in different stages and consolidating the Becker Action will delay the FDIC-R Action and the FDIC-C Action. The Court also notes that through case management the Court can ensure that the FDIC is not prejudiced by the progress of the Becker Action vis-à-vis this action.

On that basis, the Court DENIES the FDIC-R's Motion to Consolidate *Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank v. Becker et al.*, No. 5:25-cv-00569-NW and the already consolidated *SVB Financial Trust v. Federal Deposit Insurance Corporation, in its corporate capacity*, No. 5:23-cv-06543-BLF and *SVB Financial Trust v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, No. 5:24-cv-01321-BLF.

**IT IS SO ORDERED.**

Dated: May 2, 2025

_____
BETH LABSON FREEMAN
United States District Judge