UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>    Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**ORDER RE FDIC-R'S MOTION TO OVERRULE EXCLUSIVE PRIVILEGE OBJECTIONS**<br><br>Re: Dkt. No. 211 |

Defendant Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("FDIC-R") moves for an order asking the Court to overrule plaintiff SVB Financial Trust's ("SVBFT") objections to FDIC-R's access to 47 documents. Dkt. No. 211. SVBFT contends the documents are protected from disclosure as privileged. Dkt. No. 221. The Court received the 47 disputed documents for *in camera* review. The Court heard oral argument on the matter on June 24, 2025. Dkt. No. 235.[1]

As explained below, the Court grants FDIC-R's motion.

---

[1] In connection with the briefing for this motion, FDIC-R has filed two administrative motions to seal and SVBFT has filed one administrative motion to consider whether another party's material should be sealed. Dkt. Nos. 212, 220, 223. FDIC-R argues that the requested sealing is justified on the grounds that the information it seeks to seal involves: (1) excerpts of a deposition taken as part of a confidential administrative investigation and (2) quotes and characterizations of documents that SVBFT has asserted are subject to its claims of exclusive attorney-client privilege. Dkt. No. 212 at 1-2; Dkt. No. 223 at 1-2; Dkt. No. 224 at 1. As this motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants the sealing motions.

## I. BACKGROUND

There appears to be no dispute that during the relevant time period, Silicon Valley Bank ("the Bank") was the principal subsidiary of SVB Financial Group ("SVBFG")[2], a holding company. Dkt. No. 211 at 2; *see generally* Dkt. No. 221. As of the end of 2022, the Bank accounted for nearly 99% of SVBFG's assets. Dkt. No. 211 at 2. The Bank and SVBFG had completely overlapping Boards of Directors. *Id.* at 1. The Boards met jointly and operated through unitary committees, including a Finance Committee, a Risk Committee, and a Governance Committee. *Id.* at 1-2. The committees' charters specified that they each acted "on behalf of the Board," which was defined as the Boards of Directors for the Bank and SVBFG. *Id.* at 2.

The parties agree that the Bank and SVBFG were jointly represented by the same outside counsel (the law firm of Sullivan & Cromwell LLP) and the same in-house counsel. *Id.* at 1; Dkt. No. 235 at 26:21-22. They disagree about whether, as to certain matters, SVBFG had an exclusive attorney-client relationship with these same outside counsel and in-house counsel.

## II. LEGAL STANDARD

According to the parties, *see* Dkt. No. 235 at 3:20-4:13, California state law supplies the rule of decision in this action, and therefore, California state law also governs application of the attorney-client privilege. Fed. R. Evid. 501.

In California, the attorney-client privilege is defined in the Evidence Code § 950 *et seq*. According to that code, a client has the privilege "to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer." Cal. Evid. Code § 954. A "confidential communication" is:

> information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other that those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the

---

[2] SVBFT is the successor to SVBFG.

2

lawyer in the course of that relationship.

Cal. Evid. Code § 952.

When parties are jointly represented by the same lawyer, their communications with their lawyer are privileged with respect to entities outside of the attorney-client relationship, but they cannot assert the attorney-client privilege against each other for communications related to the joint representation. Evidence Code § 962 provides, "[w]here two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest of any of them, may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest)." *See Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2010 WL 4807058, at *4-5 (N.D. Cal. Nov. 18, 2010); *Anten v. Superior Court*, 233 Cal. App. 4th 1254, 1256 (2015).

As the party asserting the existence of an exclusive attorney-client privilege, SVBFT bears the burden of establishing that the privilege exists and applies to the documents at issue. *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (2009).

## III.   DISCUSSION

FDIC-R argues that because the Bank and SVBFG were jointly represented during the relevant time period by outside and in-house counsel, there was no privilege as between the two of them, or between FDIC-R and SVBFT as their respective successors in interest. SVBFT maintains that because some matters for which legal advice was sought or obtained pertained only to SVBFG and not the Bank, SVBFG enjoyed an exclusive attorney-client relationship with outside and in-house counsel and that communications concerning those matters are covered by a privilege that excludes the Bank/FDIC-R.

SVBFT has not established the existence of an exclusive privilege. Its principal argument is that the joint-client exception to the general rule protecting privileged communications from disclosure applies only when the particular communications at issue concern a matter of common legal interest shared by the jointly-represented parties. Dkt. No. 221 at 2. This is a misreading of the Evidence Code § 962. So long as the lawyer was *retained or consulted* on a matter of

common interest by the jointly-represented clients, all communications "made in the course of that relationship" are discoverable by the parties and not privileged as between them. The provision does not limit the scope of the exception to only communications that are specific to a matter of common legal interest. *See Vieste*, 2010 WL 4807058, at *4 ("More importantly, the joint-client exception contained in section 962 contains no limitation to communications within the scope of the fee agreement."); *Glacier Gen. Assurance Co. v. Superior Ct.*, 95 Cal. App. 3d 836, 841 (1979) ("The language that no client '*may claim a privilege . . . as to a communication made in the course of that relationship . . .*' seem[s] explicitly and unambiguously to include *all* communications—bilateral as well as trilateral. If the Legislature had meant otherwise it could have easily said so.") (emphasis in original); *see also Anten*, 233 Cal. App. 4th at 1259 ("[I]n a joint client situation, confidences are necessarily disclosed.") (quoting *Zador Corp. v. Kwan*, 31 Cal. App. 4th 1285, 1294 (1995)).

In any event, SVBFT has not shown that SVBFG had an exclusive attorney-client relationship with either Sullivan & Cromwell or in-house counsel as to *any* matter during the time the Bank and SVBFG were also jointly represented. SVBFT submitted no declaration or documentary evidence—*e.g*., an engagement agreement or the testimony of lawyer or client involved in the exclusive relationship—or any other evidence supporting the existence or formation of any such exclusive relationship or positively defining the scope of the purported exclusive relationship.[3] SVBFT could not even describe the scope of the joint representation to the Court. *See* Dkt. No. 235 at 39:12-41:12. Instead, SVBFT asks the Court to infer the existence of an exclusive attorney-client relationship based on the contents of the 47 disputed documents submitted for *in camera* review, which SVBFT contends reveal on their face that the communications concern advice that could only apply to SVBFG and not to the Bank. Dkt. No. 221 at 5-9. This point was the subject of much discussion at the hearing. Dkt. No. 235 at 26:4-10, 34:22-36:6, 36:25-38:1, 41:25-42:10, 44:2-17, 45:10-25, 48:7-13, 51:15-56:1. None of the documents themselves bears any express indicia of a separate, exclusive attorney-client

---

[3] For reasons that were not explained in the briefing, no party has identified *any* engagement agreement between the Bank and/or SVBFG and Sullivan & Cromwell. *See* Dkt. No. 211 at 4.

relationship. Having examined each of the disputed documents *in camera,* the Court is not persuaded that simply because a communication discusses LFI standards, practices, or regulations, the communication necessarily addresses a matter of unique and exclusive concern to SVBFG, and not the Bank, particularly where there are similar or overlapping regulatory requirements for both institutions and both were subject to a joint examination by regulators. In sum, the documents themselves do not permit the Court to infer the existence of an exclusive privilege.

Because SVBFT has not met its burden to show that SVBFG had an exclusive attorney-client relationship with Sullivan & Cromwell and/or in-house counsel, SVBFT is not entitled to assert an exclusive privilege as to the 47 disputed documents against FDIC-R.

**IT IS SO ORDERED.**

Dated: July 7, 2025

Virginia K. DeMarchi
United States Magistrate Judge