UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>          Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,<br><br>          Defendants. | Case No. 24-cv-01321-BLF (VKD)<br><br>**ORDER RE AUGUST 11, 2025 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 239 |

Plaintiff SVB Financial Trust ("SVBFT") and defendant Federal Deposit Insurance Corporation as Receiver ("FDIC-R") ask the Court to resolve a dispute regarding FDIC-R's answer to SVBFT's Interrogatory No. 1. Dkt. No. 239. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

## I.    BACKGROUND

In this action, FDIC-R contends that SVB Financial Group ("SVBFG") engaged in misconduct that caused Silicon Valley Bank ("SVB") to incur billions of dollars in losses. *See generally* Dkt. No. 135, Affirmative Defenses ¶¶ 1-7. SVBFT, as SVBFG's successor, served an interrogatory seeking the factual bases for FDIC-R's contention. SVBFT's Interrogatory No. 1 asks:

> Identify and describe with specificity any calculations and facts that You rely on to support Your contention that SVBFG caused "SVB [to] incur[] damages in an amount . . . which substantially exceeds $1.93 billion," as alleged in paragraphs 124, 128, and 133 of the Affirmative Defenses in the FDIC-Rs' Answer.

Dkt. No. 239-1 at ECF 5. The paragraphs of FDIC-R's affirmative defenses to which the interrogatory refers state:

> 124. SVBFG's assistance, encouragement, and participation in the breaches of fiduciary duty by SVB's officers and directors was a substantial factor in causing those breaches, and as a natural and foreseeable consequence of the breaches, as well SVBFG's assistance, encouragement, and participation in the breaches, SVB incurred damages in an amount to be proven, but which substantially exceeds $1.93 billion. Had SVBFG not assisted, encouraged, and participated in these breaches, those losses would have been avoided.
>
> 128. Because SVBFG and SVB shared the same directors and the same primary officers, SVBFG had control over and directed the improper conduct of SVB's directors and officers. SVB's directors and officers, including those identified above in paragraphs 119 and 120, were acting as authorized agents of SVBFG and for SVBFG's benefit in negligently and grossly negligently discharging their obligations to SVB in breach of their fiduciary duties to SVB. Accordingly, SVBFG is liable for their negligent and grossly negligent acts and omissions and their fiduciary breaches, which actually and proximately caused damages in an amount to be proven, but which substantially exceeds the $1.93 billion deposit claim of SVBFG.
>
> 133. As a direct and proximate result of SVBFG's breaches, SVB incurred damages in an amount to be proven, but which substantially exceeds the $1.93 billion deposit claim of SVBFG. SVBFG's conduct was a substantial factor in causing these damages, and had SVBFG not breached its duties to SVB, those losses would have been avoided.

Dkt. No. 135, Affirmative Defenses ¶¶ 124, 128, 133.

## II. DISCUSSION

SVBFT argues that FDIC-R's response to Interrogatory No. 1 is deficient in three respects: (1) FDIC-R improperly relies on its affirmative defenses as pled in the answer instead of answering the interrogatory directly; (2) FDIC-R does not disclose the factual bases for its contention that SVBFG caused SVB's losses; and (3) FDIC-R fails to describe the salient features of the "but-for world" where SVB had not imprudently purchased certain securities. The Court addresses each argument.

First, the Court finds no basis to conclude that FDIC-R has merely referred back to the pleadings in responding to Interrogatory No. 1. While there is some overlap between the text of FDIC-R's affirmative defenses and its interrogatory answer, the affirmative defenses already include factual allegations regarding the bases for FDIC-R's causation and damages contentions, so it is hardly surprising that these same facts are included in FDIC-R's interrogatory answer as

well. Moreover, the interrogatory answer discloses facts that are not found in the text of the affirmative defenses, including attachments identifying the specific securities that FDIC-R contends were imprudently purchased and the interest rate hedges that FDIC-R contends were imprudently monetized.

Second, SVBFT has not shown that FDIC-R failed to disclose the factual bases for its contention that SVBFG caused SVB to incur damages in excess of $1.93 billion. Interrogatory No. 1 asks FDIC-R to "identify and describe" the "calculations and facts" that FDIC-R relies on for its contention the SVBFG caused SVB's losses, "as alleged in paragraphs 124, 128, and 133." These paragraphs, excerpted above, concern FDIC-R's allegations that SVBFG exercised control over SVB's officers and directors, and using that control, assisted, encouraged, and participated in those officers' and directors' breaches of the fiduciary duties to SVB. In its answer, FDIC-R describes imprudent securities purchases in SVB's HTM and AFS portfolios, describes SVB's imprudent monetization of interest rate swaps linked to AFS securities, identifies SVB's payment of an improper bank-to-parent dividend, identifies documents on which it expects to rely for its damages calculations, and discloses the methodology it anticipates its expert will use to compute the damages caused by these actions. *See* Dkt. No. 239-1 at ECF 5-11. As noted above, FDIC-R also refers to attachments, Exhibits A and B, to its interrogatory answer that identify [t]he specific securities that were imprudently purchased" and "the specific interest rate swaps and the AFS securities linked to those swaps." *Id.* at ECF 9, 11.[1] Finally, FDIC-R has explained that the "in excess of $1.93 billion" figure reflects the "combined impact" of the improper actions described in its answer. While SVBFT suggests that FDIC-R's theory of damages is not supported by the law, and/or that FDIC-R has an obligation to explain how its theory of "unrealized" damages reflects an actual loss, *see* Dkt. No. 239 at 3, the Court is not persuaded that Interrogatory No. 1 requires such an exposition. Rather, the interrogatory asks FDIC-R to disclose the "facts and calculations" that *FDIC-R relies on* to support its contention. It is not entirely clear whether FDIC-R still relies on exemplary transactions and documents, or whether, it has now disclosed all such transactions

---

[1] Exhibits A and B are not before the Court.

and documents. *Compare, e.g.,* Dkt. 239-1 at ECF 7 ("By way of example . . ."), *with id.* at ECF 9 ("The specific securities . . . are identified in Exhibit A hereto."). So long as FDIC-R fully discloses all factual information on which it relies to support its contention, it need not also respond to SVBFT's argument questioning the viability of the contention itself.

Third, SVBFT argues that FDIC-R should be required to identify the salient features of the "but-for" world that bear on FDIC-R's damages theory—i.e. what SVB should have done in the circumstances presented had it not engaged in the imprudent transactions or other improper conduct FDIC-R identifies in its answer. Dkt. No. 239 at 4. SVBFT points out the FDIC-R "affirmatively states that a 'but for world' will be a measure of damages," and for this reason, SVBFT argues that FDIC-R should explain what that means. *Id.* FDIC-R responds that Interrogatory No. 1 does not call for this information, and, in any event, defining the "but-for" world is a matter for expert discovery, not fact discovery. *Id.* at 6-7.

The Court agrees with FDIC-R that Interrogatory No. 1 does not ask FDIC-R to disclose what SVB should have done instead of engaging in the alleged imprudent transactions or how SVB could have avoided the losses FDIC-R claims SVBFG caused SVB to incur. Moreover, the fact that FDIC-R has disclosed a damages theory or methodology in its interrogatory answer does not mean that FDIC-R must also fully disclose its expert's opinions regarding that damages theory, or anticipate and counter SVBFT's likely rebuttal. To the extent SVBFT argues that its demand for supplemental information regarding FDIC-R's "but-for" world necessarily asks FDIC-R to disclose only facts within its possession, the authority on which SVBFT relies is not particularly helpful, as neither *Grain Processing*[2] nor *Sony*[3] comments on the fact/expert distinction. On the other hand, while the line between fact discovery and expert discovery is not always clear, FDIC-R must disclose the factual basis for its contention that SVBFG caused SVB to incur damages. This includes facts, known to FDIC-R, on which its expert will ultimately rely for his or her opinions regarding the nature and amount of damages that FDIC-R contends SVBFG

---

[2] *Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341 (Fed. Cir. 1999).

[3] *Sony Corporation v. Vizio, Inc.*, No. 08-cv-1135-RGK (FMOx), 2009 WL 10675358 (C.D. Cal. Oct. 23, 2009).

caused. *See, e.g., MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 WL 2863585, at *15 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358 (Fed. Cir. 2021) ("[W]hile MLC was not required to disclose its expert opinions during fact discovery, MLC was still required to disclose the factual basis for its reasonable royalty claim."); *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 682 (N.D. Cal. 2015) (observing that "even though 'expert discovery has not yet concluded, the experts [are] in effect locked-in to the factual record as of the time fact discovery closed.'") (citation omitted); *see also* Fed. R. Civ. P. 26(a)(1)(A) (requiring disclosure of a party's computation of damages and the evidentiary materials on which the computation is based).

If FDIC-R has already disclosed the facts in its possession, custody, or control on which it will rely to support its damages contentions (as alleged in paragraphs 124, 128, and 133), then that is all Interrogatory No. 1 requires. However, if FDIC-R will rely on facts that it has not yet disclosed to support its contention that SVBFG caused SVB to incur damages, then it must promptly supplement its interrogatory answer.

This order also terminates Dkt. No. 199 in Case No. 23-cv-06543-BLF.

**IT IS SO ORDERED.**

Dated: August 25, 2025

Virginia K. DeMarchi
United States Magistrate Judge