UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SVB FINANCIAL TRUST,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, et al.,

Defendants.

Case No.  5:24-cv-01321-BLF

**ORDER GRANTING FDIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Re:  ECF No. 263]

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC's") motion for partial summary judgment that (1) the business-judgment rule does not apply to the conduct of the officers in this case and (2) Plaintiff SVB Financial Trust ("Trust") cannot argue that the FDIC failed to mitigate damages.  ECF No. 263 ("Mot."); ECF No. 272 ("Reply").  The Trust opposes the FDIC's motion.  ECF No. 269 ("Opp.").  The Court held a hearing on the motion on February 5, 2026.  ECF No. 279; *see also* ECF No. 283 ("Tr.").

For the following reasons, the Court GRANTS the motion.

I.    BACKGROUND

The parties are familiar with the facts of this case, which the Court summarizes here as relevant to this narrowly tailored motion.  *See* ECF No. 110.

The collapse of Silicon Valley Bank ("Bank") was one of the largest bank failures in U.S. history.  The Bank was an FDIC-insured, state-chartered bank headquartered in Santa Clara, California, and owned by SVB Financial Group ("Holding Company").  ECF No. 1 ("Compl.") ¶¶ 1–3, 42–44. On March 10, 2023, the California Department of Financial Protection and Innovation closed the Bank and appointed the FDIC as receiver.  Compl., Ex. 3 at 1.

On March 5, 2024, the Holding Company (now represented by the Trust)[1] filed a twelve-count complaint against the FDIC, alleging that it had blocked the Holding Company from accessing approximately $1.93 billion of its deposits in the Bank. *See* Compl. ¶¶ 90–95, 117–19. The FDIC answered, *inter alia*, that the claims were barred because they were set off by claims for the Holding Company's mismanagement of the Bank's investment decisions—including by causing and encouraging the Bank to buy billions of dollars of long-duration, fixed-income debt securities at low interest rates, selling hedges, and paying a $294 million dividend—through certain overlapping officers, directors, and joint committees acting on behalf of both the Holding Company and Bank. ECF No. 135 ("Answer") ¶¶ 115–35.

The litigation was streamlined significantly on May 29, 2025, when the Court approved the parties' stipulation resolving most of the Trust's claims. ECF No. 208. The parties agreed to dismiss all the Trust's claims from this action except its contract claim, for which the FDIC's liability shall be $1.7 billion, reduced by the Trust's liability for any affirmative defenses on which the FDIC prevails. *Id.* at 3–5.

Four of the FDIC's affirmative defenses remain, two of which are relevant to this motion. ECF No. 233. First, the FDIC argues that the Trust is liable under principles of agency for the tortious conduct of officers and directors acting as dual agents of the Holding Company and Bank. Second, the FDIC argues that the Trust is liable for aiding and abetting the tortious conduct of the officers and directors.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs the standards for motions for summary judgment and motions for partial summary judgment. *See E.piphany, Inc., v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008). "A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*,

---

[1] Pursuant to an order of a bankruptcy court in the Southern District of New York, *see In re SVB Fin. Grp.*, No. 23-10367-MG (Bank. S.D.N.Y. Aug. 2, 2024), ECF No. 1379, the Trust was substituted as plaintiff on February 3, 2025. *See* ECF No. 146 (order granting stipulation to substitute plaintiff and amend case caption).

*United States District Court*
*Northern District of California*

750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the nonmoving party bears the burden of proof at trial, the moving party need only demonstrate that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325; *see also* Fed. R. Civ. P. 56(c)(1)(B).

## III.   DISCUSSION

In this narrowly tailored motion, the FDIC requests partial summary judgment as to two issues.  First, the FDIC seeks an order that the conduct of the Holding Company and Bank's officers is subject to an ordinary negligence standard and not protected by the business-judgment rule.  Second, the FDIC seeks an order that the Trust may not argue that the FDIC failed to mitigate damages.  The Trust responds that neither issue is suitable for decision at summary judgment and takes on the FDIC's business-judgment rule argument on its merits.

### A.  Business-Judgment Rule

The FDIC argues that the Trust may not argue at trial that the business-judgment rule applies to all tortious conduct asserted by the FDIC in its first and second affirmative defenses because the conduct of Holding Company and Bank's officers is subject to an ordinary negligence standard as a matter of California law.  Mot. at 10.  The FDIC argues that, because it alleges instances of wrongdoing at the officer level in the first instance, the Court should clarify in advance of trial that the Trust may be liable for such wrongdoing upon a showing of negligence.  *Id.* at 12.  In opposition, the Trust advances two primary arguments.  As a threshold matter, the

United States District Court
Northern District of California

Trust argues that the Court should not decide the FDIC's motion because doing so would constitute an improper advisory opinion. Opp. at 7. On the merits, the Trust argues that the Holding Company and Bank's officers are entitled to protection under California's business-judgment rule. *Id.* at 13.

### 1. Propriety of Deciding the FDIC's Motion

The Court begins with the Trust's prudential objection to ruling on the FDIC's motion in the first instance. The Trust argues that the Court should defer deciding the applicability of the business-judgment rule to the officers in this case because such a ruling at the summary judgment stage would constitute an impermissible advisory opinion. Opp. at 6. Specifically, the Trust argues that deciding the issue would not resolve any claim or defense because the FDIC's affirmative defenses are asserted against the Trust itself rather than any officers in their individual capacities, contending that "the decisions at issue were ultimately made not exclusively by the officers, but by a combination of the officers and the directors." *Id.* at 7. The FDIC responds that the business-judgment rule operates as an affirmative defense and that resolving the appropriate liability standard at this stage will streamline the presentation of its case at trial by ensuring appropriately tailored evidentiary presentations directed at the correct standard. Reply. at 8.

The Court declines the Trust's invitation to kick the can down the road. The Trust's argument appears to rest on a misstatement of the FDIC's affirmative defenses. Specifically, the Trust appears to be urging that, because the FDIC's affirmative defenses are ultimately asserted against the Trust itself, the defenses in substance are not truly about alleged officer misconduct at all. On the contrary, the FDIC's answer to the Trust's complaint makes clear that the FDIC intends to link specific breaches of the officers' fiduciary duties to the Trust's overall liability in two specific ways: (1) attributing those breaches to the Trust under ordinary agency principles and (2) showing that the Trust aided and abetted those breaches. Answer ¶¶ 119–22.

To the extent that the Trust is suggesting that a corporation can simply always assert the business-judgment rule as a defense to claims of liability under agency law or aiding and abetting, it marshals no authority in support of this novel and expansive interpretation of California corporate law. And to the extent that the Trust argues that the business-judgement rule will be

United States District Court
Northern District of California

4

inapplicable in this case because the alleged harms to the Bank were caused by officers and directors working together (rather than officers alone), that question goes to the issue of causation and is simply not before the Court at this time.

Simply stated, the applicability of the business-judgment rule to the officers' conduct as it relates to the FDIC's first and second affirmative defenses is suitable for resolution through summary judgment. The FDIC has sufficiently demonstrated that there is no genuine dispute of material fact that there were at least some officers of the Bank and Holding Company who exercised authority at the officer level without approval or joint decision making with directors. Indeed, the Trust does not even contest that there were some decisions made solely by officers. Having determined that the FDIC has met its burden of identifying the absence of a genuine issue of material fact, the Court turns to the purely legal issue of which liability standard will apply to the acts of those officers at trial.

### 2. Applicability of California's Business-Judgment Rule to Officers

"[T]he business judgment rule's general purpose "is to afford directors broad discretion in making corporate decisions and to allow these decisions to be made without judicial second-guessing in hindsight.'" *FDIC ex rel. Cnty. Bank v. Hawker*, No. 12-cv-00127-LJO-DLB, 2012 WL 2068773, at *5 (E.D. Cal. June 7, 2012) (quoting *FDIC v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999)). California's business-judgment rule "has two components." *Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020, 1045 (2009) (quoting *Lee v. Interinsurance Exchange*, 50 Cal. App. 4th 694, 714 (1996)).

The first component, codified by statute at section 309 of the California Corporations Code, shields "[a] person who performs the duties of a director" from personal liability so long as they "serve, in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." Cal. Corp. Code § 309(a), (c); *accord Lee*, 50 Cal. App. 4th at 714. The second component, derived from the common law, "insulates from court intervention those management decisions which are made by directors in good faith in what the directors believe is the organization's best interest." *FDIC*

*v. Perry*, No. 11-cv-05561-ODW-MRWX, 2012 WL 589569, at *3 (C.D. Cal. Feb. 21, 2012) (quoting *Berg & Berg*, 178 Cal. App. 4th at 1045); *see also Gaillard v. Natomas Co.*, 208 Cal. App. 3d 1250, 1263 (1989).

The FDIC is entitled to judgment as a matter of law that officers of a California corporation are not shielded by the business-judgment rule.  Courts applying California law have unanimously held that corporate officers are not entitled to protection under either component of the business-judgment rule, regardless of which party ultimately has the burden of proof at trial. *FDIC v. Switzer*, No. 13-cv-03834-RS, 2014 WL 12696532, at *2 (N.D. Cal. Apr. 9, 2014) ("California's business judgment rule applies only to corporate directors and not to officers . . . ."); *FDIC v. Faigin*, No. 12-cv-03448-DDP-CWX, 2013 WL 3389490, at *11 (C.D. Cal. July 8, 2013) (rejecting "Defendants['] argu[ment] that the court should apply the common law business judgment rule to officers as well as directors"); *FDIC v. Reis*, No. 12-cv-02212-JST-ANX, 2013 WL 12126777, at *5 (C.D. Cal. Sept. 5, 2013) (same); *FDIC v. Van Dellen*, No. 10-cv-04915-DSF-SHX, 2012 WL 4815159, at *6 (C.D. Cal. Oct. 5, 2012) (same); *Perry*, 2012 WL 589569, at *3 (same); *Hawker*, 2012 WL 2068773, at *6–7 (same); *1st Valley Credit Union v. Bland*, No. 10-cv-01597-GW-MANX, 2010 WL 8757250, at *6 (C.D. Cal. Dec. 20, 2010) (same); *Gaillard*, 208 Cal. App. 3d at 1266 (explaining that "judicial deference afforded under the business judgment rule . . . should not apply" to individuals "not 'perform[ing] the duties of a director' . . . but . . . acting as officer[s]" (second alteration in original) (quoting Cal. Corp. Code § 309(a)).

The Trust asks the Court to ignore the reasoned analysis of the half-dozen California courts that have previously shut the door on its argument because the California Supreme Court has not yet ruled on this issue.  *See* Opp. at 13–14.  Citing a flurry of cases for the general proposition that California courts often take guidance from their counterparts in Delaware on issues of corporate law, the Trust postulates that "California's Supreme Court would likely follow Delaware," which it contends has recently "applied the business judgment rule or a similar standard to officers."  *Id.* (first citing *S & A Biotech Invs., LLC v. Baruch*, No. 23-cv-024775, 2003 WL 22222206, at *4 n.5 (Cal. Ct. App. Sept. 16, 2003), then citing *Foley v. Session Corp.*, 345 A.3d 537, 560 (Del. Ch.

2025)).  The Trust's argument, layering extrapolation upon extrapolation, is simply a bridge too far.

There was also some discussion at the hearing regarding the extent to which California Corporations Code § 309 codifies the common-law business judgment rule, an issue which California courts have not yet fully settled.  *See* Tr. at 8:14–25.  Regardless of whether or not the legislature intended to codify California's common-law business judgment rule, however, the Court agrees with the FDIC that neither the statute (whose language is limited to directors) nor the common law has ever been found to apply to officer conduct.  Reply at 5 (citing *Faigin*, 2013 WL 3389490, at *11; *Perry*, 2012 WL 589569, at *4).   In light of the purpose, context, and history of California's business-judgment rule, the Court agrees with the FDIC that the rule is limited to corporate directors, and there is no reason to believe that the California Supreme Court would rule otherwise, especially considering the unambiguous language of section 309.

The Court accordingly GRANTS the FDIC's request for partial summary judgment that the conduct of the Holding Company and Bank's officers is not protected by the business-judgment rule.

## B.  Mitigation

The FDIC also argues that it is entitled to partial summary judgment that it did not fail to mitigate damages because the Trust failed to identify any failure to mitigate argument in response to the FDIC's interrogatory requests and cannot point to any evidence in the record showing that the FDIC unreasonably refused or failed to mitigate damages.  Mot. at 14–16.  Identifying a single paragraph in one of the Trust's rebuttal expert reports opining that "[t]he FDIC's decision to sell some securities while re-securitizing others suggests that the FDIC had discretion over whether and when to sell the securities," ECF No. 263-11 ¶ 106, the FDIC requests that the Court preclude the Trust from arguing at trial that the FDIC failed to mitigate damages.  The Trust responds that this request is an improper attempt to strike a portion of its rebuttal expert's report, which in any case is directed to the issue of causation, not mitigation.  Opp. at 19.

Happily, the Parties do not actually dispute much on this issue.  The Trust has stated that it is not asserting failure to mitigate, and the FDIC requests that the Trust be held to its word at trial.

United States District Court
Northern District of California

As explained on the record, the issue whether the portion of the expert report identified by the Parties is otherwise admissible is simply not before the Court at this time.

The Court accordingly GRANTS the FDIC's request for partial summary judgment that the Trust may not assert failure to mitigate as an affirmative defense.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The FDIC's motion for partial summary judgment is GRANTED.

(2) California's business-judgment rule does not apply to the conduct of the Holding Company and Bank's officers.  Officer conduct is subject to an ordinary negligence standard.

(3) The Trust is precluded from asserting that the FDIC failed to mitigate its damages.

(4) This order terminates ECF No. 263.

Dated:  February 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge

8