**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SVB FINANCIAL TRUST,

          Plaintiff,

      v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SILICON VALLEY BANK, et al.,

          Defendants.

Case No.  5:24-cv-01321-BLF

**ORDER REGARDING SEALING
MOTIONS**

[Re: ECF Nos. 295, 301]

Before the Court are two administrative motions to file under seal:

(1) Defendants move to file under seal the entirety of the seventeen expert reports appended to the Parties' Joint Pretrial Statement per the Court's Standing Order, *see* Standing Order re Civil Bench Trials § III.A.1.  ECF No. 295 ("PTC Mot.").  Plaintiff opposes the motion.  ECF No. 303 ("PTC Opp.").  The motion is GRANTED.

(2) Defendants move to file under seal the entirety of the three expert reports appended to Defendants' motions in limine.  ECF No. 301 ("MIL Mot.").  Plaintiff opposes the motion.  ECF No. 304 ("MIL Opp.").  The motion is DENIED.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

United States District Court
Northern District of California

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79; *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (holding that a "district court erred by failing to apply the 'compelling reasons' standard"); *Finjan, Inc. v. Juniper Network, Inc.*, No. 17-cv-05659-WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021) (applying compelling reasons standard to a *Daubert* order).

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.    DISCUSSION

### A.  PTC Motion

Defendants' administrative motion seeks to seal the seventeen expert reports appended to the Parties' pretrial statement in their entirety.  Defendants argue that the expert reports are not judicial documents (and hence no right of public access attaches to them), and that, in any case, there exist good cause and compelling reasons to seal them in their entirety.  PTC Mot. at 3–5.

Plaintiff opposes the motion on the ground that it is not narrowly tailored and that the "compelling reasons standard applies to these expert reports because they are 'related to the merits of the case.'"  PTC Opp. at 3 (quoting *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017)).

The expert reports are judicial documents.  To the extent that Defendants argue that the expert reports are not "relevant to the performance of the judicial function and useful in the judicial process," the Court disagrees.  PTC Mot. at 3 (quoting *United States v. Carpenter*, No. 14-cr-00309-GEB, 2018 WL 3739064, at *1 (E.D. Cal. Aug. 6, 2018)).  The Parties attached these experts pursuant to the Court's Standing Order requiring "a list of all witnesses likely to be called at trial" and, for expert witnesses" an attachment of "the expert's curriculum vitae and report (if any)."  Standing Order re Civil Bench Trials § III.A.1.  The expert reports of witnesses who are likely to testify at the upcoming bench trial are self-evidently relevant to these proceedings.

The good cause standard applies.  "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."  *Kamakana*, 447 F.3d at 1180 (citation omitted); *see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (finding the presumption of access to judicial records does not apply to documents filed with a non-dispositive motion).  The Court does not find, as Plaintiff appears to suggest, that the expert reports are case dispositive.  The documents are not attached to a motion, let alone a dispositive one.  Based on the Court's review of the Parties' filings and the relative burden to the Parties, the Court finds that Defendants have shown good cause to seal the documents.

**B.  MIL Motion**

Defendants' administrative motion seeks to seal the three expert reports appended to the Defendants' MILs in their entirety.  Defendants rely on the same arguments as their PTC motion.  MIL Mot. at 1.  Plaintiff opposes the motion on the same grounds.  MIL Opp. at 1.

Unlike the attachments to the PTC, these expert reports are directly pertinent to the Defendants' motions in limine, which seek to limit the evidence and argument that Plaintiff may present at trial and are accordingly potentially dispositive.  Defendants accordingly must show that

United States District Court
Northern District of California

3

United States District Court
Northern District of California

there are compelling reasons to grant the sealing motion. *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-03260-BLF, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying compelling reasons standard to sealing motion filed in connection with motion in limine briefing). The Court agrees with Plaintiff that Defendants' motion is not sufficiently narrowly tailored. *Bold Ltd. v. Rocket Resume*, Inc., No. 22-cv-01045-BLF, 2024 WL 1329921, at *3-4 (N.D. Cal. Mar. 27, 2024) (explaining that a request to seal an entire expert report failed the compelling reasons standard). "Furthermore, Defendants improperly rely on the 'good cause' standard, and should instead rely on the 'compelling reasons' standard." *Unicorn Energy GmbH v. Tesla Inc.*, No. 21-cv-07476-BLF, 2024 WL 497176, at *1 (N.D. Cal. Jan. 24, 2024).

## III.     ORDER

The Court GRANTS the PTC Motion (ECF No. 295) and DENIES the MIL Motion (ECF No. 301). The Court ORDERS the following to remain under seal.

| ECF No. | Document | Portion to Seal | Reason |
|---|---|---|---|
| 295-3 | Warman Report | Entire Document | GRANTED: Confidential Bank and FDIC-R records the disclosure of which would harm the FDIC and documents designated as confidential by third-parties. |
| 295-4 | Warman Rebuttal | Entire Document | |
| 295-5 | Jackson Report | Entire Document | |
| 295-6 | Jackson Supplemental | Entire Document | |
| 295-7 | Steckel Report | Entire Document | |
| 295-8 | Davis Report | Entire Document | |
| 295-9 | Davis Rebuttal | Entire Document | |
| 295-10 | Watkins Report (PTC) | Entire Document | |
| 295-11 | Watkins Rebuttal | Entire Document | |
| 295-12 | Badawi Rebuttal | Entire Document | |
| 295-13 | Hubbard Report (PTC) | Entire Document | |
| 295-14 | Hubbard Rebuttal (PTC) | Entire Document | |
| 295-15 | Hubbard Supplemental | Entire Document | |
| 295-16 | Malek Damages Report | Entire Document | |
| 295-17 | Malek Valuation Report | Entire Document | |
| 295-18 | Malek Rebuttal | Entire Document | |
| 295-19 | Malek Supplemental | Entire Document | |
| 301-3 | Hubbard Report (MILs) | Entire Document | DENIED: Request is not narrowly tailored. |

| 301-4 | Hubbard Rebuttal (MILs) | Entire Document | |
| 301-5 | Watkins Report (MILs) | Entire Document | |

Defendants may re-file the MILs Motion within one week of the date of this order.

**IT IS SO ORDERED.**

Dated:  May 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge