KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
MAYA JAMES - # 318554
mjames@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiff
SVB FINANCIAL TRUST

DAVIS POLK & WARDWELL LLP
ELLIOT MOSKOWITZ (pro hac vice)
elliot.moskowitz@davispolk.com
CHRISTINA COSTELLO (pro hac vice)
christina.costello@davispolk.com
450 Lexington Avenue
New York, NY 10017
Telephone:     212 450 4000

DAVIS POLK & WARDWELL LLP
JONATHAN K. CHANG - # 355907
jonathan.chang@davispolk.com
900 Middlefield Road
Redwood City, CA 94063
Telephone:     650 752 2000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>        Defendants. | Case No. 5:24-cv-01321-BLF<br><br>**SVB FINANCIAL TRUST'S MOTION TO EXCLUDE THE OIG REPORT (TX 1458) AND THE DFPI REPORT (TX 1457)**<br><br>Date       July 10, 2026<br>Time:      8:30 a.m.<br>Dept.:     Courtroom 1 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: March 5, 2024<br><br>Trial Date: June 29, 2026 |

During the testimony of the Trust's expert, James Watkins, the FDIC seeks to introduce for its truth the Federal Reserve's Office of the Inspector General's September 25, 2023 "Material Loss Review of Silicon Valley Bank" (the "OIG Report") and the California Department of Financial Protection and Innovation's May 8, 2023 "Review of DFPI's Oversight and Regulation of Silicon Valley Bank," in addition to the Barr Report, Dkt. 377. As with the Barr Report, the OIG and DFPI Reports are self-serving, hindsight evaluations, and they should be excluded from evidence due to three fatal evidentiary defects. TX 1457; TX 1458.[1] ***First***, no witness can lay the foundation necessary to admit either report into evidence. ***Second***, both reports are inadmissible hearsay, and no hearsay exception applies. ***Third***, the Court should exclude both reports under Rule 403 because any probative value is substantially outweighed by the danger of hindsight contamination. Notably, although proffered for their purported relevance to the conduct of the Bank and Holding Company's officers and directors, neither report provides any indication that any of the Bank's directors, officers, or employees were interviewed or otherwise provided the opportunity to contribute to, review, or comment on either report's findings.

## I.  ARGUMENT

### A.  No witness can lay the foundation for the OIG Report or DFPI Report.

No witness can lay the foundation necessary to admit the OIG Report or DFPI Report. FDIC's witness list does not include any of the OIG or DFPI staffers involved in drafting either report. Dkt 294-1. Indeed, no fact witness possesses personal knowledge regarding either report's preparation, methodology, or observations. Nor can Mr. Watkins lay the requisite foundation, either. Analogous to the fact witnesses in this matter, Mr. Watkins has never been employed by the OIG or DFPI, and he did not contribute to either report in any fashion. Because no witness has insight into how the two reports were prepared, the Court should exclude both for lack of foundation.

### B.  The OIG and DFPI Reports are inadmissible hearsay.

The OIG Report and DFPI Report are also inadmissible hearsay, and no exception applies.

---

[1] The version of the OIG Report that FDIC intends to offer into evidence omits 26 pages and is not a true and correct copy of the Report.

The only possible hearsay exception is Rule 803(8)'s public records exception—but, as relevant here, Rule 803(8) provides that, irrespective of whether a report sets out "factual findings from a legally authorized investigation," such a report is inadmissible if the opponent demonstrates that "the source of information or other circumstances indicate a lack of trustworthiness." The trustworthiness inquiry is guided by an analysis of four nonexclusive factors: (1) "the timeliness of the investigation;" (2) "the special skill or experience of the official;" (3) "whether a hearing was held and the level at which conducted;" and (4) "possible motivation problems." Fed. R. Evid. 803 advisory committee's note to 1972 rule; *see Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 n.11 (1988) (endorsing Advisory Committee note). A party opposing the admission of a document under Rule 803(8)(B) need not prove that all four *Beech* factors are satisfied. Rather, the opponent must "com[e] forward with enough negative factors to persuade a court that a report should not be admitted." *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010) (quoting *Johnson v. City of Pleasanto*n, 982 F.2d 350, 352 (9th Cir.1992)).

Here, the *Beech* factors underscore both reports' lack of trustworthiness. The OIG Report's half-page discussion of its "Scope and Methodology" provides virtually no insight into how it was prepared, TX 1458 at 24, and the DFPI Report's similarly cursory one-page methodological appendix fares no better, TX 1457 at 64. Neither report provides an index or substantive description of the documents the agencies deemed "relevant" to their investigations. Moreover, while the OIG Report states that the OIG interviewed "25 Board and FRB San Francisco officials and staff," it does not identify those individuals, explain how they were selected, disclose whether any relevant witnesses declined or were unavailable for interviews, or describe how the interviews were conducted. TX 1458 at 24. Likewise, the DFPI Report states only that it interviewed unnamed "DFPI examiners and managers." TX 1457 at 64. This methodological opaqueness leaves the Court with no basis to assess the thoroughness or balance of either agency's investigation and undermines their reliability.

Regarding the OIG Report, even if it qualified for the public records hearsay exception (it does not), to the extent FDIC intends to introduce for their truth portions of the OIG Report that summarize interviews or otherwise convey third party statements, such statements are

SVB FINANCIAL TRUST'S MOTION TO EXCLUDE THE OIG AND THE DFPI REPORTS
Case No. 5:24-CV-01321-BLF

6243995

inadmissible "multiple hearsay." Statements by individuals interviewed by OIG staffers or other third parties are not admissible for their truth merely because they are incorporated into a report that generally qualifies for the public records hearsay exception. *See, e.g.*, *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011); *United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997) (same). Because FDIC has not (and cannot) meet its burden of proving that a separate hearsay exception applies to these third-party statements or interview summaries, they are inadmissible for their truth.

### C.  The OIG and DFPI Reports are more prejudicial than probative.

Finally, both reports should be excluded under Rule 403. Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The danger of unfair prejudice and wasting time substantially outweigh any probative value of either report.

Admitting the post-closure OIG and DFPI Reports would introduce improper hindsight bias—a point both reports concede. TX 1458 at 15 (post-closure nature of Report introduces "the benefit of hindsight"); TX 1457 at 52 (same). FDIC's remaining affirmative defenses must be evaluated based on the information available to the directors and officers *at the time the alleged decisions were made*. An after-the-fact report prepared under circumstances incentivizing blame-shifting for the Bank's closure to Bank leadership—and in the case of the OIG Report, blame-shifting to Bank leadership for losses to the Deposit Insurance Fund—do not aid that evaluation: it cannot supply any information about the context in which decisions were made. The dangers of admitting the OIG and DFPI Reports far outweigh any probative value, and the Court should exclude both reports under Rule 403.

SVB FINANCIAL TRUST'S MOTION TO EXCLUDE THE OIG AND THE DFPI REPORTS
Case No. 5:24-CV-01321-BLF

6243995

Dated:  July 9, 2026                                KEKER, VAN NEST & PETERS LLP


By:    */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
JAN NIELSEN LITTLE
JULIA L. ALLEN
MAYA JAMES

Attorneys for Plaintiff
SVB FINANCIAL TRUST

SVB FINANCIAL TRUST'S MOTION TO EXCLUDE THE OIG AND THE DFPI REPORTS
Case No. 5:24-CV-01321-BLF

6243995