Stephen Sorensen (Bar No. 199408)
Elliott McGraw (Bar No. 275613)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Phone: (202) 463-2101
E-mail: ssorensen@baileyglasser.com
E-mail: emcgraw@baileyglasser.com

Lawrence H. Heftman (admitted *pro hac vice*)
David C. Giles (admitted *pro hac vice*)
Michael K. Molzberger (admitted *pro hac vice*)
**ARENTFOX SCHIFF LLP**
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
E-mail: lawrence.heftman@afslaw.com
E-mail: david.giles@afslaw.com
E-mail: michael.molzberger@afslaw.com

*Counsel to the Federal Deposit Insurance*
*Corporation as Receiver for Silicon Valley Bank*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK AND SILICON VALLEY BRIDGE BANK, N.A.,<br><br>    Defendants. | Case No. 5:24-cv-01321-BLF<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SILICON VALLEY BANK'S MOTION TO ADMIT GOVERNMENT REPORTS**<br><br>Date Filed: March 5, 2024<br>Trial Date: June 29, 2026<br>Judge: Hon. Beth L. Freeman |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank ("FDIC-R") moves to admit the "Review of the Federal Reserve's Supervision and Regulation of Silicon Valley Bank" by the Board of Governors of the Federal Reserve System (the "Barr Report") (TX1456), the "Review of DFPI's Oversight and Regulation of Silicon Valley Bank" by the California Department of Financial Protection and Innovation (the "DFPI Report") (TX1457), and the "Material Loss Review of Silicon Valley Bank" by the Board of Governors of the Federal Reserve System (the "OIG Report") (TX1458) (collectively, the "Reports"). The Court should admit the Reports because as public records, they are excepted from the hearsay rules under Rule 803(8) and because SVB Financial Trust ("the Liquidating Trust") has opened the door to their admission. These Reports also were reviewed or considered by the Liquidating Trust's expert.

### I.      The Three Reports are Public Records.

The first report at issue is the OIG Report, which is a mandatory report required under 12 U.S.C. § 1831o(k) by the Office of Inspector General of a federal supervisory banking agency (here the Federal Reserve) within six months of a bank failure resulting in losses of more than $50 million to the Deposit Insurance Fund. The Liquidating Trust's own expert concedes that the OIG Report is "independent" and reliable. (Watkins Dep. Tr. at 86:8-17.) The second report is the DFPI Report, which like the OIG report provides a "comprehensive review of the circumstances leading up to the liquidation of SVB" (TX1457 at 6) by the Bank's state regulator. Cal. Fin. Code section 500; *see* TX1457 at 63. The third report is the Barr Report, which was prepared by the Vice Chairman of Supervision at the Federal Reserve after he investigated regulators' supervision of the Bank, and which was published by the Federal Reserve.

Many cases have recognized that official government investigative reports similar to the Reports are public records under Rule 803(8)(A). *See Farmers & Merchants Nat. Bank v. Bryan*, 902 F.2d 1520, 1523 (10th Cir. 1990) (admitting reports completed by the Office of the Comptroller of the Currency that were "highly critical of the lending practices" at the bank in question as public records under Rule 803(A)(C)); *Penny v. City of Los [Angeles]*, CV207211DMGMAAX, 2022 WL 2069132, at *2 (C.D. Cal. May 9, 2022) (generally noting that

"OIG Reports satisfy the public records exception to the hearsay rule"); *see also United States v. Gluk*, 831 F.3d 608, 613 (5th Cir. 2016) (memos and a clawback complaint authored by SEC employees were public records because they had been transmitted to others outside the SEC or filed by the SEC); *Keith v. Volpe*, 858 F.2d 467, 482 (9th Cir. 1988) (summary of information retained by the California Department of Transportation not required by law but still a public record because it was "routinely gathered in the regular course of business under authority granted by law").

Under Rule 803(8), a "record or statement of a public office" is admissible if it sets out factual findings from a legally authorized investigation under Rule 803(8)(A) and the opponent of the statement "does not show the source of information or other circumstances indicate a lack of trustworthiness" under Rule 803(8)(B). Here the Liquidating Trust's only argument is "lack of trustworthiness," and it cannot carry its burden.

Lack of trustworthiness requires the Liquidating Trust to "com[e] forward with enough negative factors to persuade [the] court that a report should not be admitted." *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992). "This rule is 'premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports.'" *Id.* at 352-53. Relevant factors in assessing trustworthiness include "(1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; (4) and possible motivation problems." Fed. R. Evid. 803, cmt. c.

The Liquidating Trust has not identified any motivation problems with any of the Reports, and the Reports were timely prepared by experienced officials and published by the respective government agencies. All three Reports were prepared within weeks or months (in the case of the OIG Report) of the Bank's failure, and Mr. Barr advised Congress in sworn testimony that he was preparing his report and then submitted the report to Congress. As stated above, both the OIG and DFPI Reports were prepared pursuant to statutory authority while the Barr Report was a publicly published review of an internal investigation into regulators' performance of their statutory responsibilities. All three Reports have been published on the respective agencies' websites,

indicating that the agencies have adopted the reports.

**II.    The Liquidating Trust has Opened the Door to Admission of the Reports.**

The Liquidating Trust is offering an expert, Mr. Watkins, who purports to *interpret* the regulators' pre-failure reports while simultaneously attempting to block the Court from considering the regulators' *actual* post-failure conclusions about their supervision of the Bank and Holding Company. By offering Mr. Watkins' testimony and making these arguments, the Liquidating Trust has "opened the door" to evidence that disproves his contentions, including the Reports.

The Reports—completed by the *actual* regulators of the Bank and Holding Company (not an outside paid expert)—are inconsistent with the Liquidating Trust's proposed expert testimony that regulators engaged in rigorous supervision, that the ratings indicated the Bank and Holding Company were operated appropriately, and that the Holding Company and Bank's supervisory criticisms were modest or being addressed. For example, the Barr Report concludes that "supervisors did not fully appreciate the extent of the vulnerabilities as Silicon Valley Bank grew in size and complexity," and "[w]hen supervisors did identify vulnerabilities, they did not take sufficient steps to ensure that Silicon Valley Bank fixed those problems quickly enough." (TX1456 at 1.) Similarly, the OIG Report concludes that "insufficient allocation of resources and hours constrained what the [] examination team could cover," that examiners "did not conduct an IRR review despite warnings about the risks of rising interest rates," and that "examiners did not sufficiently scrutinize the effect of rising interest rates on HTM investment securities." (TX1458 at 17, 21.) The DFPI Report likewise states that "SVB was slow to remediate regulator-identified deficiencies," "regulators did not take adequate steps to ensure SVB resolved problems as fast as possible," and "SVB's unusually rapid growth was not sufficiently accounted for in risk assessments." (TX1457 at 6-7.)

Because the analysis from the actual regulators refutes Mr. Watkins's conclusions, the Court should consider it so that there is not an incomplete or misleading picture of the supervisory history of the Holding Company and Bank.

Dated: July 9, 2026

By: /s/ *Lawrence H. Heftman*
Lawrence H. Heftman

One of the Attorneys for the Federal
Deposit Insurance Corporation as
Receiver for Silicon Valley Bank