KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
MAYA JAMES - # 318554
mjames@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff
SVB FINANCIAL TRUST

DAVIS POLK & WARDWELL LLP
ELLIOT MOSKOWITZ (pro hac vice)
elliot.moskowitz@davispolk.com
CHRISTINA COSTELLO (pro hac vice)
christina.costello@davispolk.com
450 Lexington Avenue
New York, NY 10017
Telephone:    212 450 4000

DAVIS POLK & WARDWELL LLP
JONATHAN K. CHANG - # 355907
jonathan.chang@davispolk.com
900 Middlefield Road
Redwood City, CA 94063
Telephone:    650 752 2000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SVB FINANCIAL TRUST,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Silicon
Valley Bank and Silicon Valley Bridge Bank,
N.A.,

Defendants.

Case No. 5:24-cv-01321-BLF

**SVB FINANCIAL TRUST'S MOTION TO
LIMIT REBUTTAL EXPERT
TESTIMONY**

Date:          July 14, 2026
Time:          8:30 a.m.
Dept.:         Courtroom 1 – 5th Floor
Judge:         Hon. Beth Labson Freeman

Date Filed: March 5, 2024

Trial Date: June 29, 2026

Having called Scott Warman as its expert and second witness in its case-in-chief, the FDIC now seeks to bring him back in its rebuttal case. The Court should limit Mr. Warman to testimony that properly counters the testimony of the Trust's expert, James Watkins, and should not permit him to testify on matters that could and should have been presented in the FDIC's case-in-chief.

## I.     LEGAL STANDARD

Rebuttal experts are limited to offering opinions rebutting and refuting the theories set forth by the opposing expert. *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (rebuttal evidence "may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief").

Moreover, "[r]ebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief." *Daly v. Far Eastern Shipping Co.*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003) (citing *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999). "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry." *Faigin*, 184 F.3d at 85.

## II.     ARGUMENT

As counsel for the FDIC conceded, the FDIC has concluded its case-in-chief. Trial Tr. 1519:17-1521:22. Accordingly, only its rebuttal case—and its single rebuttal expert Mr. Warman—are left. Mr. Warman's rebuttal report was limited to rebutting the opinions of the Trust experts Professor Hubbard and Mr. Watkins. The Trust did not call Professor Hubbard to testify; accordingly, Mr. Warman should not be permitted to testify about his opinions responding to Professor Hubbard's opinions. *Cf. Ellis v. Corizon*, Inc., 2018 WL 6268199, at *5 (D. Idaho Nov. 30, 2018) (explaining plaintiff's rebuttal expert would be foreclosed from testifying if defendants did not present their experts at trial). That leaves only his rebuttal to the opinions of

1

SVB FINANCIAL TRUST'S MOTION TO LIMIT REBUTTAL EXPERT TESTIMONY
Case No. 5:24-CV-01321-BLF

6261685

Mr. Watkins, whose testimony and report were limited in scope to the Holding Company and Bank's regulatory supervision and response to regulatory feedback. *See* Trial Tr. 1672:11-13 (noting that the scope of Mr. Watkins' opinions was "clear" to the Court). Beyond that, Mr. Warman should not be permitted to testify to issues that Mr. Watkins never affirmatively addressed, and which Mr. Warman never raised in his report rebutting him. *See Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *4 (N.D. Cal. March 15, 1995) (explaining rebuttal expert testimony would be "strictly limited to poking holes in the theories of [the other party's] experts"); *OCG Energy, LLC v. Shen*, 2024 WL 694912, at *7 (C.D. Cal. Feb. 12, 2024) (excluding rebuttal expert testimony that was "not properly disclosed" in the expert's report).

To that end, Mr. Warman may not testify (for a second time) on prudential banking standards, and whether the Bank and Holding Company's underlying conduct was prudent, as both were outside the scope of Mr. Watkins' report and testimony. *See, e.g.*, Trial Tr. 1671:5-12. Mr. Warman should likewise be precluded from testifying about William Barr's "Review of the Federal Reserve's Supervision and Regulation of Silicon Valley Bank" (TX 1456) (the "Barr Report") because Mr. Watkins did not rely on or discuss the Barr Report in his report, *see, e.g.*, Trial Tr. 1695:16-22, and the Court has made clear that the Barr Report is admissible solely for the limited purpose of evaluating the credibility of Mr. Watkins' testimony. Trial Tr. 1705:4-16 ("I'm going to admit them for the limited purpose of evaluating the thoroughness and persuasiveness of this expert's testimony . . . [t]hat is the limit to which I'm going to accept them.") Testimony about the Barr Report from Mr. Warman, a non-regulator with no regulatory background, would exceed these narrow purposes.[1]

Finally, it would be improper to permit Mr. Warman to revisit issues that were already presented in his prior testimony. As an example, Mr. Warman testified at length about regulatory criticism of the Bank and Holding Company. *See* Trial Tr. 561:4-563:22, 585:1-13, 586:9-24, 587:21-25, 599:4-14. The FDIC should not be permitted to use Mr. Warman's rebuttal testimony

---

[1] Although the Trust disputes that Mr. Warman is qualified to offer expert testimony on the regulatory record altogether, his qualifications are an issue for the Court to resolve.

SVB FINANCIAL TRUST'S MOTION TO LIMIT REBUTTAL EXPERT TESTIMONY
Case No. 5:24-CV-01321-BLF

6261685

as a "continuation of [its] case-in-chief" by providing "a more detailed and comprehensive explanation of earlier testimony." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) (affirming exclusion of rebuttal expert testimony that revisited issues addressed in prior testimony); *see also Daly*, 238 F. Supp. 2d at 1238 (testimony that "would have constituted a similar attack" as what plaintiff presented in its case-in-chief was not proper rebuttal).

This limitation is especially appropriate here, given that the FDIC was well aware when it presented its case-in-chief of the facts that witnesses have testified to following Mr. Warman's trial testimony: they were all part of the discovery record and raised in the course of fact and expert depositions. *See Faigin*, 184 F.3d at 85 (affirming exclusion of rebuttal testimony where the plaintiff "knew through pretrial discovery that this aspect of the case would be hotly contested"); *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992) (affirming exclusion of proposed rebuttal witness where testimony to be rebutted was known through pretrial depositions); *Daly*, 238 F. Supp. 2d at 1238 (excluding rebuttal witness testimony at trial where plaintiff "knew long before trial" that issues to be addressed in purported rebuttal testimony would be "hotly contested"). Accordingly, FDIC may not now use its rebuttal case to rehash or raise for the first time issues that it could and should have presented in its case-in-chief.

## III.   CONCLUSION

For the foregoing reasons, the Trust asks the Court to limit Mr. Warman to testimony that properly rebuts the testimony of Mr. Watkins.

KEKER, VAN NEST & PETERS LLP

Dated: July 13, 2026

By:   */s/ Robert A. Van Nest*
ROBERT A. VAN NEST
JAN NIELSEN LITTLE
JULIA L. ALLEN
MAYA JAMES

Attorneys for Plaintiff
SVB FINANCIAL TRUST

SVB FINANCIAL TRUST'S MOTION TO LIMIT REBUTTAL EXPERT TESTIMONY
Case No. 5:24-CV-01321-BLF

6261685